Timothy C. Travelstead, Esq. (SBN 215260)
    *t.travelstead@narayantravelstead.com*
Scott C. Ku, Esq. (SBN 314970)
    *s.ku@narayantravelstead.com*
NARAYAN TRAVELSTEAD P.C.
7901 Stoneridge Drive, Suite 230
Pleasanton, CA 94588
Telephone: (650) 403-0150

Attorneys for Plaintiff
HINDU AMERICAN FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION, INC., a Florida Not For Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1 - 50, inclusive,<br><br>Defendants. | Case No.<br><br>**HINDU AMERICAN FOUNDATION'S COMPLAINT FOR:**<br><br>1. **Civil Rights Violations – Free Exercise of Religion**<br><br>2. **Civil Rights Violations – Denial of Procedural Due Process**<br><br>3. **Civil Rights Violations – Denial of Equal Protection** |

The Hindu American Foundation, Inc. (HAF) hereby brings this action for declaratory and injunctive relief against Kevin Kish, sued in his official capacity only, the Director of the California Civil Rights Department (CRD) (formerly known as the Department of Fair Employment and Housing) for violating the First Amendment and Due Process rights of Hindu Americans.

**INTRODUCTION**

The Hindu American Foundation (HAF), the largest and most respected Hindu educational and advocacy institution in North America, acts to protect the religious freedoms of Hindu Americans, and all Americans of faith, from the unconstitutional efforts of the State of California to decide the scope and nature of Hindu religious teachings and practices. The California Civil Rights Department (CRD) is pursuing enforcement actions under the California Fair Employment and Housing Act (FEHA) that wrongly asserts that a caste system and caste-based discrimination are integral parts of Hindu teachings and practices by declaring the caste system to be "a strict Hindu social and religious hierarchy," which requires discrimination by "social custom and legal mandate."

As HAF has consistently maintained throughout its history, a caste system or discrimination on its basis are in no way a legitimate part of Hindu beliefs, teachings, or practices.

HAF vehemently opposes all types of discrimination; and takes great exception to the State of California defaming and demeaning all of Hinduism by attempting to conflate a discriminatory caste system with the Hindu religion.

Worse, California defames Hinduism by doing what the U.S. Constitution says it cannot, assert a government right to resolve questions of religious doctrine. Preventing the government from establishing religious doctrines or interfering with religious practices is as old a principle as the Republic itself. As American courts have recognized since the earliest days of our Constitution, those principles require a clear and unambiguous prohibition on any "civil determination of religious doctrine." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-09, 96 S. Ct. 2372, 2380 (1976).

The wisdom of that principle is reinforced by the complete lack of any objective evidence, law or context in the CRD's assertion. Caste has no legal, social, or cultural definition in the United States, and is not an observable or objectively determinable trait or characteristic. California law and regulations provide no definition or workable method to determine anyone's caste other than its assumption that Hindus of South Asian decent must all necessarily identify as

part of a specific caste and must engage in discrimination based on caste as an "inherent" part of their religious beliefs and practices.

As a result, the CRD's violation of the First Amendment rights of all Hindu Americans also leads to a violation of their due process rights and would likely lead employers to actively discriminate against Hindu and South Asian Americans in order to avoid the undefined maze of legal uncertainty that would be California's caste-discrimination bar. Hindus would effectively lose their due process rights by a state government wrongly labeling part of their religion and ethnic culture as inherently illegal and discriminatory, regardless of the actual tenets of Hinduism and regardless of the evidence or facts of a particular case.

Stopping caste-based discrimination is a worthy goal that directly furthers Hinduism's belief in the equal and divine essence of all people. But wrongly tying Hindu beliefs and practices to the abhorrent practice of caste-discrimination undermines that goal, violates the First Amendment rights of all Hindu-Americans, and can only lead to a denial of due process and equal protection to Americans based on their religious affiliation and national origin.

## PARTIES

1.      Plaintiff Hindu American Foundation is the largest and most respected Hindu educational and advocacy institution in North America.

