ROB BONTA, State Bar No. 202668
Attorney General of California
MICHAEL NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
WILLIAM H. DOWNER, State Bar No. 257644
Supervising Deputy Attorney General
*CARLY J. MUNSON, State Bar No. 254598
GARY D. ROWE, State Bar No. 165453
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7845
  Fax: (916) 731-2129
  E-mail: Carly.Munson@doj.ca.gov
*Attorneys for Defendant Kevin Kish, Director of
California Civil Rights Department*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION, INC., a Florida Not-For-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:22-CV-01656-DAD-JDP<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(1) AND 12(b)(6)**<br><br>Date: September 19, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Dale A. Drozd<br>Action Filed: September 20, 2022 |

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................................................. 1

Argument ................................................................................................................................ 2

    I.    Plaintiff Lacks Standing, and Thus This Court Lacks Jurisdiction ......................... 2

        A.    Plaintiff does not have associational standing to pursue its claims ............ 2

        B.    Plaintiff did not plead and does not have direct standing ........................... 6

        C.    Granting Plaintiff leave to amend would be futile ..................................... 9

    II.    On the Merits, Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted ..................................................................................................... 11

        A.    Plaintiff has failed to state a claim for relief under the Free Exercise Clause ....................................................................................................... 11

        B.    Plaintiff has failed to state a claim for relief under the Due Process Clause ....................................................................................................... 12

        C.    Plaintiff has failed to state a claim for relief under the Equal Protection Clause ...................................................................................... 13

        D.    Plaintiff has not sought, and need not be given, leave to amend its claims ......................................................................................................... 14

Conclusion ............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*America Unites for Kids v. Rousseau*
   985 F.3d 1075 (9th Cir. 2021) ............................................................................. 2, 3, 4, 5

*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Calif. Dept. of Transp.*
   713 F.3d 1187 (9th Cir. 2013) .......................................................................................... 3

*Barren v. Harrington*
   152 F.3d 1193 (9th Cir. 1998) ........................................................................................ 13

*Catholic League for Religious and Civil Rights v. City and County of San Francisco*
   624 F.3d 1043 (9th Cir. 2010) ..................................................................................... 7, 8

*Fair Hous. of Marin v. Combs*
   285 F.3d 899 (9th Cir. 2002) ............................................................................................ 6

*Harris v. McRae*
   448 U.S. (1980) ............................................................................................................... 11

*Havens Realty Corp. v. Coleman*
   455 U.S. 363 (1982) .......................................................................................................... 6

*Horne v. Flores*
   557 U.S. 433 (2009) .......................................................................................................... 6

*Hunt v. Washington State Apple Advertising Commission*
   432 U.S. 333 (1977) ................................................................................................ *passim*

*Jones v. Williams*
   791 F.3d 1023 (9th Cir. 2015) ........................................................................................ 11

*Linda R.S. v. Richard D.*
   410 U.S. 614 (1974) ........................................................................................................ 10

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ...................................................................................................... 2, 3

*Mason v. Adams Cnty. Recorder*
   901 F.3d 753,757 (6th Cir. 2018) .................................................................................... 7

*Monsanto Co. v. Geertson Seed Farms*
   561 U.S. 139 (2010) .......................................................................................................... 6

# **TABLE OF AUTHORITIES**
(continued)

Page

*Ohno v. Yasuma*
   723 F.3d 984 (9th Cir. 2013).................................................................................................. 11

*Oregon Advocacy Center, et al. v. Mink, et al.*
   322 F.3d 1101 (9th Cir. 2003).................................................................................................. 4

*Our Lady of Guadalupe School v. Morrissey-Berru*
   __ U.S. __ (2020), 140 S. Ct. 2049 ....................................................................................... 12

*Portman v. County of Santa Clara*
   995 F.2d 898 (9th Cir. 1993).................................................................................................. 13

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004)............................................................................................ 2, 10

*Serbian Eastern Orthodox Diocese v. Milivojevich*
   426 U.S. 696 (1976) ............................................................................................................... 12

*Summers v. Adams*
   No. 3:08-2265-CMC, 2008 U.S.Dist. LEXIS 103729 (D.S.C. Dec. 23, 2008) ........................ 6

*Summers v. Earth Island Inst.*
   555 U.S. 488 (2009) ............................................................................................................. 3, 5

*United States v. Corinthian Colleges*
   655 F.3d 984 (9th Cir. 2011).................................................................................................... 9

*United States v. Texas*
   143 S. Ct. 1964 (2023) ........................................................................................................... 10

