Timothy C. Travelstead, Esq. (SBN 215260)
  *t.travelstead@narayantravelstead.com*
Scott C. Ku, Esq. (SBN 314970)
  *s.ku@narayantravelstead.com*
NARAYAN TRAVELSTEAD P.C.
7901 Stoneridge Drive, Suite 230
Pleasanton, CA 94588
Telephone: (650) 403-0150

Attorneys for Plaintiffs
HINDU AMERICAN FOUNDATION;
SAMIR KALRA; MIHIR MEGHANI;
SANGEETHA SHANKAR; DILIP AMIN; SUNDAR IYER;
RAMANA KOMPELLA; AND DOES ONE TO THREE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION, INC., a Florida Not For Profit Corporation; Samir Kalra Mihir Meghani; Sangeetha Shankar; Dilip Amin, Sundar Iyer, Ramana Kompella as individuals; and Doe Plaintiffs One to Three<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1 - 50, inclusive,<br>                    Defendants. | Case No. 2-22-CV-01656-DAD-JDP<br><br>**NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 21, 2023<br>Time:   1:30 p.m.<br>Judge:  Dale A. Drodz<br><br><br>Date Action Filed: September 20, 2022 |

**TO THE COURT AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 21, 2023, at 1:30 p.m., or as soon thereafter as the Court may hear this matter, Plaintiffs Hindu American Foundation, Inc., Sundar Iyer, an individual, and Doe Plaintiffs One to Three, will and hereby does move for Doe Plaintiffs One, Two, and Three to proceed anonymously under pseudonyms and/or fictitious names on the grounds that anonymity for Does One to Three is necessary to preserve their privacy in this matter, which involves their highly sensitive and personal religious beliefs. Identification further creates a severe risk of physical, mental, and economical harm. Pursuant to the Court's Standing Order in Civil Cases, the hearing will be held by Zoom.

Plaintiffs certify, through counsel, that meet and confer efforts have been exhausted and accordingly refers this matter to the Court for resolution. The parties discussed potentially stipulating to Does One to Three proceeding in this mater anonymously on September 20, 2023 and September 21, 2023 and Defendant's counsel did not believe parties had authority to stipulate to this issue under the Federal Rules. Defendant has since additionally requested a 45-day extension to respond to Plaintiff's Amended Complaint

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, declarations, and all pleadings and papers filed in this action; and such other matters as the Court may deem appropriate.

Dated: October 6, 2023                    NARAYAN TRAVELSTEAD P.C.

                                                                   /s/ Timothy C. Travelstead
Timothy C. Travelstead, Esq.
Scott C. Ku, Esq.
Attorneys for Plaintiff
HINDU AMERICAN FOUNDATION;
SAMIR KALRA; MIHIR MEGHANI;
SANGEETHA SHANKAR; DILIP AMIN;
SUNDAR IYER; RAMANA KOMPELLA; AND
DOES ONE TO THREE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### INTRODUCTION

The California Civil Rights Department (CRD) is pursuing enforcement actions under the California Fair Employment and Housing Act (FEHA) that wrongly asserts that a caste system and caste-based discrimination are integral parts of Hindu teachings and practices by declaring the caste system to be "a strict Hindu social and religious hierarchy," which requires discrimination by "social custom and legal mandate."  Plaintiffs challenge the constitutionality of these actions.  The issues in this case involve highly personal and sensitive matters concerning religious beliefs or lack of belief of plaintiffs.  Because of the sensitive nature of these issues, the concerns for the privacy interests of the doe plaintiffs, as well as legitimate and well-recognized fears of retaliation and safety, doe plaintiffs ask this Court for an order permitting DOES 1 through 3 to proceed pseudonymously.

### ARGUMENT

**A.   This Court Has Authority to Allow Plaintiffs to Proceed Pseudonymously in This Case.**

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068* (9th Cir. 2000).  Thus, the Ninth Circuit has traditionally allowed pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a matter of

sensitive and highly personal nature" and (3) when the anonymous party risks criminal prosecution. *Id.*

To determine whether to allow a party to proceed anonymously, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to . . . retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042. District courts place particular emphasis on the first and second factors. *Id.* at 1043.

**B.     The Balancing Test Weighs in Favor of Allowing Doe Plaintiffs to Proceed Pseudonymously.**

The personal and sensitive nature of the subject matter in this litigation, the concerns for the privacy interests of Doe Plaintiffs, as well as legitimate, concrete, and well-recognized fears of retaliation supports Plaintiffs' request that DOES 1 though 3 be permitted to proceed pseudonymously.

*1.     Doe Plaintiffs Are Vulnerable to Retaliation and Their Fear of Severe Harm Are Reasonable.*

Courts have long recognized that litigants may face threats of harassment and retaliation for speaking out against high-profile government action, and that this risk tips in favor of allowing parties to proceed anonymously. *See Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)) ("SMU"), 599 F.2d at 713 (noting that the majority of cases allowing use of pseudonyms involved challenges to government, not private, action); *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.");
*See e.g., Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ("This suit—challenging a government activity—forces Plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment.").

