ROB BONTA, State Bar No. 202668
Attorney General of California
MICHAEL L. NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
WILLIAM H. DOWNER, State Bar No. 257644
Supervising Deputy Attorney General
*CARLY J. MUNSON, State Bar No. 254598
Deputy Attorneys General
  1300 I Street
  Sacramento, CA  95814
  Telephone:  (916) 210-7845
  Fax:  (916) 731-2129
  E-mail:  Carly.Munson@doj.ca.gov
*Attorneys for Defendant Kevin Kish, Director of California Civil Rights Department*

Timothy C. Travelstead, Esq. (SBN 215260)
  t.travelstead@narayantravelstead.com
Scott C. Ku, Esq. (SBN 314970)
  s. ku@narayantravelstead.com
NARAYAN TRAVELSTEAD P.C.
7901 Stoneridge Drive, Suite 230
Pleasanton, CA 94588
Telephone: (650) 403-0150
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HINDU AMERICAN FOUNDATION, INC.,** a Florida Not-For-Profit Corporation; **SAMIR KALRA; MIHIR MEGHANI; SANGEETHA SHANKAR; DILIP AMIN, SUNDAR IYER, RAMANA KOMPELLA** as individuals; and **DOE PLAINTIFFS ONE TO THREE,**<br><br>Plaintiffs,<br><br>v.<br><br>**KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and Does 1-50, inclusive,**<br><br>Defendants. | Case No. 2:22-CV-01656-DAD-JDP<br><br>**JOINT STATUS REPORT AND REQUEST FOR FURTHER CONTINUANCE OF 60 DAYS DUE TO DEVELOPMENTS IN RELATED STATE COURT MATTER**<br><br>Comp. filed: September 20, 2022<br><br>First Am. Comp. filed: September 21, 2023<br><br>Judge: Hon. Dale A. Drozd |

      Plaintiffs Hindu American Foundation, Inc. (HAF), Samir Kalra, Mihir Meghani, Sangeetha Shankar, Dilip Amin, Sundar Iyer, Ramana Kompella, and Doe Plaintiffs (collectively "Plaintiffs") and Defendant Kevin Kish, in his official capacity as the Director of the California Civil Rights Department (CRD) (together, the "Parties"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 6 and Local Rule 144, hereby provide this Joint Status Report in accordance with the Court's December 15, 2023 order to apprise the Court of recent developments in the related matter pending in California Superior Court for the County of Santa Clara, *CRD v. Cisco Systems, Inc.* (Case No. 20-cv-372366), that may materially affect this case, including a ruling on Plaintiff HAF's motion to intervene and CRD's pending motion for leave to amend its complaint. In light of the developments outlined below, the Parties further stipulate to and jointly request an order continuing all filing deadlines, including Defendant's response to Plaintiffs' First Amended Complaint and Motion to Proceed Under Pseudonyms, for an additional 60 days to May 20, 2024.

      In support of this Joint Status Report and Request for Further Continuance, the Parties jointly state as follows:

1. Plaintiff's Complaint was filed on September 20, 2022 (ECF No. 1), and served on Director Kish on November 17, 2022 (ECF No. 4).

2. On February 6, 2023, Defendant filed his timely Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and supporting documents (ECF Nos. 8, 10). After considering the Parties' briefing, the Court issued an order on August 31, 2023, that granted Plaintiff's Motion to Dismiss and provided leave for Defendant to file an amended complaint within 21 days of entry of the order. (ECF No. 20).

3. On September 21, 2023, Plaintiff HAF filed its timely First Amended Complaint. (ECF No. 21). Plaintiff's First Amended Complaint includes two new claims and nine new plaintiffs, including three "Doe" Plaintiffs who seek to proceed under pseudonyms and whose identities have not been disclosed to Defendant Kish or his counsel. (ECF No. 21; *see* ECF No. 24).

4. On October 6, 2023, Plaintiffs filed their Motion to Proceed Under Pseudonyms for the three unnamed Doe Plaintiffs. (ECF No. 24).

5. Based on good cause shown, Defendant sought and has been granted three stipulated and unopposed extensions of time to respond to Plaintiffs First Amended Complaint and Motion to Proceed to Under Pseudonyms, for a total extension of 75, 61, and 90 days, respectively. (ECF Nos. 22-23, 25-30). Defendant's response to Plaintiffs' First Amended Complaint and Motion to Proceed Under Pseudonyms are currently due on or before March 19, 2024. (ECF No. 30).

6. This case relates to a matter pending before the California Superior Court for the County of Santa Clara, *CRD v. Cisco Systems, Inc., et al.*, Case No. 20-cv-372366. (*See, e.g.*, ECF No. 1, Comp. ¶ 9; ECF No. 21, First Am. Comp. ¶¶ 58, 65-75, Exh. A). There have been recent developments in *CRD v. Cisco Systems, Inc.* that have the potential to materially affect Defendant's response to, and this Court's consideration of, Plaintiffs' First Amended Complaint and Motion to Proceed Under Pseudonyms.

