1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    MICHAEL NEWMAN, State Bar No. 222993
     Senior Assistant Attorney General
3    WILLIAM H. DOWNER, State Bar No. 257644
     Supervising Deputy Attorney General
4    *CARLY J. MUNSON, State Bar No. 254598
     JENNIFER M. SOLIMAN, State Bar No. 332519
5    Deputy Attorneys General
      1300 I Street
6      Sacramento, CA 95814
     Telephone: (916) 210-7845
7      Fax: (916) 731-2129
     E-mail: Carly.Munson@doj.ca.gov
8    *Attorneys for Defendant Kevin Kish, Director of*
     *California Civil Rights Department*

9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| **HINDU AMERICAN FOUNDATION, INC.,** a Florida Not-For-Profit Corporation; **SAMIR KALRA; MIHIR MEGHANI; SANGEETHA SHANKAR; DILIP AMIN, SUNDAR IYER, RAMANA KOMPELLA** as individuals; and **DOE PLAINTIFFS ONE TO THREE,**<br><br>                Plaintiff,<br><br>      **v.**<br><br>**KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1-50, inclusive,**<br><br>           Defendants. | Case No. 2:22-CV-01656-DAD-JDP<br><br><br>**OPPOSITION TO DOE PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**<br><br><br>Date:         No Date Set<br>Time:        No Date Set<br>Judge:       Hon. Dale A. Drozd<br><br>Action Filed:   September 20, 2022<br>First Am. Comp. filed: September 21, 2023 |

# INTRODUCTION

Plaintiffs Doe One, Doe Two, and Doe Three (collectively, "Doe Plaintiffs") have moved this Court for leave to proceed with their suit anonymously under pseudonyms or fictitious names.  (ECF No. 24).  The Court should decline to hear Doe Plaintiffs' motion because they have failed to meet and confer with Defendant Kish as required by the Court's Standing Order in Civil Cases (ECF No. 3-1 at 2).  In the alternative, this Court should deny Doe Plaintiffs' motion because they have not met the standard necessary to warrant such anonymity.  Doe Plaintiffs have neither shown that they reasonably fear actual threats of severe harm or retaliation if they proceed under their real names, nor that anonymity is otherwise necessary to preserve their privacy in a highly sensitive and personal matter.  In particular, Doe Plaintiffs have not demonstrated that they should be able to keep their identities secret from Defendant Kevin Kish, Director of the California Department of Civil Rights ("CRD" or "the Department").  Allowing the Doe Plaintiffs to protect their identities from Director Kish would prejudice him by impeding his ability to defend himself in this lawsuit.

# BACKGROUND

CRD is a state agency charged with enforcing California's civil rights laws, including the Fair Employment and Housing Act ("FEHA") (*see* Cal. Gov't Code §§ 12900-12999), which the Legislature has declared to be "an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of [California]."  Cal. Gov't Code § 12920.  The FEHA empowers the Department to receive, investigate, conciliate, and litigate complaints that allege violations of the laws that are within the broad scope of its jurisdiction.  Cal. Gov't Code §§ 12930(f), 12965.  The central purpose of the FEHA is to prevent, eliminate, and remedy discrimination in employment, housing, and other aspects of daily living.  Cal. Gov't Code §§ 12920-12921, 12930 & 12948 (incorporating the Unruh Civil Rights Act, the Ralph Civil Rights Act, and Government Code § 11135 into the FEHA and CRD's enforcement authority); *see also Harris v. City of Santa Monica*, 56 Cal. 4th 203, 223-224 (2013).

The Department exercised this statutory authority in October 2020 by initiating a FEHA enforcement action in state court against Cisco Systems, Inc. ("Cisco") for discrimination,

harassment, and retaliation against an employee, Mr. Chetan Narsude, based on his caste status. (*See* ECF No. 21, Exhibit ("Exh.") A, CRD Employment Discrimination Complaint Against Cisco Systems[1]; *see also* Gov't Code § 12965).

