# Exhibit F

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 215260 | FOR COURT USE ONLY |
|---|---|---|

NAME: Timothy C. Trvelstead, Esq.

FIRM NAME: Narayan Travelstead P.C.

STREET ADDRESS: 7901 Stoneridge Drive, Suite 230

CITY: Pleasanton        STATE: CA        ZIP CODE: 94588

TELEPHONE NO.: (650) 403-0150        FAX NO.:

E-MAIL ADDRESS: t.travelstead@narayantravelstead.com

ATTORNEY FOR (name): Hindu American Foundation

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

STREET ADDRESS: 191 North First Street

MAILING ADDRESS: 191 North First Street

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: California Department of Fair Employment and Housing

DEFENDANT/RESPONDENT: Cisco Systems, Inc.

| [x] **NOTICE OF APPEAL** [ ] **CROSS-APPEAL** (UNLIMITED CIVIL CASE) | CASE NUMBER: 20CV372366 |
|---|---|

> **Notice: Please read** *Information on Appeal Procedures for Unlimited Civil Cases* **(Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that (name):  Hindu American Foundation

   appeals from the following judgment or order in this case, which was entered on *(date)*:  January 31, 2024

   [ ] Judgment after jury trial

   [ ] Judgment after court trial

   [ ] Default judgment

   [ ] Judgment after an order granting a summary judgment motion

   [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

   [ ] Judgment of dismissal after an order sustaining a demurrer

   [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

   [ ] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

   [x] Other *(describe and specify code section that authorizes this appeal):*
       Order Denying Intervention (County of Alameda v. Carleson (1971), 5 Cal.3d 730, 736)

2. For cross-appeals only:

   a. Date notice of appeal was filed in original appeal:

   b. Date superior court clerk mailed notice of original appeal:

   c. Court of Appeal case number *(if known)*:

Date:  March 29, 2024

Timothy C. Travelstead

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2017]        **NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
(Appellate)        Cal. Rules of Court, rule 8.100
www.courts.ca.gov

EFS-020 Wong

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: 335469 | | FOR COURT USE ONLY |
| NAME: Mackenzie Anderson | | |
| FIRM NAME: Civil Rights Department | | |
| STREET ADDRESS: 2218 Kausen Drive, Suite 100 | | |
| CITY: Elk Grove    STATE: CA    ZIP CODE: 95758 | | |
| TELEPHONE NO.: (916) 478-7251    FAX NO.: (888) 382-5293 | | |
| E-MAIL ADDRESS: Mackenzie.Anderson@calcivilrights.ca.gov | | |
| ATTORNEY FOR (name): Plaintiff Civil Rights Department | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

| | |
|---|---|
| PLAINTIFF/PETITIONER: Civil Rights Department | CASE NUMBER: 20CV372366 |
| DEFENDANT/RESPONDENT: Cisco Systems, Inc. | JUDICIAL OFFICER: Hon. Amber Rosen |
| OTHER: | |
| **PROPOSED ORDER (COVER SHEET)** | DEPT: 16 |

---

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:

   Civil Rights Department (formerly Department of Fair Employment and Housing)

2. Title of the proposed order:

   [Proposed] Order on Hindu American Foundation's Motion for Leave to Intervene

3. The proceeding to which the proposed order relates is:

   a. Description of proceeding: Hindu American Foundation's Motion for Leave to Intervene

   b. Date and time: November 16, 2023, at 9:00 a.m.

