Timothy C. Travelstead, Esq. (SBN 215260)
   *t.travelstead@narayantravelstead.com*
Scott C. Ku, Esq. (SBN 314970)
   *s.ku@narayantravelstead.com*
NARAYAN TRAVELSTEAD P.C.
7901 Stoneridge Drive, Suite 230
Pleasanton, CA 94588
Telephone: (650) 403-0150

Attorneys for Plaintiffs
HINDU AMERICAN FOUNDATION;
SAMIR KALRA; MIHIR MEGHANI;
SANGEETHA SHANKAR; DILIP AMIN; SUNDAR IYER;
RAMANA KOMPELLA; AND DOES ONE TO THREE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION, INC., a Florida Not For Profit Corporation; Samir Kalra Mihir Meghani; Sangeetha Shankar; Dilip Amin, Sundar Iyer, Ramana Kompella as individuals; and Doe Plaintiffs One to Three,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1 - 50, inclusive,<br>Defendants. | Case No. 2-22-CV-01656-DAD-JDP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS**<br><br>Date:  August 20, 2024<br>Time:  1:30 p.m.<br>Judge: Hon. Dale A. Drodz<br><br><br>Date Action Filed: September 20, 2022<br>FAC Filed: September 21, 2023 |

## I. <u>INTRODUCTION</u>

Plaintiffs Doe One, Doe Two, and Doe Three (collectively, "Doe Plaintiffs") have moved this Court for leave to proceed with their suit anonymously under pseudonyms or fictitious names. In their supporting declarations, the Doe Plaintiffs have demonstrated that the issues in this case involve highly personal and sensitive matters concerning religious beliefs or lack of belief of plaintiffs. Because of the sensitive nature of these issues, the concerns for the privacy interests of the Doe plaintiffs, as well as legitimate and well-recognized fears of retaliation and safety, Doe Plaintiffs ask this Court for an order permitting them to proceed pseudonymously. The well-recognized fears for their physical and mental safety are precisely the same fears that the CRD cited when it moved to keep the Real Party in Interest anonymous in the California State Court action against Cisco. Only here, the fears are more pronounced, because it is the CRD that has a demonstrated track record of wrongfully attacking Hindu Americans and even Americans of South Asian descent, that it wrongly labels as Hindu.

As admitted in defendant Kevin Kish's Opposition To Doe Plaintiffs' Motion To Proceed Under Pseudonyms, counsel for Doe Plaintiffs did in fact meet and confer with defendant Kish as required by the Court's Standing Order in Civil Cases. This Court should grant Doe Plaintiffs' motion because they have met the standard necessary to warrant such anonymity. Doe Plaintiffs have shown that they reasonably fear actual threats of severe harm or retaliation if they proceed under their real names, and that anonymity is necessary to preserve their privacy in a highly sensitive and personal matter.

Keeping their identities secret, from the public and Director Kish, would not prejudice either the public's right to publicly access the case nor Director Kish's ability to defend the case. Just as associational standing does not require the association to identify every member of the association in order for a defendant to be able to oppose the claims, the CRD has no need to know the identities of the Doe Plaintiffs here. All relevant facts about the Doe Defendants will be shared and available to the CRD, other than information that would allow the CRD to uniquely identify them.

Doe Plaintiffs have demonstrated that they should be able to keep their identities secret from defendant Kevin Kish ("Kish" or "defendant"), Director of the California Civil Rights Department ("CRD" or "the Department"). Allowing the Doe Plaintiffs to protect their identities from Director Kish would not prejudice Kish (or the CRD) by impeding his ability to defend himself in this lawsuit.

