1    Rob Bonta, State Bar No. 202668
     Attorney General of California
2    Michael Newman, State Bar No. 222993
     Senior Assistant Attorney General
3    William H. Downer, State Bar No. 257644
     Supervising Deputy Attorney General
4    *Carly J. Munson, State Bar No. 254598
     Jennifer M. Soliman, State Bar No. 332519
5    Deputy Attorneys General
       1300 I Street
6      Sacramento, CA  95814
       Telephone:  (916) 210-7845
7      Fax:  (916) 731-2129
       E-mail:  Carly.Munson@doj.ca.gov
8    *Attorneys for Defendant Kevin Kish, Director of*
     *the California Civil Rights Department*

9

10

11

12                  IN THE UNITED STATES DISTRICT COURT

13                FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15

16
     **HINDU AMERICAN FOUNDATION, INC.,**          Case No. 2:22-CV-01656-DAD-JDP
17   **a Florida Not-For-Profit Corporation;**
     **SAMIR KALRA; MIHIR MEGHANI;**
18   **SANGEETHA SHANKAR; DILIP AMIN,**
     **SUNDAR IYER, RAMANA KOMPELLA**             **REPLY IN SUPPORT OF MOTION TO**
19   **as individuals; and DOE PLAINTIFFS ONE**    **DISMISS FIRST AMENDED**
     **TO THREE,**                                 **COMPLAINT PURSUANT TO**
20                                                 ***YOUNGER* ABSTENTION DOCTRINE,**
                                     Plaintiffs,   **RULE 12(b)(1), AND RULE 12(b)(6)**
21
              v.                                   Date:        August 20, 2024
22                                                 Time:        1:30 p.m.
     **KEVIN KISH, an individual, in his official**  Judge:       Hon. Dale A. Drozd
23   **capacity as Director of the California Civil**
     **Rights Department; and DOES 1-50,**          Action Filed:  September 20, 2022
24   **inclusive,**                                 First Am. Compl Filed: September 21, 2023
25                                   Defendants.
26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3    Introduction ........................................................................................................................ 1

     Argument ............................................................................................................................ 2
4
          I.      The *Younger* Abstention Doctrine Requires that the Court Abstain from
5                 Hearing Plaintiffs' Claims and Dismiss the Suit ........................................... 2

6                 A.     *Younger* Applies Here Because the State Action Is the Civil
                         Equivalent to a Criminal Prosecution Under *NOPSI* ................................. 3
7
                  B.     The State Action Implicates Important State Interests and Provides
8                        or Has Provided the Requisite Opportunity Under *Younger* ...................... 7

9                 C.     Plaintiffs Have Not Demonstrated that "Extraordinary
                         Circumstances" Justify the Court's Declining to Abstain Under
10                       *Younger* .................................................................................................. 10

          II.     Plaintiffs' First Amended Complaint Must Be Dismissed Because They
11                Lack Standing to Pursue this Litigation ....................................................... 11

12        III.    Plaintiffs Iyer's and Kompella's Equal Protection Claims Must Be
                  Dismissed as Moot ....................................................................................... 14
13
          IV.     Plaintiffs' First Amended Complaint Must Be Dismissed Because It Fails
14                to State a Claim Upon Which Relief Can Be Granted .................................. 14

          V.      Plaintiffs' First Amended Complaint and Opposition Demonstrate that Any
15                Further Amendment Would Be Futile ........................................................... 15

     Conclusion ...................................................................................................................... 15
16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

CASES

*Allee v. Medrano*
   416 U.S. 802 (1974) ......................................................................................... 6

*Am. Unites for Kids v. Rousseau*
   985 F.3d 1075 (9th Cir. 2021) ......................................................................... 12

*Applied Underwriters, Inc. v. Lara*
   37 F.4th 579 (9th Cir. 2022) ........................................................................ 4, 5

*Arevalo v. Hennessy*
   882 F.3d 763 (9th Cir. 2018) ........................................................................... 11

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................................ 15

*Barren v. Harrington*
   152 F.3d 1193 (9th Cir. 1998) ......................................................................... 14

*Bd. of Educ. of Cent. Sch. Dist. v. Allen*
   392 U.S. 236 (1968) ........................................................................................ 13

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................................ 15

*Benavidez v. Eu*
   34 F.3d 825 (9th Cir. 1994) .......................................................................... 8, 9

*Brown v. Stored Value Cards, Inc.*
   953 F.3d 567 (9th Cir. 2020) ........................................................................... 15

*Canatella v. California*
   404 F.3d 1106 (9th Cir. 2005) ........................................................................... 6

*Carrico v. City & Cnty. of S.F.*
   656 F.3d 1002 (9th Cir. 2011) ......................................................................... 15

*Catholic League for Religious & C.R. v. City & Cnty. of S.F.*
   624 F.3d 1043 (9th Cir. 2010) .................................................................. 12, 13

*City of Eerie v. Pap's A.M.*
   529 U.S. 277 (2000) ........................................................................................ 14

*Dep't of Fair Emp. & Hous. v. Law Sch. Admission Council, Inc.*
   941 F. Supp. 2d 1159 (N.D. Cal. 2013) ............................................................ 7

ii

1
2

**TABLE OF AUTHORITIES**
(continued)

Page

3
4

*DHX, Inc. v. Allianz AGF MAT, Ltd.*
   425 F.3d 1169 (9th Cir. 2005) ................................................................ 14

5

*Dubinka v. Judges of Super. Ct. of State of Cal. for Cnty. of L.A.*
   23 F.3d 218 (9th Cir. 1994) ................................................................ 9, 11

6
7

*E. Bay Sanctuary Covenant v. Biden*
   993 F.3d 640 (9th Cir. 2021) ................................................................ 12

8
9

*Foman v. Davis*
   371 U.S. 178 (1962) ................................................................ 15

