Rob Bonta, State Bar No. 202668
Attorney General of California
Michael Newman, State Bar No. 222993
Senior Assistant Attorney General
William H. Downer, State Bar No. 257644
Supervising Deputy Attorney General
*Carly J. Munson, State Bar No. 254598
Jennifer M. Soliman, State Bar No. 332519
Deputy Attorneys General
  1300 I Street
  Sacramento, CA  95814
  Telephone: (916) 210-7845
  Fax: (916) 731-2129
  E-mail: Carly.Munson@doj.ca.gov
*Attorneys for Defendant Kevin Kish, Director of the California Civil Rights Department*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDU AMERICAN FOUNDATION, INC., a Florida Not-For-Profit Corporation; SAMIR KALRA; MIHIR MEGHANI; SANGEETHA SHANKAR; DILIP AMIN, SUNDAR IYER, RAMANA KOMPELLA, SHAISHAV DESAI, and SRIVATS IYER, as individuals;<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1-50, inclusive,<br><br>Defendants. | 2:22-CV-01656-DAD-JDP<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO *YOUNGER* ABSTENTION DOCTRINE, RULE 12(b)(1), AND RULE 12(b)(6)**<br><br>Date: December 3, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Dale A. Drozd<br><br>Action Filed: September 20, 2022<br>Second Am. Compl Filed: August 27, 2024 |

## INTRODUCTION

Defendant Kevin Kish, in his official capacity as the Director of the California Civil Rights Department (the "Department"), respectfully requests that this Court take judicial notice of nine filings in the state court case cited by Plaintiffs in their Second Amended Complaint (ECF No. 50 ¶ 57), in accordance with Federal Rule of Evidence 201 ("Rule 201") and the doctrine of incorporation by reference. These filings, described below, are provided as Exhibits A-I to the concurrently filed Declaration of Carly J. Munson in Support of Motion to Dismiss Second Amended Complaint and Request for Judicial Notice ("Munson Decl.").

## MATTERS TO BE NOTICED

Director Kish respectfully requests that this Court take judicial notice of the following documents:

1. **Exhibit A**: The Department's Motion for Leave to Amend First Amended Complaint and to File Second Amended Complaint, which was filed in Santa Clara County Superior Court in *CRD v. Cisco Systems, Inc.* (Case No. 20-cv-372366) on December 11, 2023. (Munson Decl. ¶ 14, Exh. A).

2. **Exhibit B**: The Santa Clara County Superior Court's order granting the Department's Motion for Leave to Amend First Amended Complaint and to File Second Amended Complaint, which was issued in the above-referenced matter on March 15, 2024. (Munson Decl. ¶ 14, Exh. B).

3. **Exhibit C**: The Department's operative Second Amended Complaint against Cisco Systems, Inc., which was filed in the above-referenced matter on March 18, 2024, and is referenced in Plaintiffs' Second Amended Complaint (ECF No. 50 ¶ 57). (Munson Decl. ¶ 14, Exh. C).

4. **Exhibit D**: Plaintiff HAF's Reply in Support of HAF's Motion for Leave to Intervene, which was filed in the above-referenced matter on November 6, 2023. (Munson Decl. ¶ 15, Exh. D).

5. **Exhibit E**: The Santa Clara County Superior Court's order denying Plaintiff HAF's Motion for Leave to Intervene in *CRD v. Cisco*, which was issued in the above-referenced matter on January 31, 2024. (Munson Decl. ¶ 16, Exh. E).

6. **Exhibit F**: Plaintiff HAF's Notice of Appeal of the Superior Court's January 31, 2024 order denying its Motion for Leave to Intervene in *CRD v. Cisco*, which was filed in the above-referenced matter on March 29, 2024. (Munson Decl. ¶ 17, Exh. F).

7. **Exhibit G**: Plaintiff HAF's Abandonment of Appeal of the Superior Court's January 31, 2024 order denying its Motion for Leave to Intervene in *CRD v. Cisco*, which was filed in the above-referenced matter on May 1, 2024. (Munson Decl. ¶ 17, Exh. G).

8. **Exhibit H**: The Department's Request for Dismissal of Sundar Iyer and Ramana Kompella from *CRD v. Cisco* with prejudice, which was filed in the above-referenced matter on April 6, 2023. (Munson Decl. ¶ 18, Exh. H).

9. **Exhibit I**: Notice of Entry of Dismissal and Proof of Service, dismissing Mr. Iyer and Mr. Kompella from *CRD v. Cisco* with prejudice, which was filed in the above-referenced matter on April 11, 2023. (Munson Decl. ¶ 18, Exh. I).

## LEGAL STANDARD

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). This Court can judicially notice any "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In other words, "the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Only relevant facts may be judicially noticed. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012).

## DISCUSSION

This Court may take judicial notice of related lawsuits. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689, fn. 1 (9th Cir. 2011). Further, this Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d

3

741, 746 n.6 (9th Cir. 2006). Under the doctrine of incorporation by reference, this Court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Casault v. Fed. Nat. Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1120 (C.D. Cal. 2012) (citing *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)).

The Court should take judicial notice of the documents provided as Exhibits A-I because they are filings in a related state court case (*CRD v. Cisco Systems, Inc.* (Case No. 20-cv-372366) and are relevant to the legal grounds supporting Director Kish's Motion to Dismiss Plaintiffs' Second Amended Complaint. For example, Plaintiffs HAF, Sundar Iyer, and Ramana Kompella's asserted positions in and connections to *CRD v. Cisco* as former proposed plaintiff-intervenor and defendants, respectively, are directly relevant to issues raised in Director Kish's Motion.

Moreover, Plaintiffs themselves have put the Department's lawsuit against Cisco directly at issue in the matter at hand. (*See* ECF No. 50, *passim*). Indeed, Plaintiffs explicitly reference *CRD v. Cisco* in their First Amended Complaint (*id.* ¶ 57) and attached an earlier version of the Department's state court complaint against Cisco as an exhibit to its own lawsuit (ECF No. 51). And Plaintiffs seek a remedy from this Court with the apparent intent of affecting the course the Department's State Action, which is still pending in state court. (ECF No. 50 at 35).

Accordingly, the state court filings listed above are both relevant and appropriate for this Court's judicial notice in accordance with Rule 201 and the doctrine of incorporation by reference.

**CONCLUSION**

For the reasons stated herein, the Department's request for judicial notice of the specified filings in the related state court case, *CRD v. Cisco* (Case No. 20-cv-372366), should be granted pursuant to Rule 201.

| | |
|---|---|
| Dated: September 10, 2024 | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>MICHAEL NEWMAN<br>Senior Assistant Attorney General<br>WILLIAM H. DOWNER<br>Supervising Deputy Attorney General<br><br>/s/ Carly J. Munson<br>CARLY J. MUNSON<br>JENNIFER M. SOLIMAN<br>Deputy Attorneys General<br>*Attorneys for Defendant Kevin Kish, Director of the California Civil Rights Department* |

Request for Judicial Notice in Support of Defendant's Motion to Dismiss Second Am. Complaint (2:22-CV-01656)