1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MICHAEL NEWMAN, State Bar No. 222993
   Senior Assistant Attorney General
3  WILLIAM H. DOWNER, State Bar No. 257644
   Supervising Deputy Attorney General
4  *CARLY J. MUNSON, State Bar No. 254598
   JENNIFER M. SOLIMAN, State Bar No. 332519
5  Deputy Attorneys General
     1300 I Street
6    Sacramento, CA  95814
     Telephone:  (916) 210-7845
7    Fax:  (916) 731-2129
     E-mail:  Carly.Munson@doj.ca.gov
8  *Attorneys for Defendant Kevin Kish, Director of
   the California Civil Rights Department*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HINDU AMERICAN FOUNDATION, INC.,** a Florida Not-For-Profit Corporation; **SAMIR KALRA; MIHIR MEGHANI; SANGEETHA SHANKAR; DILIP AMIN, SUNDAR IYER, RAMANA KOMPELLA, SHAISHAV DESAI, and SRIVATS IYER,** as individuals;<br><br>Plaintiffs,<br><br>v.<br><br>**KEVIN KISH, an individual, in his official capacity as Director of the California Civil Rights Department; and DOES 1-50, inclusive,**<br><br>Defendants. | 2:22-CV-01656-DAD-JDP<br><br>**DECLARATION OF CARLY J. MUNSON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND CORRESPONDING REQUEST FOR JUDICIAL NOTICE**<br><br>Date:     December 3, 2024<br>Time:     1:30 p.m.<br>Judge:    Hon. Dale A. Drozd<br><br>Action Filed:  September 20, 2022<br>Second Am. Compl Filed: August 27, 2024 |

1

I, Carly J. Munson, declare as follows:

1. I am an attorney admitted to practice before the courts of the State of California and before this Court. I am a Deputy Attorney General with the Office of the Attorney General, which represents Defendant Kevin Kish in his official capacity as the Director of the California Civil Rights Department (the "Department") in the above-captioned matter.

2. I make this declaration in support of Director Kish's Motion to Dismiss Second Amended Complaint Pursuant to *Younger* Abstention Doctrine, Rule 12(b)(1), and Rule 12(b)(6) and his corresponding Request for Judicial Notice in Support of Motion to Dismiss Second Amended Complaint. If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge.

3. Plaintiffs filed their First Amended Complaint in the above-captioned matter on or around September 21, 2023. (ECF No. 21).

4. This case relates to an ongoing matter pending before the California Superior Court for the County of Santa Clara, *CRD v. Cisco Systems, Inc.*, Case No. 20-cv-372366. (*See, e.g.*, ECF No. 21 ¶ 58). Plaintiffs attached a copy of the Department's original complaint in that matter, which was filed in October 2020, to their First Amended Complaint as Exhibit A. (ECF No. 21 at 37-56).

5. On December 12, 2023, I spoke with Tim Travelstead, counsel of record for the Hindu American Foundation (HAF) in the above-captioned matter by videoconference and informed him that my client planned to file a motion to dismiss under the *Younger* abstention doctrine and Rule 12(b). We discussed the bases for Director Kish's motion and developments in the related state court matter for approximately 45 minutes.

6. Due to ongoing developments in the related state court matter that had the potential to materially affect Director Kish's response to, and this Court's consideration of, Plaintiffs' First Amended Complaint (ECF No. 21) and Motion to Proceed Under Pseudonyms (ECF No. 24), thereafter the parties jointly sought several extensions of time for Director Kish to respond to Plaintiffs' filings. (*See* ECF Nos. 29, 31, 33).

2

Decl. of Carly J. Munson in Supp. of Mot. to Dismiss Second Am. Compl. & Corresponding Req. for Judicial Notice
(2:22-CV-01656-DAD-JDP)

7. On January 30, 2024, I spoke with Mr. Travelstead again by phone regarding Director Kish's anticipated motion to dismiss.

8. On May 1, 7, 9, 13, and 15, 2024, I communicated with Mr. Travelstead by email regarding Director Kish's anticipated motion to dismiss.

9. On May 16 and 17, 2024, my colleague, Deputy Attorney General Jennifer A. Soliman, and I met and conferred with Mr. Travelstead again by videoconference for a total of approximately two hours regarding the substance of Director Kish's motion to dismiss. Specifically, we discussed our respective positions with regard to the *Younger* abstention doctrine, Plaintiffs' standing to bring the instant lawsuit under Rule 12(b)(1), the mootness of Plaintiffs Iyer's and Kompella's claims under Rule 12(b)(1), and the viability of Plaintiffs' five claims under Rule 12(b)(6). At the conclusion of our discussions, we agreed that we could not resolve our differences regarding the legal grounds asserted without the Court's assistance.