2.      Defendant Kevin Kish, sued in his official capacity only, is the Director of the California Civil Rights Department.[1] In his official capacity, Mr. Kish is charged with enforcing California's civil rights, employment and housing laws. The main office of the California Civil Rights Department is located in Elk Grove, California, within the Eastern District of California.

## JURISDICTION AND VENUE

3.      The Hindu American Foundation brings this action under 42 U.S.C. Section 1983, which provides that "[e]very person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

---

[1] Formerly known as the California Department of Fair Employment and Housing (DFEH).

other proper proceeding for redress." Therefore, this Court has jurisdiction over this matter under 28 U.S.C. Section 1331.

4.      Venue is proper in this judicial district under 28 U.S.C. Section 1391(b)(1), which provides that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Defendant Kevin Kish, sued in his official capacity as the Director of the California Civil Rights Department, resides in this district and is a resident of the State of California, specifically located in Elk Grove, California, Sacramento County.

## FACTUAL BACKGROUND

5.      Established in 2003, the Hindu American Foundation is the nation's largest Hindu education and advocacy organization. As a non-partisan group that is not affiliated with any other religious or political organization, HAF works with a wide range of people and groups that are committed to promoting dignity, mutual respect, and pluralism, working across all sampradaya (Hindu religious traditions) regardless of race, color, national origin, citizenship, ancestry, gender, sexual orientation, age and/or disability.

### Hinduism Teaches the Inherent Equal Worth of All Persons

6.      As the world's oldest religion with over 1.2 billion adherents, Hinduism represents a broad, pluralistic family of traditions. Its diversity is bound together by certain ancient, core teachings, not a single spiritual founder, authority or book.

7.      The core of Hinduism lies in its assertion that the divine is equally present in all, and that this divinity is the ultimate, eternal, omnipresent reality and reflected through the immortal, individual Self or Pure Consciousness, which takes form through a cycle of birth and rebirth or reincarnation. This inherent divinity leads Hindus to understand the purpose of human life and means to flourishing as a quest for: (i) goodness or societal well-being (Dharma); (ii) material prosperity and security (Artha); (iii) mental and physical happiness (Kama); and (iv) wholeness or spiritual freedom (Moksha).

8.      Moreover, as a result of this shared divinity, Hinduism asserts a moral obligation (Dharma) to ensure that one's thoughts, words, and actions (Karma) uphold values like truth,

non-injury, compassion, equanimity, generosity, and equal regard in order to honor the divine in all. Developed over millennia through the meditations, experiences, and spiritual practices of its sages, teachers, lay leaders, and practitioners, Hinduism represents a broad and diverse faith, with each of the over 1.2 billion Hindus' understanding its wisdom based on their own study, practice, and experience of its precepts.

**CRD Pursues Enforcement Actions Against Hindu Americans Based On Inaccurate and Racist Colonial Views of Hinduism**

9.     The CRD is actively pursuing religious discrimination enforcement actions against Hindu Americans in California State Court based on the inaccurate, colonial assertion that Hindu beliefs and practices include a discriminatory caste system. In its enforcement action filed in California Superior Court for the County of Santa Clara, Case No. 20CV372366, the CRD alleges that a caste system is "a strict Hindu social and religious hierarchy," which requires discrimination by "social custom and legal mandate" and that Hindu Americans, therefore, adhere to this strict and discriminatory religious hierarchy in violation of the California Fair Employment and Housing Act. **(Exhibit A – CRD/DFEH State Complaint, ¶¶ 1-4.)**

10.     The CRD's Complaint makes claims about Hinduism not from Hinduism's deep and diverse history teaching the equal and divine value of all, but rather in the misinformed and misrepresentative assertions about Hinduism by Western European colonial occupation. Looking for tools to control the indigenous population that greatly outnumbered it, British colonial occupation defined Hinduism not based on the Hindu peoples' own understandings of Hinduism's precepts and practices, but rather on the British's own 18th and 19th century belief in their superiority over non-white, non-Christian peoples outside of Europe.