*United States v. Williams*
   553 U.S. 285 (2008) ............................................................................................................... 13

*Vasquez v. Los Angeles County*
   487 F.3d 1246 (9th Cir. 2007).................................................................................................. 8

*Warth v. Seldin*
   422 U.S. 490 (1975) ................................................................................................................. 8

**STATUTES**

California Fair Employment and Housing Act ................................................................... *passim*

California Government Code
   § 12920.................................................................................................................................... 10
   § 12930(f)(1) ........................................................................................................................... 10

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    First Amendment ................................................................................................... 1, 11
    Fourteenth Amendment ......................................................................................... 1, 12

**COURT RULES**

Federal Rule of Civil Procedure
    12(b)(1) ................................................................................................................ 10, 14
    12(b)(6) ..................................................................................................................... 14
    15 ............................................................................................................................... 6
    15(a) ........................................................................................................................... 6
    15(a)(1)(B) ............................................................................................................... 10

## INTRODUCTION

Plaintiff Hindu American Foundation alleges that the Civil Rights Department's ("the Department") pending workplace discrimination suit against Cisco Systems, Inc. ("Cisco") violates the Free Exercise Clause of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by incorrectly describing India's caste system as a "strict Hindu social and religious hierarchy." (Complaint ("Compl.") ¶ 9, ECF No. 1). Plaintiff's Complaint, as Defendant's Motion to Dismiss ("Mot.", ECF No. 8) demonstrates, suffers from two fatal defects, one jurisdictional and one on the merits. First, Plaintiff asserts that it has associational standing to bring these claims on behalf of its members (Compl. ¶¶ 24, 32, 43), but it has failed to identify a single member or person it represents who has suffered or is at imminent risk of suffering an alleged deprivation of their First or Fourteenth Amendment rights. Second, Plaintiff has failed to allege facts showing that the Department's suit against Cisco: (1) substantially burdens its Hindu members' ability to practice their faith in violation of the Free Exercise Clause; (2) deprives its Hindu members of fair notice of the conduct that is prohibited under the California Fair Employment and Housing Act (FEHA) in violation of the Due Process Clause; or (3) targets or discriminates against its Hindu members in violation of the Equal Protection Clause.

Plaintiff's Opposition ("Opp.", ECF No. 15) fails to refute these grounds for dismissal or correct the deficiencies in its pleadings. Plaintiff contends that it does not need to show that it has individual members to satisfy the requirements of associational standing, yet it still fails to identify, as it must, a single person it purports to represent who would have standing to sue in their own right. Plaintiff's argument that it has associational standing in *this* case because a court in another jurisdiction found it had standing to bring an Establishment Clause action fifteen years ago is patently absurd. And Plaintiff's new assertion of direct standing, which is raised for the first time in its Opposition but is nowhere alleged in its Complaint, is devoid of factual or legal support.

Plaintiff's Opposition also fails to advance any legal authority demonstrating how the Department's enforcement of a state anti-discrimination law against a third-party employer

violates the rights of Hindus under the Free Exercise, Due Process, or Equal Protection Clauses, nor does it identify any facts that would cure its pleading deficiencies.

Plaintiff's failure to even attempt to cure its pleading defects underscores that any further opportunity to amend would be futile. As this matter is neither justiciable nor states a claim upon which relief can be granted, Plaintiff's Complaint must be dismissed.

## ARGUMENT

### I. PLAINTIFF LACKS STANDING, AND THUS THIS COURT LACKS JURISDICTION

Plaintiff—not Defendant—has the burden of establishing jurisdiction by pleading the elements required for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). And because the elements of standing "are not mere pleading requirements, but rather an indispensable part of [a] plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561. Plaintiff has not met this burden, and has not demonstrated that, if granted leave to amend its Complaint, it could cure this critical defect.

#### A. Plaintiff does not have associational standing to pursue its claims

Plaintiff has failed to demonstrate that it has associational standing in this case. It has neither met the factors specified in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 342-43 (1977), nor pled facts showing equivalent indicia of membership and identifiable, concrete harm to members under *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1096-97 (9th Cir. 2021). And because the question of standing is specific to each case and claim, it is irrelevant that Plaintiff may have had standing fifteen years ago in another case in another jurisdiction.