Here, Doe Plaintiffs are seeking to challenge government action implicating their First Amendment, Equal Protection, and Due Process rights. (Declaration of John Doe One, "Doe One Decl.," ¶¶ 1-4; Doe Two Decl., ¶¶ 1-5; Doe Three Decl., ¶¶ 1-4, 7.) The California Civil Rights Department is pursuing enforcement actions and is suing individual defendants for harassment and discrimination by wrongly asserting that the horrors of a caste system and caste-based discrimination are deeply rooted and integral to all who practice or identify as Hindu. They have declared that that the caste system is "a strict Hindu social and religious hierarchy" which *requires* discrimination by "social custom and legal mandate."

Doe Plaintiffs are individuals who squarely fall within the gambit of the CRD's wrath and are vulnerable not only to being individually sued by the CRD in retaliation for participating in this action, but also to physical, mental, and economical harm from those around them, including but not limited to prospective employers, co-workers, and persons they interact with on a daily basis. (Doe One Decl., ¶¶ 1-11; Doe Two Decl., ¶¶ 1-11; Doe Three Decl., ¶¶ 1-14; Declaration of Dilip Amin, "Amin Decl.," ¶¶ 1-10; Declaration of Sangeetha Shankar, "Shankar Decl.," ¶¶ 1-15.) Given the recently highly publicized and controversial debate surrounding caste discrimination in the nation and abroad, these threats further extend into their family members whom not only reside locally but also abroad.

This case involves matters of the utmost intimacy, a person's religious belief or lack of belief. Courts have recognized faith as a private, highly sensitive matter deserving of protection. *See Doe v. Stegall* 653 F.2d 180, 186 (5th Cir. 1981) ("[R]eligion is perhaps the quintessentially private matter. Although they do not confess either illegal acts or purposes, the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior.").

DOE one, two, and three's fears are very reasonable here. They fear they will be targeted or subject to reprisal by the CRD because of their participation in this lawsuit, stemming from

the fact that the CRD has *already* sued two individual defendants in the Cisco action based on the CRD's representations that, as Hindus, caste discrimination was inherently part of their religious beliefs and who they are.  (Doe One Decl., ¶¶ 10-11; Doe Two Decl., ¶¶ 7-9; Doe Three Decl., ¶¶ 11-12.)  And they have already experienced, and continue to experience an exponential increase in animosity towards them in the workplace based simply on their beliefs. They have received express hate and threats from co-workers who work side by side with them, and on internal company social medial channels.  They fear not only for their physical safety, but also their mental and economic safety.  Prosecution of this case will further require DOES 1 through 3 to reveal their religious beliefs or lack of belief and beliefs concerning the proper interaction between government and religion as the litigation unfolds, which will further open them up to public hostility, and reprisals based on these beliefs.  (See Doe One Decl., ¶¶ 1-11; Doe Two Decl., ¶¶ 1-11; Doe Three Decl., ¶¶ 1-14; Amin Decl., ¶¶ 1-10; Shankar Decl., ¶¶ 1-15.)

### 2. *There is No Prejudice to the CRD if the Court Grants Anonymity.*

The Court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *Advanced Textile,* 214 F.3d at 1068.

Here, anonymity will not prejudice the CRD.  The identities of DOES 1 through 3 are not relevant to the claims before this Court, and not necessary for the adjudication of the issues in this lawsuit.  Moreover, granting Plaintiffs' requests to remain anonymous will not impair the CRD's ability to better defend against these claims.

### 3. *The Public Interest in Reaching the Merits of This Case Weighs in Favor of Pseudonymity.*

The public's interest in having important constitutional questions decided outweighs the general interest in knowing the identities of DOES 1 through 3.  *See Advanced Textile,* 214 F.3d at 1072, fn. 15 ("For instance, the question whether there is a constitutional right to abortion is of

immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."). Whether the CRD is violating First Amendment, Equal Protection, and Due Process rights of Hindu Americans are important constitutional issues that deserve a decision on the merits, which is far more important than knowing the identities of DOES 1 through 3. And granting Plaintiffs' requests to remain anonymous will not impair the public's view of the presentation and resolution of issues in this case or hinder the court's performance in resolving them. *See Stegall*, 653 F.2d at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.").

## CONCLUSION

Because the balancing test weighs in favor of permitting DOES 1 through 3 to proceed pseudonymously, the Court should grant this Motion.

Dated: October 6, 2023              NARAYAN TRAVELSTEAD P.C.


/s/ Timothy C. Travelstead
Timothy C. Travelstead, Esq.
Scott C. Ku, Esq.
Attorneys for Plaintiff
HINDU AMERICAN FOUNDATION;
SAMIR KALRA; MIHIR MEGHANI;
SANGEETHA SHANKAR; DILIP AMIN;
SUNDAR IYER; RAMANA KOMPELLA; AND
DOES ONE TO THREE