7. As previously noted, Plaintiff HAF filed a motion to intervene in *CRD v. Cisco Systems, Inc.* (*See* ECF No. 10, 10-1 Exh. B; ECF No. 20). Plaintiff's motion came before the Superior Court for a hearing on November 16, 2023. The Superior Court issued a tentative ruling denying the motion to intervene and took the matter under submission following the hearing. On January 31, 2024, the Superior Court issued a final order denying Plaintiff's motion to intervene in *CRD v. Cisco Systems, Inc.*

8. During the November 16, 2023, hearing, the Superior Court Judge noted from the bench that certain language in paragraph 1 of the state court complaint and its accompanying footnote were unnecessary for CRD to maintain its litigation. That language states: "As a strict Hindu social and religious hierarchy, India's caste system defines a person's status based on their religion, ancestry, national origin/ethnicity, and race/color—or the caste into which they are born—and will remain until death."

9. On December 7, 2023, the Superior Court ordered CRD to amend its state court complaint to, among other things, identify its complainant by name. This order did

|   |     |   |
|---|-----|---|
| 1 |     | not require CRD to strike the language detailed in Paragraph 8, above.  CRD has filed |
| 2 |     | this amended complaint. |
| 3 | 10. | In light of the Superior Court's statements at the November 16, 2023 hearing, on |
| 4 |     | December 11, 2023, CRD also filed a motion for leave to further amend its complaint |
| 5 |     | in *CRD v. Cisco Systems, Inc*. to remove the sentence detailed in Paragraph 8, above, |
| 6 |     | and the accompanying footnote.  The Superior Court has scheduled CRD's motion for |
| 7 |     | a hearing on March 12, 2024, seven days before Defendant Kish's current deadlines |
| 8 |     | in this matter.  It is the Parties' experience that the court may require two to three |
| 9 |     | months to issue a final order following a hearing. |
| 10 | 11. | The Parties agree that the Superior Court's pending determination CRD's motion for |
| 11 |     | leave to amend its complaint to remove language regarding Hindu social and |
| 12 |     | religious hierarchy has the potential to materially affect the issues being litigated in |
| 13 |     | this case, including Defendant's response to Plaintiffs' First Amended Complaint and |
| 14 |     | Motion to Proceed Under Pseudonyms.  Allowing additional time for the pending |
| 15 |     | responsive pleading and motion practice in this matter will serve judicial economy by |
| 16 |     | alleviating the risk that this Court unnecessarily considers legal arguments that may |
| 17 |     | be materially affected by the pending proceedings in state court. |
| 18 | 12. | The Parties require additional time to allow the Superior Court resolve CRD's motion |
| 19 |     | for leave to amend its complaint.  Thereafter, the Parties will require time to fully |
| 20 |     | consider whether and, if so, how the Superior Court's rulings and CRD's amended |
| 21 |     | complaint affect this case, and to meet and confer and brief the issues accordingly. |
| 22 | 13. | Therefore, for good cause and in the interests of judicial economy, the Parties |
| 23 |     | respectfully request that this Court continue all deadlines and events in this matter, |
| 24 |     | including Defendant's response to the First Amended Complaint and Motion to |
| 25 |     | Proceed Under Pseudonyms, for an additional 60 days to May 20, 2024. |
| 26 | 14. | The Parties agree to file a second joint status report by May 1, 2024, to inform the |
| 27 |     | Court of the status of the above-described matter in Santa Clara County Superior |
| 28 |     | Court.  If the Superior Court has not resolved CRD's pending motion for leave to |

amend its complaint, the Parties may seek leave for an additional continuance to allow the Superior Court to do so.

Based on the foregoing, the Parties respectfully request that this Court enter an order:

(i) Continuing all events and deadlines in this matter for 60 days;

(ii) Extending Defendant Kish's time to file any response to Plaintiff's First Amended Complaint by 60 days to May 20, 2024;

(iii) Extending Defendant Kish's time to oppose Plaintiffs' Motion to Proceed Under Pseudonyms by 60 days to May 20, 2024; and

(iv) Requiring the Parties to file a joint status report informing the Court of the status of CRD's motion for leave to amend its complaint in *CRD v. Cisco Systems, Inc.* (Cal. Sup. Crt Case No. 20-cv-372366) on or before May 1, 2024.

Dated:  February 27, 2024                Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM H. DOWNER
Supervising Deputy Attorney General

/s/ Carly J. Munson
CARLY J. MUNSON
Deputy Attorney General
*Attorneys for Kevin Kish, in his official capacity as Director of the*
*California Civil Rights Department*


NARAYAN TRAVELSTEAD, P.C.

 /s/ (as authorized on February 26, 2024)
Timothy C. Travelstead, Esq.
Scott C. Ku, Esq.
*Attorneys for Plaintiff Hindu American Foundation*