In response to the Department's discrimination suit against Cisco (referred to hereinafter as "State Action" or "*CRD v. Cisco*"), in 2022 the Hindu American Foundation ("HAF") filed this federal action against the Director Kish, under section 1983 of Title 42 of the United States Code ("Section 1983"). (ECF No. 1). HAF alleged that the Department's efforts to remedy caste-based discrimination at Cisco violate the U.S. Constitution's Free Exercise Clause of the First Amendment and the Due Process and Equal Protection Clauses (religion) of the Fourteenth Amendment by linking the practice of caste discrimination to Hinduism. (*Id.*) Through this suit, HAF sought to have this Court declare the Department's state suit against Cisco unconstitutional and enjoin the Department from pursuing certain types of future employment discrimination actions, in contravention of its statutory mandate. *See, e.g.*, Gov't Code § 12930(f)(1). Director Kish sought to dismiss the instant action under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (ECF No. 8). On August 31, 2023, this Court granted Defendant Kish's motion and dismissed HAF's suit in its entirety pursuant to Rule 12(b)(1). (ECF No. 20 at 21). The Court granted HAF an opportunity to amend its complaint to remedy its pleading deficiencies. (*Id.*).

On September 21, 2023, HAF filed its First Amended Complaint, adding nine new individual plaintiffs—including the three Doe Plaintiffs—and two new claims under the U.S. Constitution's Establishment Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment. (ECF No. 21). The crux of the First Amended Complaint—including Doe Plaintiffs' four claims—remains a mischaracterization of and disagreement with the Department's efforts to enforce the FEHA and remedy caste-based discrimination through *CRD v. Cisco*. (*See* ECF No. 21). Thereafter, on October 6, 2023, Doe Plaintiffs filed their motion to

---

[1] Plaintiffs' Exhibit A to its First Amended Complaint (ECF No. 21 at 37-56) is the original complaint filed by the Department against Cisco in Santa Clara County Superior Court in October 2020. However, the Department has since amended its complaint. For the Court's convenience, Director Kish has provided the operative Second Amended Complaint in *CRD v. Cisco* with his concurrently filed Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint. (*See* Declaration of Carly J. Munson in Support of Motion to Dismiss First Amended Complaint and Request for Judicial Notice, Exh. C).

proceed under pseudonyms.  (ECF No. 24).

## ARGUMENT

**I.   THE COURT SHOULD DECLINE TO HEAR DOE PLAINTIFFS' MOTION BECAUSE THEY FAILED TO THOROUGHLY MEET AND CONFER PRIOR TO FILING, AND THUS THE MATTER IS NOT RIPE FOR RESOLUTION**

Pursuant to the Court's Standing Order in Civil Cases, "[p]rior to filing a motion in which the parties are represented by counsel, counsel *shall* engage in a pre-filing meet and confer to discuss *thoroughly* the substance of the contemplated motion and any potential resolution."  (ECF No. 3-1 at 2 (emphasis added)).  The "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  (L.R. 110; *see also* Fed. R. Civ. Proc. 11).  Here, Doe Plaintiffs' counsel failed to meet and confer with counsel for Director Kish prior to filing the instant motion to proceed under pseudonyms.  Thus, this Court should exercise its inherent power to decline to hear the motion unless and until such time as Doe Plaintiffs complete meet and confer efforts and properly present the issue for the Court's resolution.

In its August 31, 2023, order granting Director Kish's motion to dismiss HAF's original complaint, the Court allowed HAF twenty-one (21) days to amend its complaint to attempt to cure its pleading deficiencies.  (ECF No. 20 at 20-21).  Accordingly, HAF's amended complaint was due on or before September 21, 2023.