   c. Place: 191 North First Street
      San Jose, CA 95113

4. The proposed order was served on the other parties in the case.

Mackenzie Anderson
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

**EFS-020**

| CASE NAME: | DFEH v. Cisco Systems, Inc., et al | CASE NUMBER:<br>20CV372366 |
|---|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*
      2218 Kausen Drive, Suite 100, Elk Grove, CA 95758

   b. My electronic service address is *(specify):*

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*

   b. To *(electronic service address of person served):*

   c. On *(date):*

   [X] Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

1  JAMIE CROOK (#245757)
   Chief Counsel
2  RUMIE VUONG (#264392)
   Assistant Chief Counsel
3  ROYA MASSOUMI (#242697)
   Associate Chief Counsel
4  DYLAN COLBERT
   Staff Counsel (#341424)
5  California Civil Rights Department
6  2218 Kausen Drive, Suite 100
   Elk Grove, CA  95758
7  Telephone:      (916) 478-7251
   Facsimile:      (888) 382-5293
8
   Attorneys for Plaintiff
9  California Civil Rights Department
   (Fee Exempt, Gov. Code, § 6103)
10

Filed
February 1, 2024
Clerk of the Court
Superior Court of CA
County of Santa Clara
20CV372366
By:  crubio

11

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

IN AND FOR THE COUNTY OF SANTA CLARA

13

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, ) | Case No.: 20CV372366 |
| Plaintiff, ) | [PROPOSED] ORDER ON HINDU AMERICAN FOUNDATION'S MOTION FOR LEAVE TO INTERVENE |
| v. ) | Dept.: 16 |
| CISCO SYSTEMS, INC., a California Corporation; SUNDAR IYER, an individual; RAMANA KOMPELLA, an individual, ) | Judge: Hon. Amber Rosen |
| Defendants. ) | Complaint Filed:      October 16, 2020 |

The Hindu American Foundation's ("HAF") Motion for Leave to Intervene came on for hearing before the Honorable Amber Rosen on November 16, 2023 at 9:00 a.m. in Department 16. The matter having been submitted, after full consideration of the authorities and evidence submitted by each party in their papers and at the hearing, and the arguments made by the parties in their papers and at the hearing, the Court makes the following ruling:

The Hindu American Foundation has filed a motion to intervene in the case. Plaintiff, California Department of Fair Employment and Housing, now Civil Rights Department (CRD), opposes the intervention.

Plaintiff's request for judicial notice is granted. Evid. Code § 452.

Mandatory intervention is available if a non-party can establish: (1) the non-party has "an interest relating to the property or transaction that is the subject of the action," (2) that the "disposition of the action may impair or impede [the non-party's] ability to protect that interest," and (3) the interest is not "adequately represented by one or more of the existing parties." (§ 387 subd. (d)(1)(B).) "These criteria are virtually identical to those for compulsory joinder of an indispensable party." (*Carlsbad Police Officers Association v. City of Carlsbad* (2020) 49 Cal.App.5th 135, 148.) Section 387, subdivision (d)(2) provides for permissive intervention where a nonparty timely applies and "(1) the intervenor has a direct and immediate interest in the litigation, (2) the intervention will not enlarge the issues in the case, and (3) the reasons for intervention outweigh opposition by the existing parties." (*Hinton v. Beck* (2009) 176 Cal.App.4th 1378, 1382–1383.)" If these factors are met, permissive intervention is still discretionary.

For intervention as a right, the interest must be legally "protectable." (*Accurso*, 94 Cal.App.5th at 1145.) HAF's motion raises a free exercise claim under the First Amendment. To establish a viable free exercise claim a plaintiff must show that a government action substantially burdened or had a coercive effect on their practice of religion. (See *Harris v. McRae* (1980) 448 U.S. 297, 321 [organizational plaintiff must demonstrate coercive effect against the practice of individual member's religions]; *Jones v. Williams* (9th Cir. 2015) 791 F.3d 1023, 1031–1032 [plaintiff must show that the government action in question substantially burdens the person's

-2-

1  practice of their religion].)[1] "A substantial burden . . . place[s] more than an inconvenience on
2  religious exercise; it must have a tendency to coerce individuals into acting contrary to their
3  religious beliefs or exert substantial pressure on an adherent to modify his behavior and to
4  violate his beliefs." (*Jones*, 791 F.3d at 1031-1032.) HAF has not demonstrated a viable Free
5  Exercise Clause claim as required for mandatory intervention. HAF's complaint does not allege
6  any facts showing that CRD coerced anyone into doing something inimical to their religious
7  convictions or otherwise prevented them from being able to practice their religion. Seeking to
8  end caste-based discrimination at Cisco (the goal of CRD's enforcement action) would not
9  prevent or burden Hindu Americans from practicing their religion. HAF's motion erroneously
10  characterizes CRD's enforcement action as seeking to define Hinduism, but erroneously defining
11  or characterizing a religion in a pleading does not have an unlawful coercive effect on an
12  adherent's ability to practice their religion.