## II.   DISCUSSION

### A.   PLAINTIFFS MET AND CONFERRED WITH DEFENDANT PRIOR TO FILING THIS MOTION

As admitted by defendant in the Opposition, the parties met and conferred prior to the filing of this motion. (See, Opposition, pp. 3-5.) Defendant's Opposition details the e-mail exchange between counsel on September 20, 2023 and September 21, 2023 wherein the parties discussed potentially stipulating to Does One to Three proceeding in this mater anonymously and the fact that defendant's counsel did not believe parties had authority to stipulate to this issue under the Federal Rules. (Id.; Declaration of Carly J. Munson in Support of Opposition to Doe Plaintiffs' Motion to Proceed Under Pseudonyms ("Munson Decl.") ¶ 5, Ex. A). The Opposition confirms that counsel for Doe Plaintiffs provided the basis for the motion:

> The grounds for the request are similar to those used by the CRD in asking for John Doe to remain anonymous in the Cisco matter. They are tech industry workers worried about being targeted by the CRD, their employers, and anti-Hindu vitriol on line [sic] and in the workplace.
>
> (Id.)

Defendant failed to agree with the proposal for the stipulation and did so because they seem to be upset that the state court denied the CRD motion to allow Mr. Chetan Narsude to proceed under a fictitious name. Thus, the Doe Plaintiffs did in fact attempt to meet and confer with defendant. There is no authority cited by Defendant that requires any greater effort to meet and confer than what the Doe Plaintiffs did. They have satisfied the meet and confer requirement and the arguments by Defendant to the contrary are just arguments with no legal support. Moreover, the statement that Defendant "Kish remains willing to discuss these issues

1  with Doe Plaintiffs to see if the Parties can reach a mutually agreeable resolution" is unavailing
2  and an attempt to delay a ruling on this motion.

3        **B.**      **PLINTIFFS' MOTION SHOULD BE GRANTED BECAUSE THEY HAVE SATISFIED THE STANDARD FOR ANONYMITY**

4

5        The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial
6  proceedings in special circumstances when the party's need for anonymity outweighs prejudice
7  to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII*
8  *v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  Thus, the Ninth Circuit has
9  traditionally allowed pseudonyms in three situations: (1) when identification creates a risk of
10 retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a
11 matter of sensitive and highly personal nature" and (3) when the anonymous party risks criminal
12 prosecution.  *Id*.  To determine whether to allow a party to proceed anonymously, a district court
13 must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the
14 anonymous party's fears, . . . (3) the anonymous party's vulnerability to . . . retaliation, (4) the
15 prejudice to the opposing party, and (5) the public interest."  *Kamehameha*, 596 F.3d at 1042.
16 District courts place particular emphasis on the first and second factors.  *Id*. at 1043.  These
17 factors weigh in favor of Doe Plaintiffs, and they should be permitted to proceed
18 pseudonymously.

19       The personal and sensitive nature of the subject matter in this litigation, the concerns for
20 the privacy interests of Doe Plaintiffs, as well as legitimate, concrete, and well-recognized fears
21 of retaliation support Doe Plaintiffs' request that they be permitted to proceed pseudonymously.

22       The CRD argues that the fears of harm are not sufficient, as they are mere fears.  They
23 argue that the identities of some of the Doe Plaintiffs may already be known within the Hindu
24 community, and that the Doe Plaintiffs have not demonstrated they face bigger threats than
25 individual Plaintiffs who are not seeking anonymity.  These arguments misunderstand the law
26 and the facts.

27       Plaintiffs who are entitled to anonymity under the law need not suffer physical or mental
28 attack before they have that right.  Indeed, if the Doe Plaintiffs were already known and suffering

1  that harm, the request itself would be moot.  It is to avoid the reasonable fear of those unjust
2  harms that the law permits Plaintiffs to proceed under a pseudonym.  That their identities may
3  already be known among a community that has no interest in harming them in no way alleviates
4  the reasonable fear that disclosing them outside of that community would engender the danger
5  that the law providing for anonymity is designed to protect against.  And the fact that individual
6  plaintiffs may be personally willing to risk the danger of physical and mental attack and reprisal
7  does not change the analysis of whether other plaintiffs, whose circumstances differ, are not
8  willing to take that risk.