10

*Herrera v. City of Palmdale*
   918 F.3d 1037 (9th Cir. 2019) ................................................................ 4

11
12

*Hicks v. Miranda*
   422 U.S. 332 (1975) ................................................................ 5, 6

13
14

*Hirsh v. Justices of the Sup. Ct. of State of Cal.*
   67 F.3d 708 (9th Cir. 1995) ................................................................ 2, 3

15

*Huffman v. Pursue, Ltd.*
   420 U.S. 592 (1975) ................................................................ 4, 5, 11

16
17

*Hunt v. Wash. State Apple Advert. Comm'n*
   432 U.S. 333 (1977) ................................................................ 13

18
19

*Juidice v. Vail*
   430 U.S. 327 (1977) ................................................................ 8

20

*La Asociacion de Trabajadores de Lake Forest v. Lake Forest*
   624 F.3d 1083 (9th Cir. 2010) ................................................................ 12

21
22

*Lebbos v. Judges of the Super. Ct.*
   883 F.2d 810 (9th Cir. 1989) ................................................................ 8, 9

23
24

*Lemon v. Kurtzman*
   403 U.S. 602 (1971) ................................................................ 2

25

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*
   457 U.S. 423 (1982) ................................................................ 3, 5, 9

26
27

*Montclair Police Officers' Ass'n v. City of Montclair*
   No. 2:12-cv-06444-PSG-PLA, 2012 WL 12888427 (C.D. Cal. Oct. 24, 2012) .............. 13, 14

28

1

<u>**TABLE OF AUTHORITIES**</u>
(continued)

2

<u>**Page**</u>

3

*Moore v. Sims*
       442 U.S. 415 (1979) .......................................................................................... 8

4

5

*New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*
       491 U.S. 350 (1989) ...................................................................................... 3, 4

6

*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*
       477 U.S. 619 (1986) ...................................................................................... 5, 7

7

8

*Or. Advoc. Ctr. v. Mink*
       322 F.3d 1101 (9th Cir. 2003) ........................................................................ 12

9

10

*Or. Prescription Drug Monitoring Program v. United States Drug Enf't Admin.*
       860 F.3d 1228 (9th Cir. 2017) ........................................................................ 13

11

*Our Watch with Tim Thompson, v. Bonta*
       682 F. Supp. 3d 838 (E.D. Cal. 2023) ............................................................ 12

12

13

*Pennzoil Co. v. Texaco, Inc.*
       481 U.S. 1 (1987) ...................................................................................... 8, 10

14

15

*Potrero Hills Landfill, Inc. v. Cnty. of Solano*
       657 F.3d 876 (9th Cir. 2011) ............................................................................ 8

16

*Sprint Commc'ns, Inc. v. Jacobs*
       571 U.S. 69 (2013) ........................................................................................... 5

17

18

*Valle del Sol Inc. v. Whiting*
       732 F.3d 1006 (9th Cir. 2013) ........................................................................ 12

19

*West v. Secretary of Dep't of Transp.*
       206 F.3d 920 (9th Cir. 2000) .......................................................................... 14

20

21

*World Famous Drinking Emporium, Inc. v. City of Tempe*
       820 F.2d 1079 (9th Cir. 1987) ........................................................................ 11

22

23

*Younger v. Harris*
       401 U.S. 37 (1971) ................................................................................ *passim*

24

**STATUTES**

25

Cal. Gov't Code
       § 12920 .............................................................................................................. 7
       § 12930 (o) ......................................................................................................... 7
       § 12965 .............................................................................................................. 1

26

27

28

Reply in Support of Motion to Dismiss First Amended Complaint (2:22-CV-01656)

## TABLE OF AUTHORITIES
### (continued)

**Page**

**CONSTITUTIONAL PROVISIONS**

U.S. Const.
    art. III.............................................................................................................. 13

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(1)............................................................................................ *passim*
    Rule 12(b)(6)............................................................................................ *passim*

Reply in Support of Motion to Dismiss First Amended Complaint (2:22-CV-01656)

**INTRODUCTION**

Plaintiff Hindu American Foundation ("HAF") and the nine new Individual Plaintiffs (collectively "Plaintiffs") allege in their First Amended Complaint ("FAC," *see* ECF No. 21) that the Civil Rights Department's ("CRD" or "the Department") pending workplace discrimination suit against Cisco Systems, Inc. ("Cisco") violates the Free Exercise Clause and Establishment Clauses of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by incorrectly describing India's caste system as a "strict Hindu social and religious hierarchy." (ECF No. 21 at 2, ¶¶ 16, 19, 50, 58). The FAC suffers from four fatal defects: one prudential, two jurisdictional, and one on the merits. As Plaintiffs ask this Court to intrude on an ongoing civil prosecution in state court and the *Younger* doctrine applies, the Court should abstain from hearing Plaintiffs' claims and dismiss their suit. In the alternative, as this matter is neither justiciable nor states a claim upon which relief can be granted, Plaintiffs' FAC must be dismissed under Rule 12.

First, Plaintiffs' suit violates principles of comity and federalism as recognized in *Younger v. Harris*, 401 U.S. 37, 54 (1971), by asking this Court to directly interfere in the Department's ongoing enforcement action under the California Fair Employment and Housing Act ("FEHA") against Cisco (referred to hereinafter as the "State Action" or "*CRD v. Cisco*"). (*See* ECF No. 21 at 37-56[1]; *see also* Cal. Gov't Code § 12965).[2] Second, Plaintiffs have failed to demonstrate facts sufficient to show that any Plaintiff—or in HAF's case any member or constituent—has suffered or is at imminent risk of suffering an alleged deprivation of their First or Fourteenth Amendment rights, let alone one reasonably traceable to the State Action and redressable by this suit. Third, Plaintiffs Sundar Iyer and Ramana Kompella lack standing to assert their particular claims under the Equal Protection Clause because they have been dismissed with prejudice from the State Action. Finally, even if Plaintiffs could establish standing—they cannot—Plaintiffs have failed

---

[1] As discussed in Director Kish's Motion, Plaintiffs' Exhibit A to their FAC (ECF No. 21 at 37-56) is the original complaint filed by the Department against Cisco in Santa Clara County Superior Court in October 2020. However, this is not the operative complaint. (*See* ECF No. 42-1 ¶ 10). For the Court's convenience, Defendant has provided the operative complaint in *CRD v. Cisco* with his pending Request for Judicial Notice. (*See* ECF No. 42-4).