10. On May 20, 2024, I filed Director Kish's Motion to Dismiss the First Amended Complaint. (ECF No. 41).

11. On August 13, 2024, the Court denied Director Kish's Motion to Dismiss the First Amended Complaint as moot after denying Plaintiffs' Motion to Proceed Under Pseudonyms. (ECF No. 49). The Court ordered Plaintiffs to amend their complaint within 14 days and stated that Director Kish could renew his motion to dismiss thereafter. (*Id.*)

12. Plaintiffs filed their Second Amended Complaint in the above-captioned matter on or around August 27, 2024. (ECF No. 50). Plaintiffs' Second Amended Complaint also includes a copy of the Department's original complaint in *CRD v. Cisco*, which was filed in October 2020. (ECF No. 51).

13. On August 28 and September 3 and 5, 2024, I communicated with Mr. Travelstead by email regarding Director Kish's anticipated motion to dismiss. On September 5, 2024, Ms. Soliman and I met and conferred with Mr. Travelstead again by videoconference regarding the substance of the motion now presented to the Court. We agreed that our clients' respective positions regarding the *Younger* abstention doctrine, Plaintiffs' standing to bring the instant lawsuit under Rule 12(b)(1), the mootness of Plaintiffs Iyer's and Kompella's claims under Rule

3

12(b)(1), and the viability of Plaintiffs' five claims under Rule 12(b)(6) had not changed since Director Kish had filed his Motion to Dismiss the First Amended Complaint. At the conclusion of our discussions, we agreed that we could not resolve our differences regarding the legal grounds asserted in the instant motion to dismiss without the Court's assistance.

14. The Department has amended its complaint in *CRD v. Cisco Systems, Inc.* twice since October 2020. The operative complaint in *CRD v. Cisco Systems, Inc.* is now the Second Amended Complaint. The only remaining defendant, Cisco, filed its answer to the Second Amended Complaint on April 26, 2024. A true and correct copy of the Department's Motion for Leave to Amend First Amended Complaint and File Second Amended Complaint, which was filed on December 11, 2023, is attached hereto as **Exhibit A**. A true and correct copy of the Superior Court's order granting the Department's motion, which was issued on March 15, 2024, is attached hereto as **Exhibit B**. A true and correct copy of the Department's operative Second Amended Complaint, which was filed on March 18, 2024, is attached hereto as **Exhibit C**.

15. Plaintiff HAF moved to intervene in the Department's pending lawsuit against Cisco in Santa Clara County Superior Court. This Court has previously taken judicial notice of HAF's Motion to Intervene and [Proposed] Complaint in Intervention, which were filed on or around January 7, 2021. (*See* ECF Nos. 10-1, Exh. B & 20). Thereafter, Plaintiffs Iyer and Kompella sought to join HAF in intervening in *CRD v. Cisco*. A true and correct copy of HAF's Reply in Support of HAF's Motion for Leave to Intervene, which was filed on November 6, 2023, is attached hereto as **Exhibit D**.

16. The Santa Clara County Superior Court denied HAF's Motion for Leave to Intervene. A true and correct copy of the Superior Court's order denying HAF's motion, which was issued on January 31, 2024, is attached hereto as **Exhibit E**.

17. HAF filed a notice that it would appeal the Superior Court's order denying it leave to intervene. A true and correct copy of HAF's Notice of Appeal, which was filed on March 29, 2024, is attached hereto as **Exhibit F**. Thereafter, HAF abandoned its appeal. A true and correct copy of HAF's Abandonment of Appeal, which was filed on May 1, 2024, is attached hereto as **Exhibit G**.

4

Decl. of Carly J. Munson in Supp. of Mot. to Dismiss Second Am. Compl. & Corresponding Req. for Judicial Notice
(2:22-CV-01656-DAD-JDP)

18. In its October 2020 complaint against Cisco, the Department brought claims against two of Cisco's supervisors, Sundar Iyer and Ramana Kompella, under the FEHA. (*See* ECF No. 51). The Department has since dismissed its claims against Mr. Iyer and Mr. Kompella with prejudice. A true and correct copy of the Department's Request for Dismissal of Mr. Iyer and Mr. Kompella, which was filed on April 6, 2023, is attached hereto as **Exhibit H**. A true and correct copy of the corresponding Notice of Entry of Dismissal and Proof of Service, which was filed on April 11, 2023, is attached hereto as **Exhibit I**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and this declaration was executed at Sacramento, California this 10th day of September, 2024.

/s/ Carly J. Munson
CARLY J. MUNSON

5

Decl. of Carly J. Munson in Supp. of Mot. to Dismiss Second Am. Compl. & Corresponding Req. for Judicial Notice
(2:22-CV-01656-DAD-JDP)