11.     The British colonial government latched onto existing, non-uniform, highly localized social and cultural divisions within Indian society and combined it with then-prevailing racist theories to devise a four-fold pan-Indian caste system to use to control the occupied. This British-created system reflected their own 19th century views on race, postulating that "upper castes" consisted of light-skinned, "more evolved" Caucasians or Indo-Europeans who, after

invading the Indian subcontinent, relegated the indigenous, "inferior" and "less evolved" darker-skinned people to the "lower castes."

12.     The CRD's depiction of the caste system is rooted in this British-created tool of colonial control, a tool arising out of 19th Century British racist imperialism. It is not based on any universal understanding among Hindus about their own beliefs and traditions, nor the actual ways in which Indian communities functioned.

### DFEH Has No Role in Defining Hinduism

13.     Regardless of the source of the CRD's misunderstandings about Hindu beliefs and practices, the CRD and the State of California cannot define or act upon assertions of Hindu beliefs and practices that Hinduism itself disclaims. Just as Catholics are free to define Catholicism and Muslims are free to define Islam, it is for Hindus alone to define Hinduism, and the CRD and the State of California cannot, as it seeks to here, adopt a legal definition of Hinduism that incorrectly includes caste, a caste system and caste-based discrimination.

14.     The CRD and the State of California are attempting to define Hinduism against the beliefs of an overwhelming number of its own adherents, in direct violation of the constitutional right to the free exercise of religion. It is attempting to chain Hinduism to discriminatory practices abhored by and rejected by the vast majority of Hindu Americans.

15.     And in doing so, the State of California is violating the First Amendment and due process rights of all Hindu Americans.

### The CRD's Approach Undermines Efforts to End Caste-Based Discrimination

16.     By wrongly attempting to define Hinduism to include caste, the CRD would actually require the very discrimination that it seeks to ban.

17.     The Religious Freedom Restoration Act prohibits the federal government from taking any action that would "substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the government can show a compelling government interest in doing so. 42 U.S.C. § 2000bb-1. Title VII requires an employer to reasonably accommodate the religious beliefs of its employees unless the employer can

demonstrate that doing so would impose an undue hardship. 42 U.S.C. § 2000e(j). The California Fair Employment and Housing Act, likewise, requires employers to accommodate religious beliefs. Cal. Gov. Code § 12940(l)(1).

18.     The CRD's enforcement actions assert, as a legally-binding principle of law necessary to their religious discrimination claim, that caste discrimination is a religious belief and practice under Hinduism. Must an employer then accommodate requests for caste discrimination from employees as a religious accommodation?

19.     California would doubtless answer no, because FEHA states that employers are not required to accommodate religious beliefs "under this subdivision if it would result in a violation of this part or any other law prohibiting discrimination or protecting civil rights." Cal. Gov. Code § 12940 subd. (l)(3).

20.     But caste discrimination is not barred by any part of any other California law or regulation. The Fair Employment and Housing Act prohibits discrimination based on: "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." Cal. Gov. Code § 12940 subd. (a). Similar facially neutral and generally applicable categories are listed in California's other civil rights statutes. See Cal. Gov. Code §§ 11135, 12940; Civ. Code § 51. Nowhere does Title VII or FEHA, their regulations, or any other provision of federal or California law bar caste discrimination.

21.     In seeking to declare caste an inherent part of Hindu religious beliefs, teachings, and practices, employers might arguably be required to accommodate an employee's request not to work with someone the employee believes to be of the "wrong" caste. An employer might also arguably have to accommodate an employee's request not to be supervised by, or to supervise, persons perceived to be of the "wrong" caste, even where no other employee identifies with that or any caste or has any personal belief in or understanding of a caste system or where other employees lack the ability to recognize or identify different castes.

22.     By wrongly claiming that caste, a caste system and caste-based discrimination are an inherent part of Hindu religious belief and practice, the CRD would actually seem to encourage and possibly even require, employers to engage in the very discrimination that they purportedly seek to bar.