In its Complaint, Plaintiff alleges *only* that it has associational standing to pursue claims on behalf of its "members."[1] (Compl. ¶¶ 24, 32, 43). To assert associational standing, a plaintiff must establish that: (1) at least one of its members has standing to sue in their own right; (2) the issues are germane to the organization's purpose; and (3) neither the claim nor the requested relief

---

[1] As discussed below in Section I.B, Plaintiff has not pled that it has direct standing.

requires individual participation. *Hunt*, 432 U.S. at 342-43. Plaintiff's Complaint fails to allege facts establishing any of these elements and its response to the pending Motion fails to cure the defects.

Plaintiff argues in its Opposition that it does not need to be a traditional membership organization to establish associational standing. (Opp. 10-11, *citing Rousseau*, 985 F.3d at 1096-97). Although Plaintiff is correct that courts do not require rigid adherence to a membership organization structure for associational standing, an entity such as Plaintiff must at the very least show that it "is sufficiently identified with and subject to the influence of those it seeks to represent as to have a 'personal stake in the outcome of the controversy.'" *Rousseau*, 985 F.3d at 1096 (quoting *Oregon Advocacy Center, et al. v. Mink, et al.*, 322 F.3d 1101, 1111 (9th Cir. 2003). To do this an organizational plaintiff needs to plead facts showing that it serves a "specialized segment of the community" who are "primary beneficiaries" of its work, and then both identify one or more of those primary beneficiaries and indicate the constitutional harms they have or will imminently suffer as a result of the challenged government action. *Id.* at 1096-97; *see also Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Calif. Dept. of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013) (noting that, even absent a technical membership structure, associational standing requires "specific allegations establishing that at least one identified member had suffered or would suffer harm"); *Summers v. Earth Island Inst.*, 555 U.S. 488, 497-98 (2009) ("[We] require[] plaintiff-organizations to make specific allegations establishing that at least one identified member ha[s] suffered or would suffer harm."); *Lujan*, 504 U.S. at 563 (1992) (holding an organization lacked standing because it failed to "submit affidavits or other evidence showing, through specific facts . . . that one or more of [its] members would . . . be 'directly' affected" by the allegedly illegal activity, "apart from their 'special interest' in th[e] subject").

At a minimum, then, Plaintiff must plead facts showing that at least one of the primary beneficiaries of its work has suffered or will soon suffer concrete, redressable injuries fairly traceable to the Department's depiction of the relationship between Hinduism and caste in its employment discrimination suit against Cisco.

In the cases Plaintiff cites, the plaintiffs asserting associational standing all made such showings. For example, in *Rousseau*, the plaintiff demonstrated that a person it represented suffered the requisite harm by submitting a declaration from a teacher who supported and benefited from the organization's advocacy for public employees concerned about exposure to environmental risk in the workplace. 985 F.3d at 1096-97. In this declaration, the teacher stated that she was concerned about the level of polychlorinated biphenyls (a man-made chemical) in her classroom and suffered anxiety about the effects of these chemicals on her health after being ordered to continue teaching there despite her concerns. *Id.* Similarly, in *Oregon Advocacy*, the plaintiff—an organization created by federal statute to advance the rights of individuals with mental health disabilities—demonstrated that at least seven of its constituents were being held in county jails awaiting transfer to state hospitals for competency restoration; the organization had standing because these individuals would have standing in their own right to sue to challenge delays in their transfers. 322 F.3d at 1112.

Plaintiff, by contrast, has neither identified nor submitted a declaration from a single individual who is a "primary beneficiary" of its work and who explains, in concrete terms, how the Department's lawsuit against Cisco has harmed them (as, for example, by impeding their ability to freely practice Hinduism, by making them plausibly fear that the Department will bring an action against them for caste discrimination because of the alleged vagueness in its FEHA enforcement complaint against Cisco in state court, or by subjecting them to disparate treatment on the basis of being Hindu). Plaintiff has instead submitted a declaration by its Executive Director and cofounder describing the organization itself—and this declaration is missing precisely what *Hunt* and *Rousseau* require. (Declaration of Suhag A. Shukla ("Shukla Decl.") ¶¶ 1-11, ECF No. 15-1). Ms. Shukla's declaration merely identifies various categories of people associated with Plaintiff—board members, employees, volunteers, donors, newsletter subscribers, and scholars—and states that some of these individuals reside or work in California. (*Id.* ¶¶ 5-11). It also states, without elaboration, that Plaintiff has "significant presence" in California. (*Id.* ¶ 4). Even if it is true that Plaintiff has presence in California, that it represents or advocates on

behalf of some constituency of people who practice Hinduism,[2] and that some of those individuals reside or work in California, these facts alone are not nearly enough to support standing in this suit because there is no allegation that any potential member of its California constituency faces imminent risk of concrete harm caused by the Department's enforcement action against Cisco.