On September 20, 2023, HAF's counsel contacted Director Kish's counsel by email to ask if Director Kish would "stipulate" to three unnamed individuals filing claims as "Doe" plaintiffs. (Declaration of Carly J. Munson in Support of Opposition to Doe Plaintiffs' Motion to Proceed Under Pseudonyms ("Munson Decl.") ¶ 5, Exh. A).  Director Kish's counsel replied the same day, noting that she was not aware that proceeding under pseudonyms could be resolved by stipulation and requesting HAF's legal authority for consideration.  (*Id.*)  Director Kish's counsel further stated that counsel's email did "not provide[] sufficient information for [Director Kish] to reasonably evaluate whether [the three] individuals meet the test for proceeding under pseudonyms, nor [Director Kish's] position on the issue."  (*Id.*)  Director Kish's counsel continued:

OPPOSITION TO DOE PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS (2:22-CV-01656)

Similarly, the scope of your proposed relief is unclear.  To the extent that you are seeking permission not to disclose the plaintiffs' identities to Director Kish, as the defendant in this matter, we would have concerns.  Without knowing the plaintiffs' identities, Director Kish will be severely prejudiced in his ability to defend this matter, including as to issues of immediate importance such as evaluating whether the plaintiffs have standing.  Further, there is not reasonable factual basis for asserting that Director Kish would target any individual plaintiffs if aware of their identities.

(*Id.*)  Director Kish's counsel concluded by providing her and her colleague's availability to meet and confer on the matter.  (*Id.*)

On September 21, 2023, HAF's counsel acknowledged that "the local rules require us to meet and confer before filing a motion."  He further provided a vague description of the basis for the motion:

The grounds for the request are similar to those used by the CRD in asking for John Doe to remain anonymous in the Cisco matter.  They are tech industry workers worried about being targeted by the CRD, their employers, and anti-Hindu vitriol on line [sic] and in the workplace.

(*Id.*)[2]  Despite acknowledging the need to meet and confer, HAF's counsel failed to provide his availability or schedule a time for such discussions.  (*See id.*)

Director Kish's counsel replied the same day to reiterate her and her colleague's availability to meet and confer on this issues.  (*Id.*)  Counsel further stated:

From your email below, it is still not clear what the bases are for the proposed plaintiffs to proceed under pseudonyms.  It is also unclear whether you are proposing to keep the identities of the plaintiffs confidential from both the public and the defendant, or whether you intend to disclose the identities of the plaintiffs to [defendant] and only seek to shield their names from the public.

(*Id.*)  HAF's counsel did not reply to provide further information or otherwise speak with Director Kish's counsel regarding the substance of the intended motion or scope of relief, or how the parties could take steps to alleviate the prejudice to Director Kish.  (Munson Decl. ¶¶ 5, 7).

---

[2] In *CRD v. Cisco*, the Department moved the state court to allow their complainant, Mr. Chetan Narsude, to proceed under a fictitious name as to the public because of the highly sensitive nature of his *caste identity* and because he had already been subject to actual harassment, discrimination, and retaliation on the basis of his caste.  Doe Plaintiffs' motion instead appears to be based on their religion and vague fears of hypothetical, future retaliation on the basis of being a party to this lawsuit.  (*See* ECF No. 24 at 4-6).  In any case, the state court denied the Department's motion and Mr. Narsude has been named publicly in their State Action.  (*See* Declaration of Carly J. Munson in Support of Motion to Dismiss and Request for Judicial Notice, Exhs. A-C).

OPPOSITION TO DOE PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS (2:22-CV-01656)

On September 21, 2023, HAF filed its First Amended Complaint, which added nine new individual plaintiffs, and named three of the Plaintiffs as "Does." (ECF No. 21). Two weeks later, Doe Plaintiffs filed the instant motion. (ECF No. 24). In their motion, Plaintiffs' counsel states that they "certify, through counsel, that *meet and confer efforts have been exhausted*[.]" (*Id.* at 2:9 (emphasis added)). Counsel continues: "The parties discussed potentially stipulating to Does One to Three proceeding in this matter anonymously on September 20, 2023, and September 21, 2023 and Defendant's counsel did not believe parties had authority to stipulate to this issue under the Federal Rules." (*Id.* at 2:9-12).