13       HAF's proposed complaint also contains a cause of action under the Unruh Act. This
14  cause of action is legally insufficient as Unruh "prohibits arbitrary discrimination in California
15  business establishments on the basis of specified classifications." (*Harrison v. City of Rancho*
16  *Mirage* (2015) 243 Cal.App.4th 162, 172.) Government entities are only liable under Unruh
17  when they act as business establishments. (*Ibid.* at p. 175-76.) Here, HAF argues that CRD's
18  actions are legislative in nature--the type of actions courts have found is not liable under Unruh.
19  (See *ibid.* at p. 175.) HAF does not have a legal interest under Unruh as CRD is not acting as a
20  business establishment.

21       The lack of interest is sufficient to deny mandatory intervention. It should be noted that it
22  does not appear that HAF can meet the second criteria for mandatory intervention either-that the
23  disposition of the action may impair HAF's ability to protect the free exercise of Hinduism. The
24  point of the lawsuit is to prevent discrimination at Cisco based on caste. It is hard to see how

25

26
   _____
27  [1] Due to the similarities between Code of Civil Procedure section 387 and Federal Rules of Civil
    Procedure Rule 24, it is proper for California courts to "take guidance from federal law" in
28  interpreting section 387. (Accurso, supra, 94 Cal.App.5th at 1138.)

1  such a case, even though it wrongfully ascribes the caste system to Hinduism, would result in the

2  inability of Hindus to freely practice their religion. The Court does not find HAF's papers

3  persuasive on this point. For these reasons, HAF is not entitled to mandatory intervention.

4       In deciding whether to permit discretionary intervention, the court must first consider

5  whether the HAF has a direct and immediate interest in the litigation. For the reasons outlined

6  above, the answer to this is no. HAF does not have a legally protectable interest in the case. The

7  court must also consider whether the intervention will enlarge the issues in the case. The answer

8  is it would, as it would introduce issues of First Amendment law and the Unruh Civil Rights

9  Law, neither of which are at issue in the underlying action. Finally, the reasons for intervention

10  do not outweigh the opposition and therefore, the court denies the HAF's motion to intervene.

11  ~~Plaintiff shall prepare the final order.~~

12

13

14  **1/31/2024 6:02:43 PM**
    DATED: _____

15                                      HON. AMBER ROSEN
16                                      SANTA CLARA SUPERIOR COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

-2-

*Cal. Dept. of Fair Emp. and Hous. v. Cisco Systems, Inc., et al.* (Case No. 20CV372366)
[Proposed] Order on HAF's Motion for Leave to Intervene

**PROOF OF SERVICE**

I, Mackenzie Anderson, the undersigned, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758. My electronic service address is mackenzie.anderson@calcivilrights.ca.gov.

On the date below, I served the following document(s) via Electronic Service:

- **[PROPOSED] ORDER ON HINDU AMERICAN FOUNDATION'S MOTION FOR LEAVE TO INTERVENE**

In the case DFEH v. Cisco Systems, Inc. et al, Santa Clara County Superior Court Case No.: 20CV372366, to the person(s) listed below at the following e-mail address(es):