9         The CRD's reliance on *Southern Methodist University Association of Women Law
10 Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), is not pertinent here.  The Doe
11 Plaintiffs do not face the same kike of threat of retaliation as other plaintiffs bringing similar
12 claims, because the State of California is the wrongdoer here, with unique power to cause
13 damage to the Doe Defendants.  And because the State of California is the wrongdoer here, the
14 Doe Plaintiffs face a significantly higher risk of publicity and exposure to hate and vitriol as a
15 result of their names becoming public.

16        And that level of publicity, and the hate and vitriol it can engender in today's internet-
17 connected world, is precisely the type of harms that the CRD cited in the State Action to keep the
18 real party in interest's identity secret.

19        And Doe Plaintiffs' fears here are well-founded, based on the track record established in
20 the state action.  The CRD brought suit against the employer of South-Asian Americans and two
21 publicly named individual defendants, wrongly claiming they were Hindu and wrongly asserting
22 that Hinduism inherently requires illegal discrimination.  Those individuals were pulled into a
23 public, vitriolic debate, putting their physical and mental wellbeing at risk, and placing their
24 careers in jeopardy over the false allegations.  Now, the first results of an internet search of their
25 names does not bring up their many well-deserved professional accomplishments, but rather the
26 fact that the CRD accused them of caste discrimination.

27
28

1   All three Doe Plaintiffs established the basis for their own anonymity based on their real and reasonable fears, in light of the CRD's actions, and the public reaction to those actions, in the State case.

### C. THERE WOULD BE NO PREJUDICE TO DEFENDANT BY GRANTING THIS MOTION TO PROCEED UNDER PSEUDONYMS

There will be no prejudice to Defendant if this motion is granted.  The specific identities of DOES 1 through 3 are not relevant to the claims before this Court, and not necessary for the adjudication of the issues in this lawsuit.  The CRD will still have access to all facts and information needed to prepare a defense, they will simply not have access to the individually-identifying information that would allow them to target the Doe Plaintiffs, their employers, or to expose those Doe Plaintiffs to the public attack and harassment that the individual defendants in the State Action faced when named by the CRD.  Defendant fails to provide any credible facts showing that he will be prejudiced if the Doe Plaintiffs remain anonymous.

Were the individual identities of every person who claimed to be damaged by wrongful conduct need be uniquely and personally identified, class actions would not exist, and a government engaged in unconstitutional conduct could avoid accountability by outing those bringing claims against it to people hostile to those plaintiffs.  Particularly for the religious and ethnic minorities who most need the protections the U.S. Constitution provides, the 9th Circuit's anonymity provisions are vital.  And they serve as no obstacle or impediment to the CRD's ability to explain why its actions do not violate the First and Fourteenth Amendments.

Whether the CRD is violating First Amendment, Equal Protection, and Due Process rights of Hindu Americans are important constitutional issues that deserve a decision on the merits, which is far more important than knowing the identities of DOES 1 through 3.  And granting Plaintiffs' requests to remain anonymous will not impair the public's view of the presentation and resolution of issues in this case or hinder the court's performance in resolving them.  See *Doe v. Stegall* 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.  The

6
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS
Case No. 2-22-CV-01656-DAD-JDP

assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.").

### III. CONCLUSION

The public's interest in having important constitutional questions decided outweighs the general interest in knowing the identities of DOES 1 through 3. See *Advanced Textile*, 214 F.3d at 1072, fn. 15. Additionally, Doe Plaintiffs have satisfied the requirements for proceeding anonymously herein.

For the above reasons, this Court should grant this motion and issue an order allowing Doe Plaintiffs to proceed under pseudonyms.

Dated: July 3, 2024                                   NARAYAN TRAVELSTEAD P.C.

/s/ Timothy C. Travelstead
Timothy C. Travelstead, Esq.
Scott C. Ku, Esq.
Attorneys for Plaintiff
HINDU AMERICAN FOUNDATION;
SAMIR KALRA; MIHIR MEGHANI;
SANGEETHA SHANKAR; DILIP AMIN;
SUNDAR IYER; RAMANA KOMPELLA; AND
DOES ONE TO THREE