[2] Unless otherwise noted, all references are to current California state laws and regulations.

1   to allege facts showing that the Department's State Action: (1) substantially burdens HAF's

2   members or the Individual Plaintiffs' ability to practice their faith in violation of the Free

3   Exercise Clause; (2) violates the *Lemon* test by coercing anyone's religious beliefs or practices in

4   violation of the Establishment Clause;[3] (3) deprives HAF's members or the Individual Plaintiffs

5   of fair notice of the conduct that is prohibited under the FEHA in violation of the Due Process

6   Clause; or (4) targets or discriminates against HAF's members or the Individual Plaintiffs in

7   violation of the Equal Protection Clause.

8          Plaintiffs' Opposition fails to refute these grounds for dismissal or address the deficiencies

9   in its pleadings.[4]  Regarding *Younger* abstention, Plaintiffs fail to: (1) meet *their* burden of

10  showing that the State Action has not provided an adequate opportunity to raise their federal

11  claims; (2) identify any concrete "irreparable harm" they will allegedly suffer if the Court

12  abstains; and (3) show facts sufficient to establish that *any* Plaintiff has standing or advance any

13  legal theory demonstrating how the Department's enforcement action of a state anti-

14  discrimination law against a third-party employer violates the rights of Hindus under the Free

15  Exercise, Establishment, Due Process, or Equal Protection Clauses.  And Plaintiffs Iyer and

16  Kompella do not dispute that their claims under the Equal Protection Clause—assuming

17  *arguendo* that they ever had such claims—are moot.  Plaintiffs similarly fail to identify any facts

18  that would cure their pleading deficiencies.  Indeed, Plaintiffs' FAC and their Opposition

19  underscore that any further opportunity to amend would be futile.

20                                **ARGUMENT**

21  **I.    THE *YOUNGER* ABSTENTION DOCTRINE REQUIRES THAT THE COURT ABSTAIN
         FROM HEARING PLAINTIFFS' CLAIMS AND DISMISS THE SUIT**
22

23          The *Younger* abstention doctrine applies to lawsuits, such as this one, where the plaintiffs

24  seek to use the federal courts to interfere with pending state enforcement actions that are akin to

25  criminal prosecutions, such as the State Action.  *See Hirsh v. Justices of the Sup. Ct. of State of*

26          [3] *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971).
            [4] It is unclear whether and which Individual Plaintiffs join in which, if any, arguments in
27  "Plaintiff's Opposition," which is generally styled as if it was filed on behalf of HAF alone.  (*See, e.g.*,
    ECF No. 45 at 1-2, describing HAF's opposition to the Motion, 6-11, arguing that HAF has standing and
    mentioning the Individual Plaintiffs only within that context).  For purposes of this reply, Director Kish
28  presumes that the Individual Plaintiffs join with HAF in the arguments presented, as available to them.

*Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971); *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 367-68 (1989). The Department's State Action is ongoing, implicates important state interests, and provides Plaintiffs with the opportunity to litigate their federal claims required under *Younger*. *See Hirsh*, 67 F.3d at 712 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiffs do not contest that the first and fourth *Younger* factors are satisfied—namely, that *CRD v. Cisco* was initiated prior to this federal action and remains ongoing to date, and that this federal action would effectively interfere with the ongoing State Action. (*See* ECF No. 45 at 3-6; *see also* ECF No. 41 at 11-12). Rather, Plaintiffs contend that the *Younger* abstention doctrine does not apply here because the State Action: (1) is neither a criminal proceeding nor akin to a criminal proceeding; (2) does not implicate important state interests because it only benefits one person; and (3) has not actually provided the Plaintiffs a forum for their federal claims. (ECF No. 45 at 3-5). Plaintiffs also contend that, even if the *Younger* factors applied, the Court should not abstain because they will suffer "irreparable harm" if their claims are not heard. (ECF No. 45 at 5). Plaintiffs are wrong.

The State Action sits squarely within the category of civil proceedings that are so akin to criminal prosecutions that they warrant abstention under *Younger*, and the four additional factors for *Younger* abstention are also satisfied here. (*See* ECF No. 41 at 11-12). Finally, Plaintiffs have not shown that they have or will suffer *any* tangible harm, let alone the kind of irreparable harm that requires a court to decline to abstain under *Younger*. As Plaintiffs seek only injunctive and declaratory relief (*see* ECF No. 21 at 35), the Court should abstain from hearing Plaintiffs' claims and dismiss this suit.

### A. *Younger* Applies Here Because the State Action Is the Civil Equivalent to a Criminal Prosecution Under *NOPSI*

Plaintiffs contend that *Younger* cannot apply here because the State Action is not a parallel state criminal proceeding. (ECF No. 45 at 4:12-13). But this narrow application of the *Younger* doctrine to only criminal prosecutions has long been discarded. Rather, the Supreme Court has made clear that *Younger* applies to three categories of cases including "civil enforcement

1    proceeding[s]" that are "akin to a criminal prosecution" in "important respects." *NOPSI*, 491

2    U.S. at 368 (citing, *e.g.*, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)).  The State Action is

3    akin to a criminal prosecution under *NOPSI* because it was brought by the Department within its

4    role as a public prosecutor following its investigation of Cisco's alleged employment

5    discrimination against Mr. Chetan Narsude based on his caste status in violation of the FEHA.