**FIRST CLAIM FOR RELIEF**

**Civil Rights Violations - Free Exercise of Religion**

42 U.S.C. § 1983

23.     HAF incorporates the preceding paragraphs as if they were repeated in full herein.

24.     HAF has associational standing to bring this claim on behalf of its Hindu American members.

25.     HAF seeks relief under 42 U.S.C. § 1983, which prohibits any person, under color of law, from depriving others of their rights, privileges or immunities secured by the Constitution of the United States.

26.     In filing enforcement actions based on the inaccurate assertion that caste, a caste system and caste-based discrimination are an inherent part of Hindu religious belief and practice, the California Civil Rights Department has acted under color of state law.

27.     Under the First Amendment to the United States Constitution, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const., 1st Amend. "To be sure, the Free Exercise Clause bars 'governmental regulation of religious beliefs.  '" *Gillette v. United States*, 401 U.S. 437, 462, 91 S. Ct. 828, 842 (1971); *quoting Sherbert v. Verner*, 374 U.S. 398, 402 (1963). "If the purpose or effect of a law is to impede the observance of one or all religions or is to discriminate invidiously between religions, that law is constitutionally invalid even though the burden may be characterized as being only indirect." *Braunfeld v. Brown*, 366 U.S. 599, 607 (1961) (opinion of Warren, C. J.); *quoted in Sherbert, supra*, 374 U.S. at 402. Neither federal nor state governments can interfere with Americans' free-exercise rights. *Cantwell v. Connecticut*, 310 U.S. 296 (1940).

28.     Laws violate the Free-Exercise Clause of the First Amendment when they "impose special disabilities on the basis of religious status." *Espinoza v. Mont. Dep't of Revenue*,

___U.S.___ [140 S.Ct. 2246, 2254-2255, 207 L.Ed.2d 679, 689-690] (2020); *citing Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S.___ [137 S.Ct. 2012, 2016, 198 L.Ed.2d 551, 555] (2017); *see also Cantwell v. Connecticut*, 310 U. S. 296, 303 (1940).

29.     By acting under color of state law to wrongly define Hindu beliefs, teachings and practices to include an abhorrent practice of discrimination, the California Civil Rights Department has violated the Free-Exercise rights of Hindu Americans by seeking to legally define their religious beliefs and by imposing special disabilities on the basis of religion by wrongly claiming that Hindus believe in and participate in a discriminatory caste system.

30.     As a result, HAF prays for the judgment and relief set forth below.

## SECOND CLAIM FOR RELIEF

### Civil Rights Violations - Denial of Procedural Due Process

42 U.S.C. § 1983

31.     HAF incorporates the preceding paragraphs as if they were repeated in full herein.

32.     HAF has associational standing to bring this claim on behalf of its Hindu American members.

33.     "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox TV Stations, Inc.*, 567 U.S. 239, 253 (2012). A statute or regulation violates procedural due-process rights where it "is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U. S. 285, 304 (2008). A law qualifies as unconstitutionally vague not because it is difficult to prove, but where "it is unclear as to what fact must be proved." *Id.*, at 306.

34.     The CRD's position in wrongly seeking to legally define Hinduism to include belief and practice in caste and a caste system is so standardless that it would actually require the very discrimination that it seeks to prevent.

35.     FEHA requires employers to accommodate religious beliefs. Cal. Gov. Code § 12940 subd. ( l) (1). The CRD wants to establish, as a legally-binding principle of law, that caste discrimination is a religious belief and practice under Hinduism. The DFEH's position would

both require and prohibit use of and consideration of caste beliefs in employment as a religious accommodation to Hindu employees.

36.     This is true despite the language of FEHA that does not require religious accommodation "if it would result in a violation of this part or any other law prohibiting discrimination or protecting civil rights." Cal. Gov. Code § 12940 subd. (l)(3).

37.     But caste discrimination is not barred by any part of any other California law or regulation. The FEHA prohibits discrimination based on: "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." Cal. Gov. Code § 12940 subd. (a). Similar facially neutral and generally applicable categories are listed in California's other civil rights statutes. See Gov. Code §§ 11135, 12940; Civ. Code § 51. Nowhere does FEHA, its regulations, or any other provision of California law bar caste discrimination.