Plaintiff also submits a Request for Judicial Notice of a third party's tax return (ECF No. 16), arguing that this shows that it has sufficient indicia of membership to qualify for associational standing. (*See* Opp. 11:21-12:13, *citing Catholic League for Religious and Civil Rights v. City and County of San Francisco*, 624 F.3d 1043 (9th Cir. 2010)). But this again fails to demonstrate the central facts needed for Plaintiff to have standing: *both* (1) having members or showing equivalent indicia of membership; *and* (2) *traceable, concrete harm to that membership* from the complaint that the Department filed against Cisco in state court. (*See* Mot. 8-13). As discussed above and in the Motion, Plaintiff has not pled facts establishing that the Department's action has plausibly, let alone concretely, injured *anyone* in this manner. Regardless, the tax filings of the Catholic League, which is not a party to this lawsuit, are irrelevant. Whether the Catholic League satisfied the *Hunt* test in a 2003 Establishment Clause case has no bearing on whether Plaintiff has pled sufficient facts to have associational standing under *Hunt* and *Rousseau* to bring Free Exercise, Due Process, and Equal Protection Clause claims in this case.

Plaintiff also argues that its standing to maintain this lawsuit was settled when a district court in South Carolina ruled that it had associational standing to bring an Establishment Clause claim challenging South Carolina's issuance of license plates with Christian imagery and affirmations in 2008. (Opp. 11, *citing Summers v. Adams*, No. 3:08-2265-CMC, 2008 U.S.Dist. LEXIS 103729, at *28-20 (D.S.C. Dec. 23, 2008)). This assertion is meritless. As the court in *Summers* acknowledged, "standing is an individualized inquiry, which considers each claim and each plaintiff separately." 2008 U.S.Dist. LEXIS 103729, at *9; *see, e.g., Horne v. Flores*, 557

---

[2] Plaintiff's exact constituency remains unclear, as Plaintiff continues to vacillate among various descriptors. (*Compare, e.g.,* Opp. 7:16-17, 11:11, 14:16-17 (referencing all Hindu Americans) *with* Opp. 10:5-6 (people of South Asian descent who are presumed to be practicing Hindus) *and* Shukla Decl. ¶¶ 5-11 (listing categories of people who may reside and/or work in California)).

U.S. 433, 445 (2009) (standing is a particularized inquiry and a plaintiff must "allege[] such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court jurisdiction") (emphasis in original); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149-156 (2010) (plaintiffs must demonstrate standing to pursue each form of relief sought).  Standing does not carry from lawsuit to lawsuit, claim to claim, or year to year.  That Plaintiff may have sufficiently pled facts to establish associational standing in 2008 to pursue a coalition case under the Establishment Clause about South Carolina's license plates has no bearing on whether it has now pled a properly justiciable case under the Free Exercise, Due Process, and Equal Protection Clauses against the Director of the California Civil Rights Department regarding entirely distinct conduct.

Finally, Plaintiff argues that it satisfies the second and third *Hunt* prongs because this action is germane to its mission and its claims do not require individual participation by members. (Opp. 12-16).  However, as Plaintiff fails to satisfy the first *Hunt* prong, even using *Rousseau*'s alternate test, the Court need not reach these questions.

**B.    Plaintiff did not plead and does not have direct standing**

In its Opposition, Plaintiff claims for the first time that it also has direct standing to bring its constitutional claims.  (*Compare* Opp. 7-10 *with* Compl. ¶¶ 23-48, which fails to assert direct standing).  A plaintiff wishing to assert an alternative standing theory should amend its complaint in accordance with Federal Rule of Civil Procedure 15.  Plaintiff has failed to do so, and has not requested leave to amend its pleading to raise direct standing.  (*See* Opp., *passim*).  To the extent that the Court nevertheless construes Plaintiff's Opposition as a motion for leave to amend under Rule 15(a), such leave should be denied as futile.  (*See* Section I.C, *infra*).