Doe Plaintiffs' "meet and confer efforts" fall well short of this Court's instructions to "discuss *thoroughly* the substance of the contemplated motion and any potential resolution." (ECF No. 3-1 at 2 (emphasis added)). Doe Plaintiffs offered no detail regarding the legal grounds supporting their motion. (*See* Munson Decl., Exh. A). They also failed to engage in any meaningful way with Defendant's counsel's questions, including whether Plaintiffs proposed to keep their identities secret from Director Kish himself, why they needed such anonymity, and how prejudice to Director Kish could be avoided. (*See id.*) Defendant's counsel explicitly offered to meet and confer, but Plaintiff's counsel failed to respond or schedule a single call or meeting. (*Id.* ¶¶ 5, 7, Exh A). Counsel's perfunctory email correspondence of September 20 and 21, 2023 failed to cure its lack of engagement on these issues.

Had Doe Plaintiffs' counsel conducted the requisite meet and confer, it is entirely possible that some or all of the issues that Director Kish is now forced to raise on opposition could have been addressed prior to presenting this issue to the Court for resolution (for example, the parties could have discussed how avoid prejudice to Director Kish, how to manage Doe Plaintiffs' information in discovery, etc.). Director Kish remains willing to discuss these issues with Doe Plaintiffs to see if the Parties can reach a mutually agreeable resolution to propose to the Court. (*See id.* ¶ 10). Accordingly, this matter has not been properly presented and is not ripe for resolution by this Court. For this reason alone, the Court should decline to hear this motion.

## II.   IN THE ALTERNATIVE, DOE PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEY HAVE NOT MET THE STANDARD REQUIRED FOR ANONYMITY

Doe Plaintiffs seek the Court's permission to proceed in this action under the pseudonyms Doe One, Doe Two, and Doe Three as to *both* the public and the Defendant, Director Kish.  They contend that their use of pseudonyms is necessary because: (1) "[t]he issues in this case involve highly personal and sensitive matters concerning religious beliefs or lack of belief of plaintiffs"; (2) they "fear[] retaliation and [for their] safety" if their involvement in this suit is made public; and (3) neither Director Kish nor the public will be prejudiced by the anonymity.  (ECF No. 24 at 3:7-10, 6:13-7:9).  Plaintiffs' grounds lack merit.  Here, Doe Plaintiffs have not established that this is such an extraordinary case that warrants anonymity from both the Defendant and the public, let alone that their need for privacy outweighs the substantial prejudice this would cause for Director Kish.  To the contrary, the circumstances weigh in favor of rejecting Doe Plaintiffs' bid for anonymity.

### A.   Doe Plaintiffs Have Not Demonstrated That They Face Special Circumstances or Threatened Harm That Warrant Anonymity in This Suit

The true identities of parties in an action should not be concealed, except in the unusual case where there is a need for the cloak of anonymity.  *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).  The determination of necessity is subject to the Court's discretion, where the Court balances "the [moving] party's need for anonymity . . . [against] prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I thru Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Absent sufficient special circumstances justifying the need for anonymity, courts should not deviate from the longstanding notion that "[t]he people have the right to know who is using their courts."  *Stoterau*, 524 F.3d at 1013.

To determine whether to allow a party to proceed anonymously when the opposing party objects, the court balances five factors: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest."  *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing

6

*Advanced Textile Corp.*, 214 F.3d at 1068).[3]  Applying these factors, the Ninth Circuit has identified three situations that may warrant anonymity: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; or (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d 1058, 1067-68.  In each case, a plaintiff must show they face special circumstances or a vulnerability that creates a *reasonable* fear of *severe* harm.  *Kamehameha*, 596 F.3d at 1043.  Anonymity is not warranted, however, where plaintiffs merely express fear of community disagreement or disapproval without showing an actual threat specific to the plaintiff seeking anonymity.  *See, e.g., Roe v. San Jose Unified Sch. Dist. Bd.*, No. 20-CV-02798-LHK, 2021 WL 292035, at *9 (N.D. Cal. Jan. 28, 2021) (finding plaintiffs failed to show any actual threat against them or any specific people who would pose a threat); *Doe v. NFL Enterprises, LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) (finding plaintiffs did not cite an actual threat of any harm against them specifically); *Doe v. Heritage Acad., Inc.*, No. CV-16-03001-PHX-SPL, 2017 WL 6001481, at *9 (D. Ariz. June 9, 2017) (finding no record of any actual threat made against complainants nor that they would be targets).  Mere membership in a group that may be targeted by unknown individuals is insufficient to make a party's case so extraordinary as to warrant anonymity.  *See Stoterau*, 524 F.3d at 1013.