| | |
|---|---|
| Jamie Crook<br>Jamie.Crook@calcivilrights.ca.gov<br>Rumduol Vuong<br>rumduol.vuong@calcivilrights.ca.gov<br>Dylan Colbert<br>Dylan.colbert@calcivilrights.ca.gov<br>Roya Massoumi<br>Roya.Massoumi@CalCivilRights.ca.gov<br>**Attorneys for Plaintiff**<br>**California Department of Fair Employment and Housing** | Lynne C. Hermle<br>lchermle@orrick.com<br>Joseph C. Liburt<br>jliburt@orrick.com<br>Nicholas J. Horton<br>nhorton@orrick.com<br>**Attorneys for Defendant Cisco Systems, Inc.** |
| Timothy Travelstead<br>t.travelstead@narayantravelstead.com<br>Scott Ku<br>s.ku@narayantravelstead.com<br>**Attorneys for Hindu American Foundation** | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 21, 2023**, at Los Angeles, CA.

*/s/ Mackenzie Anderson*
Mackenzie Anderson, Staff Counsel
Civil Rights Department (formerly DFEH)

-3-

## PROOF OF SERVICE BY EMAIL, MAIL AND/OR HAND DELIVERY
## STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am a resident of the United States and employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is 7901 Stoneridge Drive, Suite 230, Pleasanton, California:

**Case Name:**      ***CA DFEH v. Cisco Systems, Inc., et al.***
Case Number:      20CV372366
Our File No.:      HA-001

On **March 29, 2024**, I served the within:

- **NOTICE OF APPEAL**

on the interested parties to said action at the address(es) stated below.

| | |
|---|---|
| Jamie Crook, Esq. | Lynne C. Hermle, Esq. |
| Rumie Vuong, Esq. | Joseph C. Liburt, Esq. |
| Roya Massoumi, Esq. | Nicholas J. Horton |
| Dylan Colbert, Esq. | Orrick, Herrington & Sutcliffe LLP |
| Mackenzie Anderson, Esq. | 1000 Marsh Road |
| California Civil Rights Department | Menlo Park, CA 94025-1015 |
| 2218 Kausen Drive, #100 | ***Tel: (650) 614-7400*** |
| Elk Grove, CA 95758 | ***Fax: (650) 614-7401*** |
| ***Tel: (916) 478-7251*** | ***(Counsel for Defendant Cisco Systems,*** |
| ***Fax: (888) 382-5293*** | ***Inc.)*** |
| ***[Counsel for Plaintiff DFEH]*** | |

**[XX] BY EMAIL:** By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address m.mallam@narayantravelstead.com. To my knowledge, the transmission was reported as complete and without error. Service by email was made **[XX]** pursuant to Emergency Rule 12 & CCP section 1010.6; [ ] pursuant to agreement of the parties, confirmed in writing, [ ] as an additional method of service or as a courtesy to the parties, or [   ] pursuant to Court Order:

> Jamie Crook, Esq. – Email: *Jamie.Crook@calcivilrights.ca.gov*
> Rumie Vuong, Esq. – Email: *rumduol.vuong@calcivilrights.ca.gov*
> Roya Massoumi, Esq. – Email: *Roya.Massoumi@CalCivilRights.ca.gov*
> Dylan Colbert, Esq. – Email: *Dylan.colbert@calcivilrights.ca.gov*
> Mackenzie Anderson, Esq. - *Mackenzie.Anderson@calcivilrights.ca.gov*
> Step Newton, Legal Analyst – Email: *step.newton@calcivilrights.ca.gov*
> Salina Powell – Email: *salina.powell@calcivilrights.ca.gov*
> Lynne C. Hermle, Esq. – Email: *lchermle@orrick.com*
> Joseph C. Liburt, Esq. – Email: *jliburt@orrick.com*
> Nicholas J. Horton, Esq. – Email: *nhorton@orrick.com*
> Karen Vasquez – Email: *kvasquez@orrick.com*
> Helena Bursik – Email: *hbursik@orrick.com*
> Tina McBride – Email: *tmcbride@orrick.com*

**[X] STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **March 29, 2024**, at Pleasanton, California.

By _____
Moreen N. Mallamß

## PROOF OF SERVICE RE NOTICE OF APPEAL
## (HA-001)