6    (*See* ECF No. 41 at 10-11).

7         Plaintiffs argue that the State Action is not akin to a criminal proceeding under *Younger*

8    because "[t]here are monetary remedies available to the [Department] and Mr. Narsude should

9    they prevail in their action against Cisco."  (ECF No. 45 at 4:14-15).  Plaintiffs offer no legal

10   support for their argument that the availability of monetary relief as one form of redress is a bar

11   for abstention under *Younger*.  (*Id.*)  On the contrary, *Younger* abstention has been found to apply

12   even in cases involving damages.  *See*, *e.g.*, *Herrera v. City of Palmdale*, 918 F.3d 1037 (9th Cir.

13   2019) (holding *Younger* abstention was appropriate as to property owners' claims for damages in

14   light of parallel state civil enforcement action asserting nuisance claims).  In any case, Plaintiffs'

15   assertions are factually incorrect.  The Department itself does not seek *any* monetary relief from

16   Cisco, and the suit seeks more than just individual relief for Mr. Narsude. (*See* ECF No. 42-4 at

17   19-20).  In fact, the Department seeks declaratory and injunctive relief that will benefit all

18   individuals at Cisco now or in the future who are, in essence, similarly situated to ensure that this

19   type of discrimination does not recur.  (*Id.*)

20        Finally, Plaintiffs claim that *Younger* cannot apply because none of the Plaintiffs are parties

21   to the State Action.  (ECF No. 45 at 4:16-19).  In support of their argument, Plaintiffs cite *Applied*

22   *Underwriters, Inc. v. Lara*, 37 F.4th 579 (9th Cir. 2022).  But Plaintiffs' reliance on *Applied*

23   *Underwriters* is misplaced.  In *Applied Underwriters*, the Ninth Circuit considered whether

24   insurance conservatorships brought "by the state in the interest of the public," but *not* aimed at

25   "punishment of a public offense," constituted a civil proceeding akin to a criminal prosecution,

26   and held that they were not.  *Applied Underwriters*, 37 F.4th at 590.  The court distinguished the

27   insurance conservatorship at issue in *Applied Underwriters* from other enforcement proceedings

28   that were criminal in nature where abstention was warranted, because the parallel proceedings

were either "in aid of" a criminal statute or "aimed at punishing some wrongful acts through a penalty of sanction"—aims that were not pursued in the conservatorship. *Id.* at 589-90 (citing, *e.g.*, *Ohio Civ. Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986) (abstention warranted by state-initiated administrative proceedings to enforce state civil rights laws, noting "potential sanctions for the alleged sex discrimination"); *Middlesex*, 457 U.S. at 427 (state-initiated disciplinary proceedings seeking to sanction a lawyer for violation of state ethics rules fell under *Younger*); *Huffman*, 420 U.S. at 596-98 (state-initiated proceeding to enforce public nuisance laws, which provided penalties for violations, triggered *Younger*)).

The examples the Ninth Circuit relied on to highlight when abstention *is* warranted mirror the State Action, which was brought by California's civil rights enforcement agency to enforce state-law protections from employment discrimination based on race, color, ancestry, ethnicity, national origin, and religion. And contrary to Plaintiffs' suggestion, *Applied Underwriters* does not expressly cabin *Younger* abstention's application to *only* those cases where the federal plaintiffs are also the defendants in the parallel state action. Rather, the decision merely reiterates *typical*—but not requisite or exclusive—characteristics of a civil enforcement proceeding akin to a criminal prosecution. *Applied Underwriters*, 37 F.4th at 588 ("Such enforcement actions are *characteristically* initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act . . . [and] a state actor is *routinely* a party . . . and *often* initiates the action.") (emphasis added) (citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 79-80 (2013) (citations omitted)).

Indeed, the Supreme Court has recognized that there are circumstances—such as these—in which *Younger* should apply even when the federal plaintiffs and state defendants are not one and the same. For example, in *Hicks v. Miranda*, 422 U.S. 332 (1975), the Supreme Court considered a federal challenge brought by a theater, its owner, and its employees to an ongoing state enforcement proceeding of a California obscenity statute. Although some of the federal plaintiffs were not parties to the state enforcement proceeding at the time the federal action was filed, the Supreme Court nonetheless held that the district court erred by not invoking abstention. *Hicks*, 422 U.S. at 348. The Court explained that, because the claims of the federal plaintiffs would

1   interfere with the state case, the "same comity considerations appl[ied]" to warrant abstention,

2   notwithstanding that the parties did not entirely overlap. *Id.* at 349 (quoting *Allee v. Medrano*,

3   416 U.S. 802, 831 (1974) (Burger, C.J., conc.)). Likewise, the Ninth Circuit has held that there

4   are circumstances in which the principles underlying abstention are advanced even when federal

5   and state parties differ, such as when the parties are "closely related" or have "sufficiently

6   intertwined interests." *Canatella v. California*, 404 F.3d 1106, 1116 (9th Cir. 2005).

7        This case demands the same result. As in *Hicks*, at least some of the Plaintiffs were parties

8   to the parallel state enforcement action to enforce the FEHA at Cisco at the time the federal suit

9   was initiated. Indeed, Plaintiffs HAF, Iyer, and Kompella were all involved in the State Action at

10   the time that HAF filed its federal complaint in September 2022—HAF as a proposed plaintiff-

11   intervenor and Mr. Iyer and Mr. Kompella as defendants charged by the Department. (*See* ECF

12   Nos. 10-1, Exh. B, 20 & 21, Exh. A). In fact, HAF was *still* part of the State Action at the time it

13   filed the FAC a year later in September 2023. (*See* ECF No. 42-6). HAF purports to represent

14   the interests of the Individual Plaintiffs, and claims that it can speak on their behalf in this suit

15   under an associational standing theory. (*See* ECF No. 21 ¶ 42). Thus, as in *Canatella*, HAF's

16   interests are sufficiently intertwined with the Individual Plaintiffs such that HAF's involvement in

17   the State Action warrants abstention under *Younger* as to all Plaintiffs.