38.     In seeking to declare caste an inherent part of Hindu beliefs and practices, employers would be required to accommodate an employee's request not to work with someone the employee believes to be of the "wrong" caste. An employer would have to accommodate an employee's request not to be supervised by, or to supervise, persons perceived to be of the wrong caste, even where no other employee identifies with that or any caste or has any personal belief in a caste system or where other employees lack the ability to recognize or identify different castes. California would actually require employers to engage in the very discrimination that it seeks to prevent.

39.     In fact, the only consistent factor the CRD seeks to identify with caste is that it is an inherent part of Hinduism. That this "authorizes or encourages seriously discriminatory enforcement" against Hindus and Americans of South Asian descent is self-evident. Without any context outside of its asserted connection to Hinduism, the CRD has provided no meaning or definition of caste and would set up a legal structure that actually requires the discrimination it seeks to prevent.

40.     By acting under color of state law to enforce a state non-discrimination law in a way that both requires and prevents caste-based discrimination, all based on an inaccurate, colonial view that Hindu religious belief includes a caste system, the CRD has violated the procedural due-process rights of all Americans by adopting the interpretation and enforcement of the California Fair Employment and Housing Act that is so standardless that it would authorize or encourage seriously discriminatory enforcement.

41.     As a result, HAF prays for the judgment and relief set forth below.

### THIRD CLAIM FOR RELIEF

### Civil Rights Violations – Denial of Equal Protection

### 42 U.S.C. § 1983

42.     HAF incorporates the preceding paragraphs as if they were repeated in full herein.

43.     HAF has associational standing to bring this claim on behalf of its Hindu American members.

44.     Under the Fourteenth Amendment to the United States Constitution, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

45.     The "government may not use religion as a basis of classification for the imposition of duties, penalties, privileges or benefits." (*McDaniel v. Paty*, 435 U. S. 618, 639, 98 S. Ct. 1322, 55 L. Ed. 2d 593 (1978) (J. Brennan, opinion concurring in judgment).

46.     Religion is a suspect class, as is national origin. *Saud v. Days,* 36 F.4th 949, 953 (9th Cir. 2022). Hindu Americans, the vast majority of whom are of Indian descent, are, therefore, members of a suspect class, and the CRD's actions targeting Hindu Americans based on the CRD's misrepresentation of Hindu beliefs are subject to strict scrutiny.

47.     By wrongly claiming that Hinduism includes a belief in a caste system, by adopting an enforcement position that caste discrimination violates the California Fair Employment and Housing Act, and by filing enforcement actions that seek to enshrine its wrong and defamatory view of Hindu beliefs in state law, the CRD as acted under color of state law against Hindu Americans.

48.     By falsely claiming that Hindu Americans inherently hold discriminatory beliefs in a caste system, and that such beliefs and practices are an "inherent" part of the Hindu religion, and by seeking to enforce the California Fair Employment and Housing Act against Hindu Americans based on these false claims, the CRD has applied the Fair Employment and Housing Act in a discriminatory manner against Hindu Americans and fundamentally interfered with Hindu American's religious freedom.

49.     As a result, HAF prays for the judgment and relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, HAF respectfully requests that the Court enter judgment that:

1.     Declares that the CRD, through the actions described above, has violated the First Amendment, Due Process, and Equal Protection rights of Hindu Americans.

2.     Enjoins the CRD from engaging in any act or practice that seeks to define Hinduism as including a caste system or any other belief or practice.

3.     Enjoins the CRD from bringing any religious discrimination action based on the premise that Hindu belief and practice includes a caste system.

4.     Enjoins the CRD from ascribing religious or moral beliefs or practices to persons or groups who expressly disclaim any such beliefs or practices.

5.     Awards attorneys' fees and costs incurred for the prosecution of this matter as provided by law.

6.     Grants such other additional relief as the Court deems just and proper.


Dated: September 20, 2022                    NARAYAN TRAVELSTEAD P.C.

_____

Timothy C. Travelstead, Esq.
Scott C. Ku, Esq.
Attorneys for Plaintiff
HINDU AMERICAN FOUNDATION