Plaintiff has not provided a shred of credible evidence that it *could* plead facts sufficient to establish direct standing if given the opportunity to do so.  Organizations do not have direct standing unless they can show that "identifying and counteracting" the illegal conduct at issue has diverted their resources enough to frustrate the organization's performance of its regular activities.  *Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002).  Plaintiff concedes that, like associational standing, direct

standing would require evidence of injury, causation, and redressability. (Opp. 7). Yet neither Plaintiff's Complaint nor Ms. Shukla's declaration provide allegations that would establish these elements. (*See* Compl., *passim*; Shukla Decl. ¶¶ 1-11). Plaintiff is not a defendant in the Department's pending state enforcement action against Cisco. It is not otherwise subject to the Department's efforts to remedy caste-based discrimination at Cisco. And it has failed to show that the Department's alleged mischaracterization in a state court pleading against a third party has caused direct injuries to Plaintiff, such as pecuniary losses or other economic effects.[3]

Plaintiff claims instead that the statements in the Department's complaint against Cisco, alone, suffice to establish harm. (Opp. 8-9). Plaintiff is again mistaken. As a practical matter, Plaintiff—an inanimate legal entity—cannot itself suffer psychological harm, no matter the "vehemence" of its objections. Regardless, as discussed in Defendant Kish's Motion, the existence of psychological harm alone would not establish the requisite injury-in-fact to plead cognizable claims under the Free Exercise, Due Process, and Equal Protection Clauses. (Mot. 12, citing *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2205 (2021) (aggrieved feelings are not injuries-in-fact under the Free Exercise Clause); *Mason v. Adams Cnty. Recorder*, 901 F.3d 753, 757 (6th Cir. 2018) (feelings of "discomfort" or "resentment" are not concrete injuries)).

Plaintiff argues that "spiritual and mental suffering" resulting from the denial of religious freedom is alone sufficient to establish direct standing under *Catholic League*, 624 F.3d 1043 (9th Cir. 2010). (Opp. 7-8). Yet *Catholic League* is wholly inapplicable here. First—and contrary to Plaintiff's claims otherwise (Opp. 8-9, 11:27-28-12:1-2)—the court in that case determined that the Catholic League had associational standing, not direct standing.[4] *Catholic League*, 624 F.3d

---

[3] In its Opposition, Plaintiff claims that Ms. Shukla's declaration establishes that its "board members, employees, Leadership and Advisory Council members, donors, newsletter readers and scholars residing in California have been directly harmed by the [Department's] actions, requiring significant redeployment of [Plaintiff's] resources and personally subjecting them to the emotional and spiritual injuries of [the Department's] gross mischaracterizations of Hindu teachings." (Opp. 11, *citing* Shukla Decl. ¶¶ 4-11). But these statements do not appear in Ms. Shukla's declaration. Nor does the declaration identify any of these individuals with any particularity nor specify the "emotional and spiritual" injuries they have allegedly suffered.

[4] In support of its associational standing, the Catholic League demonstrated that it was a membership organization with approximately 6,000 members who resided in San Francisco and had been injured by the anti-Catholic resolution adopted by their elected officials. *Catholic League*, 624 F.3d at 1063-64 (Concurrence in Part). Plaintiff, by contrast, has shown neither such

at 1048 (acknowledging the municipality conceded the Catholic League had associational standing).  Second, *Catholic League* addressed only the test for injury-in-fact in Establishment Clause cases.  *Id.* at 1048-53.  Plaintiff, by comparison, has neither asserted a claim for relief under the Establishment Clause nor explained how *Catholic League* is applicable when evaluating whether a plaintiff has suffered concrete injury under the Free Exercise, Due Process, and Equal Protection Clauses (*see* Compl. ¶¶ 23-48; Opp. 8-9).  Third, and contrary to Plaintiff's assertions, the Ninth Circuit did not hold there that "psychological harm" alone is sufficient to establish injury in all religious liberty cases. (Opp. 8-9).  Rather, the Court held that—even in Establishment Clause cases in which the concept of concrete injury is "particularly elusive" (*Vasquez v. Los Angeles County*, 487 F.3d 1246, 1250 (9th Cir. 2007))—it is insufficient to allege only psychological harm flowing from a mere disagreement with the government; that psychological harm *must* be tied to real consequences, such as "exclusion or denigration on a religious basis within the political community."  *Catholic League*, 624 F.3d at 1051-1053.  Plaintiff has alleged no facts showing that it or its members experienced psychological harm as a result of being excluded from or denigrated within an identified community.  Thus, even if this Court were to apply *Catholic League*'s Establishment Clause analysis when evaluating injury-in-fact under the Free Exercise, Due Process, and Equal Protection Clauses, Plaintiff's Complaint would *still* fail.