Here, Doe Plaintiffs contend that they reasonably fear for their safety because, as Hindus who reside or work in California: (1) "they are vulnerable . . . to being individually sued by the CRD in retaliation for participating in this action;" and (2) they may experience "physical, mental, and economical [sic] harm from those around them, including but not limited to prospective employers, co-workers, and persons they interact with on a daily basis."  (ECF No. 24 at 5:10-13).[4]  However, Doe Plaintiffs fail to provide sufficient evidence to support such

---

[3] Given the limited information available to him as well as Doe Plaintiffs' failure to meet the first four factors, Director Kish does not take a position herein as to the fifth factor.

[4] In their motion, Doe Plaintiffs also contend that the "highly publicized and controversial debate surrounding caste discrimination in the nation and abroad" exposes their extended family who reside locally and abroad to these same threats.  (ECF No. 24 at 5:14-16).  But Doe Plaintiffs aver no facts to support a finding of such extended threats.  (*See* ECF Nos. 24-3, 24-4, 24-5).

conclusions.  To the contrary, Doe Plaintiffs' allegations supporting their request for anonymity are conjectural and fail to provide a plausible basis for this Court to find that they reasonably fear harm if they are identified.

In support of their motion, Doe One claims they are "embarrassed" by the Department's State Action and "feel" like others are judging them based on their appearance and religious beliefs.  (ECF No. 24-3 ¶ 8).  Doe Two states that "people around [them] believe that Hindus are inherently discriminatory" and that they "feel [] that if [they] practice Hindu, [they] will be seen as a discriminatory person."  (ECF No. 24-4 ¶¶ 3-4).  Doe Two also avers that "people [they] work with and interact with on a daily basis . . . have expressed hateful bias towards [them] and persons of South Asian descent practicing Hinduism," and that they have been "ostracized by the many people who simply do not understand caste and Hinduism."  (*Id.* ¶ 6).  Doe Three says that they, too, have been "ostracized" at work and received "express hate on internal company social media channels," which they "expect [] to continue."  (ECF. No. 24-5 ¶¶ 8-9).  Doe Three says they have been asked questions about Hinduism and caste and that they "feel embarrassment and anger each time" they are approached.  (*Id.* ¶ 10).

These bare recitations are insufficient for this Court to find that Doe Plaintiffs face any of the situations that warrant anonymity.[5]  Doe Plaintiffs do not allege any credible facts to show that revealing themselves to be Hindus has or would subject them to the type of severe harm that warrants anonymity.  Doe One merely alleges their own discomfort with the Department's State Action, but not plausible likelihood of threats or harm.  And although Does Two and Three allege that they have already been treated badly by co-workers within their workplaces as a result of being known to practice Hinduism and/or be of South Asian descent—which, if true, is concerning—neither has alleged that their co-workers have made any actual threats of harm against them specifically, or that the mistreatment is a result of, or would increase due to, their participation as plaintiffs in this litigation.  At most, Doe Plaintiffs have demonstrated that many in their communities disagree with or do not understand their beliefs.  Yet "[c]ommunity

---

[5] Doe Plaintiffs do not contend that their participation in this suit will compel them to disclose illegal conduct and thus risk criminal prosecution.  (*See* ECF No. 24).

OPPOSITION TO DOE PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS (2:22-CV-01656)

disagreement and any resulting 'embarrassment or economic harm is not enough' to support a pseudonymous lawsuit." *San Jose Unified*, 2021 WL 292035, at *9 (citing *NFL Enterprises*, 2017 WL 697420, at *2).  Moreover, these allegations suggest that the information Does Two and Three seek to protect about their identities is already known within their communities, negating any need to keep their religious beliefs private through anonymity in this lawsuit.