18        Moreover, as in *Hicks*, here the Plaintiffs expressly seek to have this Court interfere with an

19   ongoing state proceeding. In their FAC, Plaintiffs specifically ask to have the Department's

20   actions in *CRD v. Cisco* declared unconstitutional under the First and Fourteenth Amendments

21   and enjoin further action. (ECF No. 21 at 35:9-13). And in their Opposition, Plaintiffs state that

22   their goal is *not* to have this Court decide more broadly whether the FEHA itself is

23   unconstitutional or whether applying it to caste discrimination is unconstitutional. (ECF No. 45

24   at 1-2). Rather, their goal is "to have the Court *declare the [Department's] state suit against

25   Cisco unconstitutional*." (ECF No. 45 at 3:5-6). Such an order would directly intrude on the trial

26   court's jurisdiction over the ongoing State Action. Indeed, it is difficult to imagine a plaintiff

27   seeking any more direct interference in an ongoing state court matter. This is precisely the type

28   of case that requires abstention under *Younger*.

**B.   The State Action Implicates Important State Interests and Provides or Has Provided the Requisite Opportunity Under *Younger***

Plaintiffs further contend that *Younger* abstention is not warranted because: (1) the State Action does not implicate important state interests; and (2) Director Kish has not met "his" burden of showing the state proceeding has provided a full and fair opportunity for Plaintiffs to litigate their federal claims.  (ECF No. 45 at 4-5).  Plaintiffs are wrong on both counts.

First, Plaintiffs erroneously assert that the State Action does not implicate important state interests because it is a "single plaintiff case wherein the remedies will only benefit one person," Mr. Narsude.  (ECF No. 45 at 4).  This is factually incorrect.  The Department brought the State Action within its legislatively prescribed role to not only redress violations of the Real Party in Interest's rights, but also to change Cisco's policies and practices and prevent others from being discriminated against in a similar manner in the future.  (*See* ECF No. 42-4 at 19-20).

Plaintiffs' argument that the State Action is a "civil dispute between two private parties" is equally fallacious.  (ECF No. 45 at 4-5).  The Department is "a public prosecutor testing a public right when it pursues civil litigation to enforce statutes within its jurisdiction," including the FEHA.  *Dep't of Fair Emp. & Hous. v. Law Sch. Admission Council, Inc.*, 941 F. Supp. 2d 1159, 1168 (N.D. Cal. 2013) (internal citation omitted); *see also* Gov't Code § 12930(o).  The Department is not a private party.

Finally, Plaintiffs mistakenly contend that the Department's legislatively mandated activities—including its ongoing prosecution of the State Action—and the state's interest in ensuring that the people of California are free from discrimination and that businesses comply with anti-discrimination laws are not "vital" or "clear" enough to warrant abstention under *Younger*.  (ECF No. 45 at 5; *see also* Gov't Code § 12920 (the Department exercises the state's "police power" to "protect[] . . . the welfare, health, and peace of the people of the state" by enforcing FEHA's anti-discrimination mandates)).  In fact, these are exactly the state interests that courts have recognized as sufficiently important to warrant federal abstention under *Younger*.  *See*, *e.g.*, *Dayton Christian Schools*, 477 U.S. at 628 (recognizing "the elimination of prohibited

7

1    sex discrimination is a sufficiently important state interest").[5]  Indeed, where—as here—"the

2    state is in an enforcement posture in the state proceedings, the 'important state interest'

3    requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is

4    presumptively at stake." *Potrero Hills Landfill, Inc.*, 657 F.3d at 883-84.

5         <u>Second</u>, Plaintiffs claim that Director Kish has not met "[his] burden" of showing that they

6    have had "a full and fair opportunity to litigate their federal claims during the ongoing state

7    proceedings." (ECF No. 45 at 5).  But Plaintiffs misstate the legal standard.  *Plaintiffs*—not

8    Director Kish—bear the burden of demonstrating that California law procedurally bars or

9    prevents them from presenting their constitutional claims in the pending state court matter.

10   *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Moreover, state court proceedings are

11   presumed to be adequate to raise federal claims "in the absence of unambiguous authority to the

12   contrary." *Id.*

13        Here, Plaintiffs have failed to demonstrate that they had no opportunity to pursue their

14   claims in the ongoing state proceedings, and without that showing they cannot meet their burden.

15   (*See* ECF No. 45 at 5; *see also* ECF No. 41 at 6-7, 11-12).  Under *Younger*, federal litigants such

16   as Plaintiffs need only be afforded an *opportunity* to fairly pursue their constitutional claims in

17   the ongoing state proceedings.  *Moore v. Sims*, 442 U.S. 415, 430 & n.12 (1979) (quoting *Juidice*

18   *v. Vail*, 430 U.S. 327, 337 (1977).  Thus, "abstention is appropriate based on 'interests of comity

19   and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims

20   *have been or could be* presented in ongoing state judicial proceedings that concern important state

21   interests." *Lebbos v. Judges of the Super. Ct.*, 883 F.2d 810, 813 (9th Cir. 1989) (emphasis

22   added, internal citations omitted).  In their Opposition, Plaintiffs do not address this standard or

23   the cases raised in Director Kish's Motion.  (*See* ECF No. 45 at 5:14-20).

24        Instead, Plaintiffs rely on *Benavidez v. Eu*, 34 F.3d 825 (9th Cir. 1994), to argue that they

25   have not had the requisite opportunity because Plaintiffs Iyer and Kompella were dismissed from

26   _____
     [5] Plaintiffs also mischaracterize the state's interest as pertaining to "criminal law enforcement"
27   and claim that "[a]though [they] recognize the importance in protecting the public from discrimination,
     characterizing the state interest as "the general welfare" or "public safety" is meaningless." (ECF No. 45
28   at 5:8-11).  It is unclear to what Plaintiffs refer.  Director Kish did not describe the Department's interests
     in this manner in his Motion.  (*See* ECF No. 41 at 5-7, 11-12).