Plaintiff's allegations amount to nothing more than the generalized grievances of a third-party that disagrees with a lawsuit a government agency has brought against someone else.  (*See* Opp. 9:12-15 ("Perhaps most importantly [sic] HAF alleges that it vehemently opposes all types of discrimination; and takes great exception to the State of California defaming and demeaning all of Hinduism by attempting to conflate a discriminatory caste system with the Hindu religion.")).  This is hardly the type of injury required to exercise jurisdiction.  *See*, *e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he Court has held that when the asserted harm is a 'generalized

---

membership nor that this membership has suffered concrete injuries caused by the Department's actions; thus *Catholic League* similarly does not support Plaintiff's assertion of associational standing.

grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

Nor can Plaintiff show the requisite redressability.  It devotes just one sentence to redressability: "Finally, because [Plaintiff] seeks declaratory and injunctive relief as remedies for the Defendant's wrongdoing [], the injury will be redressed by a favorable decision of the Court." (Opp. 10).  But, as discussed in Defendant's Motion, the requested universal restraint is not a viable form of redress to Plaintiff's disagreement with the Department's suit against Cisco.  (Mot. 14).  This problem dooms Plaintiff's direct standing as much as its associational standing, and Plaintiff has failed to put forward a response.  Plaintiff cannot amend its Complaint to establish direct standing and should not be afforded the opportunity to do so.

### C.     Granting Plaintiff leave to amend would be futile

Dismissal without leave to amend is proper when it is clear that the complaint could not be saved by any amendment.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  This is such a case.  Plaintiff has not demonstrated that, if granted leave to amend its Complaint, it could allege facts sufficient to give it standing.

First, Plaintiff offers to make only one amendment to its Complaint: adding hypothetical individual plaintiffs.  (Opp. 10 fn. 2, 16 fn. 3).  That won't imbue Plaintiff with standing; none of the new, unnamed, purported individual plaintiffs mentioned in its Opposition—be they Plaintiff's board members, employees, volunteers, donors, or newsletter subscribers—would have standing in their own right in this matter because none are subject to or facing threat of prosecution by the Department in its pending enforcement action against Cisco Systems (or any other enforcement action).[5]  As the Supreme Court has made clear, "a citizen lacks standing to

---

[5] While discussing its Free Exercise Clause claim, Plaintiff invokes the interests of the two managers at Cisco who were also sued for their alleged discriminatory conduct. (Opp. 16). Even if Plaintiff could speak on their behalf—and there is no evidence that it can—this, too, would be futile. Plaintiff's Opposition, which was filed on June 29, fails to disclose that the Department had voluntarily dismissed all individual plaintiffs from its state enforcement action in April 2023, before the matter progressed beyond the initial pleadings. (*See* Santa Clara County Superior Court Case No. 20-cv-372366, Request for Dismissal dated April 6, 2023, and Notice of Entry of Dismissal and Proof of Service dated April 11, 2023). Thus Cisco is the only party facing continued prosecution for its specific discrimination against an employee.

contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" because he "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1974); *see also United States v. Texas*, 143 S. Ct. 1964, 1970 (2023) (describing *Linda R.S.* as "the leading precedent" in cases challenging "prosecution policies" and reiterating that third parties lack standing to regulate enforcement actions brought against others).[6]

Second, *this* Motion provided Plaintiff its opportunity to present its best evidence to the Court. *Safe Air*, 373 F.3d 1035, 1039 ("[T]he party opposing the motion *must* furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.") (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2000) (emphasis added)); see also Fed. R. Civ. Proc. 15(a)(1)(B) (permitting amendment within 21 days of service of a motion under Rule 12(b)(1)). Yet, as discussed above, Plaintiff's best evidence is lacking. Plaintiff had nearly five months to respond to Defendant Kish's Motion, which asserts that Plaintiff does not have standing.[7] (*See* ECF Nos. 8-15). To demonstrate its standing, Plaintiff furnished a sworn statement by its co-founder and Executive Director. (*See* Shukla Decl., ECF No. 15-1). But this Declaration is devoid of *any* mention of membership, indicia of membership, or harm, let alone the kind of harm required for this Court to exercise jurisdiction. (*See id*.). Plaintiff's response, in essence, shows that it was incapable of establishing standing even when given an opportunity to do so, and demonstrates that granting any further opportunity to amend would be an exercise in futility. In the absence of subject matter jurisdiction, Plaintiff's Complaint must be dismissed under Rule 12(b)(1).

---

[6] Plaintiff provides no authority for its argument that "prosecution" is narrowly defined and cabined to criminal proceedings. (Opp. 22). In any case, Plaintiff's position is undermined by the plain language of the FEHA. (*See, e.g.* Cal. Govt. Code § 12920 (The FEHA "shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state."), § 12930(f)(1) ("The [D]epartment shall . . . prosecute complaints alleging practices made unlawful pursuant to [the FEHA].")