Nor do Doe Plaintiffs plausibly allege any future harassment or harm from proceeding in this lawsuit under their real names.  Doe Plaintiffs' allegations are instead vague and conclusory fears of some formless threat from the Department or the public.  Each Doe Plaintiff asserts that: "if people know my personal information, I fear that they will try to harm or retaliate against me or my family, either physically or in some other way."  (ECF Nos. 24-3 ¶ 11, 24-4 ¶ 8, 24-5 ¶ 12).  Yet the Doe Plaintiffs do not aver any actual threat or specific people who would pose that threat. Does One and Three say they are concerned that they cannot speak up for persons of South Asian descent "without receiving retribution in return," but they provide no plausible basis for finding this risk is real, nor what such retribution would entail and who would enact it.  (ECF Nos. 24-3 ¶ 4, 24-5 ¶ 3).  Doe Two says they have "witnessed" an unnamed Hindu non-profit generally "being targeted" because it was a Hindu faith-based charity (ECF No. 24-4 ¶ 9), but does not allege that they would be similarly "targeted" nor who would hypothetically target them and how. *See San Jose Unified*, 2021 WL 292035, at *9 (citing *NFL Enterprises*, 2017 WL 697420, at *2).

Doe Plaintiffs' speculative concerns that the Department itself will retaliate against them for participating in this suit are similarly unavailing.  (*See* ECF Nos. 24-3 ¶ 11, 24-4 ¶ 8, 24-5 ¶ 12).  In their motion, Doe Plaintiffs contend that Plaintiffs Iyer and Kompella's former status as defendants in *CRD v. Cisco* demonstrates that the Doe Plaintiffs could be subject to retaliation based on their participation in this suit.  (ECF No. 24 at 5:23-24 - 6:1-3).  Yet none of the Doe Plaintiffs have established how the Department—which performs its duties in accordance with statutory parameters (*see supra* at 1)—would have the ability to retaliate in the way that they fear. For example, none of the Doe Plaintiffs say they are employers or supervisors who could

plausibly be subject to hypothetical future enforcement actions themselves.[6]

Finally, Doe Plaintiffs have not alleged or established that they face any greater threats than the other Individual Plaintiffs who do not seek anonymity. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (denying motion to use pseudonyms because the plaintiffs had not demonstrated they faced a greater threat of retaliation than the typical plaintiff alleging similar claims, including other plaintiffs who had filed similar suits under their real names). Absent such evidence, the fact that six other Individual Plaintiffs have proceeded in this suit under their real names—including five Individual Plaintiffs who are also practicing Hindus who reside or work in California—weighs against allowing the three Doe Plaintiffs to proceed under pseudonym. (*See* ECF No. 21 ¶¶ 2-20).

Doe Plaintiffs have not met their burden of showing that they fear severe harms if they proceed under their real names, and that their fears of severe harm are reasonable. The Court should deny their motion on this basis alone.

> **B.    Director Kish Would Be Prejudiced by Doe Plaintiffs' Requested Anonymity, Outweighing Any Interests Doe Plaintiffs May Have in Protecting Their Privacy**

In evaluating a plaintiff's need for anonymity, the Court must also weigh and mitigate prejudice to an opposing party. *See Advanced Textile*, 214 F.3d at 1068. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether the proceedings may be structured so as to mitigate that prejudice." *Id.* at 1067. Anonymity should not impede a defendant's ability to develop its case. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) (*SFBSC*). If a plaintiff's anonymity interferes with a defendant's ability to address specific allegations against it, the defendant is prejudiced. *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (citing *Advanced Textile*, 214 F.3d at 1072; *Jessica K. v. Eureka Schools Dist.*, No. C 13-05854 WHA, 2014 WL 689029, at *5 (N.D. Cal. Feb. 21, 2014)).

Plaintiffs who have demonstrated that they face threats of real harm and seek to protect

---

[6] The Department brought charges under the FEHA against now-Plaintiffs Iyer and Kompella due to their specific, alleged actions in their roles as supervisors at Cisco. (*See* ECF No. 21, Exh. A).