1    the State Action and because HAF lost its motion to intervene.  (ECF No. 45 at 5:14-20).  But

2    these facts do not mitigate against *Younger* abstention, and *Benavidez* does not hold otherwise.  In

3    *Benavidez*, the Ninth Circuit considered whether parties who had been granted the ability to

4    intervene in a federal case about redistricting under the California Voting Rights Act could

5    continue to litigate their complaint in intervention after the original suit had been dismissed under

6    *Younger*.  *Benavidez*, 34 F.3d at 829-31.  In reaching the conclusion that *Younger* could not apply,

7    the Ninth Circuit noted that—but for a five-minute presentation by one intervenor before the

8    special master—the *Benavidez* intervenors had not been involved at all in the parallel state action.

9    *Id.* at 831.  More importantly, there was no avenue for them to be heard in the state court matter at

10   the time they filed their federal suit because the California Supreme Court had *already*

11   *peremptorily denied all requests for intervention in the parallel state action*.  *Id*.  Thus, at the

12   time the *Benavidez* intervenors filed their federal suit, they could not file a motion to intervene in

13   the ongoing state action to present their federal claims.  The Supreme Court's peremptory denial

14   of intervenors in the parallel state action functioned as the requisite procedural bar.  *See Lebbos*,

15   883 F.2d at 813; *Middlesex*, 457 U.S. at 432.

16         The same cannot be said here.  Unlike the *Benavidez* intervenors, Plaintiffs HAF, Iyer, and

17   Kompella have *all* been involved in the State Action.  (*See*, *e.g.*, ECF Nos. 10-1, 21, Exh. A & 45

18   at 5:16-17).  They have filed briefs, presented arguments, and appeared in court.  *Cf. Benavidez*,

19   34 F.3d at 831 (listing litigation hallmarks *not* afforded to those peremptorily denied intervention

20   by the California Supreme Court).  And they were all involved in State Action *at the time that*

21   *HAF filed its federal suit* in September 2022.  (*See*, *e.g.*, ECF Nos. 10-1, 21, Exh. A & 45 at 5:16-

22   17).  Thus, at the time this suit was filed, each had an avenue to be heard in state court.

23         Moreover, unlike the *Benavidez* intervenors, Plaintiffs HAF, Iyer, and Kompella were not

24   procedurally "barred" from raising their federal claims in the State Action prior to bringing their

25   federal suit.  Unlike in *Benavidez*, HAF was able to file and have its motion to intervene, which

26   raised its federal claims, heard by the state court.  (*See* ECF Nos. 10-1, Exh. B, 42-5 & 42-6).

27   That HAF was unsuccessful on the merits of that motion—and, indeed, cemented this loss by

28   voluntarily abandoning its appeal of the trial court's ruling—is immaterial.  *See Dubinka v.*

9

1   *Judges of Super. Ct. of State of Cal. for Cnty. of L.A.*, 23 F.3d 218, 225-26 (9th Cir. 1994) ("The

2   fact that state . . . courts may reject (or have rejected) arguments on the merits, however, does not

3   mean those courts have deprived a plaintiff of the *opportunity* to make the argument[.]").  On the

4   contrary, it demonstrates that HAF has had an opportunity and, in fact, has been heard.  Similarly,

5   Plaintiffs Iyer and Kompella were not precluded by the Department or any court from raising

6   their claims during the nearly three years that they were defendants.  And they were not

7   unilaterally dismissed from the State Action; they negotiated with the Department to be dismissed

8   from it, and they were dismissed by virtue of a mutual settlement and release with the

9   Department.  (*See* ECF Nos. 42-2 at 2:11-13 & 5:8-10, 42-9 & 42-10).  It is therefore

10  disingenuous for Plaintiffs HAF, Iyer, and Kompella to claim they have not had a full and fair

11  opportunity or are like the *Benavidez* intervenors who were barred from presenting their claims

12  by the California Supreme Court *before* they filed suit in federal court.

13         As to the remaining Individual Plaintiffs—who all claim to be aligned with or members of

14  HAF—Plaintiffs make no argument about why they have not attempted or could not attempt to

15  raise their claims in the State Action.  (*See* ECF No. 45 at 5:14-19).[6]  "[W]hen a litigant has not

16  attempted to present his federal claims in related state-court proceedings, a federal court should

17  assume that state procedures will afford an adequate remedy, in the absence of unambiguous

18  authority to the contrary."  *Pennzoil Co.*, 481 U.S. at 15.  Accordingly, the Court should presume

19  that they, like Plaintiffs HAF, Iyer, and Kompella, had or have an opportunity to present their

20  claims in the ongoing State Action.

21         **C.    Plaintiffs Have Not Demonstrated that "Extraordinary Circumstances"**
22                 **Justify the Court's Declining to Abstain Under *Younger***

23         Plaintiffs argue that the Court should decline to abstain under *Younger* because there are

24  "extraordinary circumstances" that make abstention inappropriate.  (ECF No. 45 at 5-6).  But the

25  extraordinary circumstances exception does not apply here.

26         Federal courts may decline to abstain and enjoin pending state court proceedings in those

27  "extraordinary circumstances" where the court "properly finds that the state proceeding was

28  ───────────────
        [6] Any argument that the remaining Individual Plaintiffs were not afforded the same opportunity as
    HAF to raise claims in the State Action undermines HAF's alleged basis for associational standing.

motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Huffman*, 420 U.S. at 611 (citing *Younger*, 401 U.S. at 53-54).  The "danger of irreparable loss" must be "both great and immediate."  *Younger*, 401 U.S. at 46; *see also World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079 (9th Cir. 1987).  The "extraordinary circumstances" exception to *Younger* abstention is "very narrow."  *Dubinka*, 23 F.3d at 225.