[7] And it has been nearly a year since Plaintiff filed its Complaint. (*See* ECF No. 1).

10

REPLY TO OPPOSITION TO MOTION TO DISMISS (2:22-CV-01656-DAD-JDP)

## II. ON THE MERITS, PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Because Plaintiff has not and cannot establish its standing—and hence this Court's subject matter jurisdiction—this Court need not reach the merits of the Complaint's three claims. But if the Court were to reach the merits, it would be readily apparent that Plaintiff has failed to allege even a single viable claim.

### A.  Plaintiff has failed to state a claim for relief under the Free Exercise Clause

Plaintiff alleges that the Department has violated its members' rights under the Free Exercise Clause of the First Amendment. (Compl. ¶¶ 23-30). To state such a claim, Plaintiff must show that the Department's actions have substantially burdened or had a coercive effect against the practice of its individual member's religions. *See Harris v. McRae*, 448 U.S. at 321 (1980) (quoting *Abington School Dist. v. Schempp*, 374 U.S. 203, 223 (1963)). A substantial burden places "more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)). Plaintiff has failed to allege facts sufficient to meet this standard, and has failed to demonstrate how its Complaint could be amended to do so.

Plaintiff instead argues that the Department's enforcement action against Cisco for caste-based workplace discrimination chills or prevents all Hindus from practicing their faith by alleging that Hinduism requires its adherents to engage in caste discrimination. (Opp. 16). This argument fails. First, this claim misrepresents and mischaracterizes the Department's suit against Cisco.[8] (*See* Defendant's Request for Judicial Notice ("Def.'s RJN"), Exhibit ("Exh.") A, *passim*, ECF No. 10-1). The Department is prosecuting Cisco for caste-based discrimination against a Hindu employee identified as "John Doe." (*Id.*). The Department's suit does not allege that Cisco or any of its employees engaged in discrimination *because* they were adhering to Hindu doctrine. (*See id.*). Rather, the Department alleges that Cisco violated the FEHA by: (1)

---

[8] Plaintiff has moved to intervene in the Department's state enforcement action against Cisco. (*See* Def.'s RJN, Exh. B, ECF No. 10-1).

11

engaging in unlawful employment practices against Doe and subjecting him to disparate terms and conditions of employment based on his status as a Dalit Indian (*id.* ¶¶ 51-60); (2) subjecting Doe to offensive comments and other misconduct, including publicizing his caste, that amount to a hostile work environment, and by failing to take action in response to his repeated internal complaints about these behaviors (*id.* ¶¶ 61-71); and (3) retaliating against Doe and failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on his status as a Dalit Indian (*id.* ¶¶ 72-99).

Plaintiff also argues that the Department's complaint against Cisco mischaracterizes or seeks to define Hindu religious doctrine, and that any such action is the equivalent of a Free Exercise violation. (Opp. 16-17). Even if the underlying factual allegations were true—and they are not, as evidenced by the Department's complaint against Cisco (*see* Def.'s RJN, Exh. A)—Plaintiff's claim that a government unlawfully curbs the free exercise of religion by mischaracterizing the faith or incorrectly defining its tenets has no basis in law. Plaintiff contends that the U.S. Constitution prohibits "*any* 'civil determination of religious doctrine.'" (Compl. 2:17-23, emphasis added; *see also* Opp. 18, *citing Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976) and *Our Lady of Guadalupe School v. Morrissey-Berru*, __ U.S. __ (2020), 140 S. Ct. 2049, 2060). But, as discussed in Defendant Kish's Motion, Plaintiff overstates these cases' reach. (Mot. 20 fn. 18). Both *Our Lady of Guadalupe* and *Serbian Eastern Orthodox* stand for the principle that governments may not intrude upon the right of *churches and other religious institutions* to decide matters of church government and of faith and doctrine. Yet this matter involves no such decisions of churches or religious institutions, and the Department does not seek to compel anyone to observe Hinduism in a particular way. The Department has not sued a religious entity to challenge its doctrines; it has sued a private company for workplace discrimination against a Hindu employee.