1  their identities from public disclosure should mitigate prejudice by sharing their identities with

2  defendants.  *See, e.g., SFBSC*, 77 F. Supp. 3d at 995-96 (holding that plaintiffs' providing the

3  defendant their real names under protective order was implicit to allowing plaintiffs to proceed

4  anonymously to the public); *Publius*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (holding that a

5  defendant was not prejudiced by an anonymous plaintiff where that plaintiff had provided his

6  identity to defendant under protective order).  Without knowing who is suing him, Director Kish

7  will be unable to engage in the basic components of litigation, such as evaluating a party's

8  standing, conducting depositions, and engaging in discovery.  *See Heritage Academy*, 2017 WL

9  6001481 at *10 (holding anonymity hindered discovery of information regarding standing to seek

10  relief); *SFBSC*, 77 F. Supp. 3d at 995 (holding anonymity that causes impediments to discovery

11  in litigation is a real concern).

12      Here, Doe Plaintiffs seek not only to hide their identities from the public, but also to

13  prevent Director Kish from knowing who is suing him.  (ECF No. 24; *see also* Munson Decl.

14  ¶ 8).  Doe Plaintiffs contend without providing any legal basis that "anonymity will not prejudice

15  [Director Kish]" because their "identities . . . are not relevant to the claims" or Director Kish's

16  defense.  (ECF No. 24 at 6:16-19).  This is not plausible, given that their allegations, and the

17  claims they plead, are intertwined with their alleged identities as Hindu Americans who allege

18  injury arising out of the Department's litigation against Cisco.  (*See* ECF No. 21 ¶¶ 21-23, 76-

19  124).  In fact, the grounds on which Doe Plaintiffs seek anonymity are the very bases for their

20  claims against Director Kish.  (*See id.*; *see also* ECF No. 24).

21      Prior to their filing this motion, Director Kish notified Doe Plaintiffs that he would be

22  prejudiced in his ability to defend this action if he did not know their identities.  (Munson Decl.

23  ¶ 5, Exh. A).  And Doe Plaintiffs have not taken any steps to mitigate the resulting prejudice to

24  Director Kish.  For example, they have not offered to provide their identities in confidential

25  communications outside of public filings or engaged in discussions about a protective order that

26  would allow Director Kish to an opportunity to conduct meaningful discovery in this action.  (*Id.*

27  ¶¶ 5, 7-9, Exh. A).  Allowing Doe Plaintiffs to proceed under pseudonyms at this stage and

28  without any agreements or mechanisms in place to protect Director Kish from the resulting

1    prejudice would effectively prevent him from defending against this litigation.  This prejudice

2    significantly outweighs the non-specific, hypothetical reasons proffered for anonymity.

3                                    **CONCLUSION**

4          For the reasons discussed above, Defendant Kish respectfully asks that this Court decline to

5    hear Doe Plaintiffs' motion unless and until such time as it can be properly presented to the Court

6    for resolution.  In the alternative, and to the extent that the Court does not abstain from hearing or

7    otherwise dismiss Doe Plaintiffs' claims pursuant to Rule 12(b)(1) or 12(b)(6), Defendant Kish

8    respectfully requests that the Court deny Doe Plaintiffs' motion to proceed under pseudonyms, or

9    at a minimum require that the Doe Plaintiffs, through counsel, confer with Defendant Kish to

10   negotiate a protective order that would allow him to know their identities and meet his basic

11   discovery obligations.

12

13   Dated:  May 20, 2024                        Respectfully submitted,

14                                               ROB BONTA
                                                 Attorney General of California
15                                               MICHAEL NEWMAN
                                                 Senior Assistant Attorney General
16                                               WILLIAM H. DOWNER
                                                 Supervising Deputy Attorney General

17                                               /s/ Carly J. Munson _____

18                                               CARLY J. MUNSON
                                                 JENNIFER M. SOLIMAN
19                                               Deputy Attorneys General
                                                 *Attorneys for Director Kevin Kish*
20

21

22

23

24

25

26

27

28