Here, Plaintiffs claim that they fit within the "extraordinary circumstances" exception because they will face "irreparabl[e] harm" if the Court abstains.  (ECF No. 45 at 6:1).  However, Plaintiffs have failed to identify *any* facts—let alone facts alleged in the FAC—showing that they will face irreparable harm if this lawsuit is dismissed under the *Younger* abstention doctrine.  (*See id.* at 5:20-6:3).  And Plaintiffs offer no legal support for their argument that their suit, which neither challenges a statute nor alleges that the State Action was brought for the purposes of harassment, otherwise falls within the narrow "extraordinary circumstances" exception.  (*See id.*)[7] Plaintiffs offer no substantiated basis—let alone an extraordinary one—for the Court to decline to abstain under *Younger*.

## II.   PLAINTIFFS' FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THEY LACK STANDING TO PURSUE THIS LITIGATION

Plaintiffs contend that HAF has both direct and associational standing to raise claims under the Free Exercise, Establishment, Due Process, and Equal Protection Clauses.  (ECF No. 45 at 6-11).  Yet, as discussed in Defendant's Motion, Plaintiffs have failed to plead facts sufficient to show HAF's standing under either theory for any claim asserted.  (*See* ECF No. 41 at 20-27)).

HAF lacks direct standing: it has not demonstrated that the Department's actions have frustrated its mission and forced it to expend resources and take action to avoid other injury as a

---

[7] Plaintiffs cite *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018), for the general proposition that the "extraordinary circumstances exception constitutes an independent basis for federal intervention regardless of whether the *Younger* factors are met."  (ECF No. 45 at 5).  In *Arevalo*, the Ninth Circuit held that a deprivation of *physical* liberty—being detained in jail—constitutes irreparable harm that "requires intervention" by the federal court "before trial" in the state court under *Younger*'s narrow exception. *Arevalo*, 882 F.3d at 767.  Plaintiffs have alleged no such deprivation of physical liberties, nor any tangible harms at all.  (*See* ECF No. 21).

result of the State Action.  *See Our Watch with Tim Thompson v. Bonta*, 682 F. Supp. 3d 838, 847 (E.D. Cal. 2023) (citing *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013); *see also E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 663 (9th Cir. 2021).  In their Opposition, Plaintiffs claim that HAF has direct standing because it has had to "expend considerable time and resources defending the integrity of Hinduism" and has faced a "barrage of calls and concerns" since the Department filed its State Action.  (ECF No. 45 at 7:8-9 & 7:12).  Even if Plaintiffs' statements are accepted as true for purposes of this Motion, they are insufficient for standing.  Plaintiffs have not shown—nor even alleged—that HAF would have suffered *any* "other injury" nor that it avoided such injury by "divert[ing] resources to counteracting" the State Action.  *La Asociacion de Trabajadores de Lake Forest v. Lake Forest*, 624 F.3d at 1083, 1088 (9th Cir. 2010).  Nor have they shown how the State Action has frustrated HAF's mission.  (*See* ECF Nos. 45 at 7 & 21 ¶¶ 30-32, 46-52).  In fact, as discussed Defendant's Motion, the advocacy and educational outreach HAF alleges it has undertaken in response to third-party inquiries about *CRD v. Cisco* appear to fall squarely *within* HAF's stated mission and ordinary activities.  (*See* ECF No. 41 at 20-22; *see also* ECF No. 21 ¶¶ 30-32, 37-38, 41).

HAF also lacks associational standing.  First, HAF has failed to identify a clear constituency, let alone one that has suffered the requisite injury under any of the claims asserted and whose interests HAF can represent in this suit.  (*See* ECF No. 41 at 23-24).  Plaintiffs again refer to diverse groups such as "Hindu Americans throughout the United States" (ECF No. 45 at 10:2) and "California-based Hindu Americans" (*id.* at 10:4-5), but those are significantly larger and more diffuse than those that courts have found appropriate for the purposes of associational standing.[8]  *See, e.g., Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1111-12 (9th Cir. 2003); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1096-97 (9th Cir. 2021); *Catholic League for Religious & C.R. v. City & Cnty. of S.F.*, 624 F.3d 1043, 1048, 1063-64 (9th Cir. 2010).  Plaintiffs also claim that HAF represents the interests of Hindu Americans who work at Cisco.  (ECF No. 45 at 10:2-

[8] In their FAC, Plaintiffs also allege that HAF represents all Indian Americans and South Asian Americans.  (*See* ECF No. 21 ¶¶ 39, 44-45).  In their Opposition, Plaintiffs refer to such groups in passing (*see, e.g.*, ECF No. 45 at 11:12 (referring to "employees of Indian origin at Cisco"), but again fail to address how HAF can properly represent such expansive and diverse groups in this suit.  (*See* ECF Nos. 41 at 23-24, 45 at 10).

Reply in Support of Motion to Dismiss First Amended Complaint (2:22-CV-01656)

3).  Yet they have not alleged facts to this effect in their FAC.  (*See* ECF No. 21).  Moreover, it is doubtful that HAF could establish that it represents the interests of all such individuals; indeed, the Department initiated its State Action after receiving a complaint from a Hindu American then and now employed by Cisco who alleged caste-based discrimination.  (*See* ECF 42-4 ¶¶ 10-15).