**B.     Plaintiff has failed to state a claim for relief under the Due Process Clause**

To state a claim for relief under the Due Process Clause of the Fourteenth Amendment, Plaintiff must allege facts sufficient to show that it has a liberty or property interest protected by the Constitution, that the Department's actions have deprived it of that interest, and that there was

a lack of requisite process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Plaintiff's Complaint lacks a cognizable theory under the Due Process Clause or facts sufficient to shows that Plaintiff—or any of Plaintiff's board members, employees, volunteers, donors, or newsletter subscribers—have been deprived of their property or liberty interests, let alone suffered deprivations traceable to the Department's lawsuit against Cisco.[9] (*See* Compl. ¶¶ 31-41; Mot. 21-23). Plaintiff's Opposition and supporting declaration do nothing to rectify this critical pleading defect. (Opp. 19-21; Shukla Decl. ¶¶ 1-11).

Rather than address its pleading failures, Plaintiff argues that the Department's application of the FEHA in its suit against Cisco is essentially void for vagueness—that its complaint against Cisco "is so standardless that it would authorize or encourage seriously discriminatory enforcement." (Opp. 19, *citing U.S. v. Williams*, 553 U.S. 285, 304 (2008)). Plaintiff provides no authority to support its proposition that allegations in a complaint can violate the due process rights of parties who are not defendants to that suit. And even if the Department's complaint against Cisco were too vague to state a cognizable cause of action under the FEHA, that controversy should not be decided by this Court. Rather, that is for Cisco to raise and the state court to decide.

### C. Plaintiff has failed to state a claim for relief under the Equal Protection Clause

In order to state a claim for relief under the Equal Protection Clause, Plaintiff must show that Defendant Kish has acted with the intent to discriminate against it based on its membership in a protected class, and that Plaintiff was treated differently than persons similarly situated. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff argues that it has satisfied this standard because it alleges that the Department's lawsuit against Cisco "single[s] out Hindu Americans from all non-Hindu Americans, claiming religious teachings and practices require Hindus to violate the [FEHA]." (Opp. 21).

---

[9] Even if Plaintiff—or its board members, employees, volunteers, donors, or newsletter subscribers—had a protected liberty or property interest in the speech of others during enforcement actions against third parties (and it has not articulated legal authority for such a right), Plaintiff's claim would still fail because the Department's lawsuit *against Cisco* is not an "unconstitutional intrusion" *against Plaintiff*. (Opp. 19).

First, contrary to Plaintiff's argument, Plaintiff's Complaint does not allege that the Department treats Hindus differently than individuals of other religions.[10]  Second, Plaintiff's argument again misrepresents and mischaracterizes the Department's actions in its lawsuit against Cisco.  The Department does not allege that Hindu religious teachings and practices required Cisco to discriminate in this manner, nor that Hindu religious teachings and practices require *anyone* to discriminate in this manner.  (*See* Def.'s RJN, Exh. A, *passim*).  And the Department does not seek to have the state court declare that any Hindu practices and teachings violate the FEHA.  (*See id.* at 18-19).  Rather, the Department seeks to end and remedy specific discrimination on the basis of caste at one private company, after receiving a complaint about such discrimination from an employee.  (*Id.*)  Regardless, as with its Free Exercise and Due Process Clause claims, Plaintiff again fails to show *any* nexus between the Department's enforcement action against Cisco and Plaintiff itself.

### D.    Plaintiff has not sought, and need not be given, leave to amend its claims

In response to Defendant Kish's Motion, Plaintiff maintains that its Complaint "completely and accurately" states its claims.  (Opp. 6).  Moreover, Plaintiff does not seek this Court's leave to amend if the Court determines that its claims lack merit.  (*See* Opp. 16-23).  It is thus fair to presume that Plaintiff cannot allege facts sufficient to state viable claims for relief under the Free Exercise, Due Process, and Equal Protection Clauses.  No further opportunity to amend need be given.  Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6), with prejudice and without leave to amend.

### CONCLUSION

For the reasons discussed above, Defendant Kish respectfully asks that this Court dismiss Plaintiff's complaint for want of standing pursuant to Rule 12(b)(1) or, in the alternative, dismiss Plaintiff's Complaint with prejudice and without leave to amend pursuant to Rule 12(b)(6).

///

---

[10] Nor could it add such allegations on amendment.  Plaintiff concedes that such "[s]elective prosecution is not at issue here."  (Opp. 23).

| | | |
|---|---|---|
| 1 | Dated:  August 4, 2023 | Respectfully submitted, |

Rob Bonta
Attorney General of California
Michael Newman
Senior Assistant Attorney General
William H. Downer
Supervising Deputy Attorney General

/s/ Carly J. Munson

Carly J. Munson
Gary D. Rowe
Deputy Attorneys General
*Attorneys for Director Kevin Kish*