Second, Plaintiffs have not demonstrated that HAF satisfies any of the factors required for associational standing under *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 342-43 (1977).  In their Opposition, Plaintiffs claim without elaboration that their suit satisfies the *Hunt* factors.  (ECF No. 45 at 10-11).  Yet Plaintiffs' argument is devoid of even a single citation to the FAC to demonstrate how their allegations satisfy the rigorous standing test.  (*See id.*)  And they again misstate and mischaracterize the Department's pleadings and actions in the State Action.  (*See* ECF Nos. 41 at 22, 33 & 45 at 1-2, 6-11).[9]  Further, Plaintiffs critically fail to show how HAF's alleged members or constituents—including the Individual Plaintiffs—would have standing in their own right to bring these claims.  (*See id.*)

Instead, Plaintiffs erroneously contend that HAF can have standing simply because its staff and the Individual Plaintiffs have suffered injuries that are "mental, psychological, and spiritual" in nature due to their knowledge of and disagreement with the State Action.  (ECF No. 45 at 6:19-21, 6-11).  But, as Director Kish addressed in his Motion, alleged psychological injuries alone, even if accepted as true for purposes of this Motion, are insufficient to give HAF—or any Individual Plaintiff—standing under Article III for *any* of the claims asserted.  (*See* ECF No. 41 at 13-20).  *See*, *e.g.*, *Or. Prescription Drug Monitoring Program v. United States Drug Enf't Admin.*, 860 F.3d 1228, 1233 (9th Cir. 2017) (standing inquiry requires careful examination of whether each plaintiff is entitled to adjudication of each claim asserted); *Bd. of Educ. of Cent. Sch. Dist. v. Allen*, 392 U.S. 236, 249 (1968) (Free Exercise Clause requires coercive effect on individuals' practice of religion); *Catholic League*, 624 F.3d at 1051-53 (Establishment Clause requires that plaintiffs who rely on psychological and spiritual harms show those harms are tied to real consequences in their particular political community); *Montclair Police Officers' Ass'n v.*

---

[9] Plaintiffs also patently disregard that the Department has amended its complaint in *CRD v. Cisco* to remove the language about which Plaintiffs complain in their FAC.  (*See* ECF No. 42-4).

*City of Montclair*, No. 2:12-cv-06444-PSG-PLA, 2012 WL 12888427, at \*4 (C.D. Cal. Oct. 24, 2012) (Due Process Clause requires plaintiffs to show government's actions have chilled their ability to engage in a constitutionally protected activity); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (Equal Protection Clause requires plaintiffs to show intentional discrimination based on a protected characteristic and that those similarly situated were treated differently).  The Individual Plaintiffs have failed to tie their alleged psychological and spiritual injuries to *any* clear, concrete consequences or chilling effect as required under the Establishment Clause, nor *any* other cognizable harm under the Free Exercise, Due Process, and Equal Protection Clauses.  (*See* ECF No. 45 at 6-11).  Accordingly, HAF cannot rely on the Individual Plaintiffs' alleged injuries to establish its own associational standing.

III.   **PLAINTIFFS IYER'S AND KOMPELLA'S EQUAL PROTECTION CLAIMS MUST BE DISMISSED AS MOOT**

As discussed in Defendant's Motion, Plaintiffs Iyer and Kompella's claims under the Equal Protection Clause are moot because they were dismissed with prejudice from the State Action five months *before* they attempted to join this case as Individual Plaintiffs.  (ECF No. 41 at 27-29; *see also* ECF Nos. 42-9 & 42-10).  *See also West v. Secretary of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) (holding claims are moot where the court cannot afford the plaintiffs any meaningful, effective relief); *City of Eerie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (where a plaintiff cannot obtain relief if they prevail, any opinion rendered by the court would be advisory); *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005) (holding that "federal courts lack the authority to give opinions upon moot questions or abstract propositions").  Plaintiffs have offered no argument—indeed, no response at all—to refute this ground for dismissal.  (*See* ECF No. 45).

IV.   **PLAINTIFFS' FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In his Motion, Director Kish detailed how Plaintiffs have failed to state any constitutional claim upon which relief can be granted.  (*See* ECF No. 41 at 29-38).  In their Opposition, Plaintiffs fail to address or rebut *any* of Director Kish's arguments or demonstrate how they have alleged sufficient facts to state each of their five claims.  (*See* ECF No. 45 at 11-13).  Instead,

14

1  Plaintiffs recite the pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

2  and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and then state in conclusory fashion that their FAC

3  "satisfies the pleading requirements" and "sets forth [] plausible claim[s] for relief." (*Id.* at 12-

4  13). As Director Kish has explained, they have not. (*See* ECF No. 41 at 29-38).

5  **V.   PLAINTIFFS' FIRST AMENDED COMPLAINT AND OPPOSITION DEMONSTRATE THAT ANY FURTHER AMENDMENT WOULD BE FUTILE**

6  Plaintiffs have requested that, in the event that the Court grants the Motion, the Court afford

7  them an additional opportunity to amend their complaint. (ECF No. 45 at 13:21-23). Courts

8  should dismiss a party's claim without leave to amend where amendment would be futile.

9  *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). Such futility has been

10  demonstrated here. HAF was given leave to amend its complaint in August 2023 and failed to

11  cure its pleading deficiencies. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir.

12  2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And Plaintiffs' Opposition—which

13  lacks any viable legal argument and fails to demonstrate how any Plaintiff has the ability to

14  maintain this suit—further demonstrates that any additional leave to amend would be futile. (*See*

15  ECF No. 45). Plaintiffs need not be afforded another opportunity to amend.

16  **CONCLUSION**

17  For the reasons discussed above, Defendant Kish respectfully asks that this Court dismiss

18  Plaintiffs' complaint in its entirety pursuant to the *Younger* abstention doctrine or, in the

19  alternative, Rule 12(b)(1) or (b)(6).

20  Dated: August 6, 2024                    Respectfully submitted,

22  ROB BONTA
Attorney General of California
23  MICHAEL NEWMAN
Senior Assistant Attorney General
24  WILLIAM H. DOWNER
Supervising Deputy Attorney General

25  /s/ Carly J. Munson

26  CARLY J. MUNSON
27  Deputy Attorney General
*Attorneys for Director Kevin Kish*