# Exhibit A

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/11/2023 6:26 PM
Reviewed By: B. Roman-Antunez
Case #20CV372366
Envelope: 13833203**

1  JAMIE CROOK (#245757)
   Chief Counsel
2  RUMDUOL VUONG (#264392)
   Assistant Chief Counsel
3  ROYA MASSOUMI (#242697)
   Associate Chief Counsel
4  DYLAN COLBERT (#341424)
   Staff Counsel
5  CALIFORNIA DEPARTMENT OF FAIR
   EMPLOYMENT AND HOUSING
6  2218 Kausen Drive, Suite 100
   Elk Grove, CA 95758
7  Telephone: (916) 964-1925
   Facsimile: (888) 382-5293
8

9  Attorneys for Plaintiff,
   California Department of Fair Employment and Housing    (Fee Exempt, Gov. Code, § 6103)
10

11          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **IN AND FOR THE COUNTY OF SANTA CLARA**

13  CALIFORNIA DEPARTMENT OF FAIR          **Case No. 20CV372366**
    EMPLOYMENT AND HOUSING, an agency of
14  the State of California,                **PLAINTIFF CALIFORNIA CIVIL RIGHTS
                                            DEPARTMENT'S (formerly California
15                          Plaintiff,      DEPARTMENT OF FAIR EMPLOYMENT
                                            AND HOUSING) NOTICE OF MOTION AND
16              v.                          MOTION FOR LEAVE TO AMEND FIRST
                                            AMENDED COMPLAINT AND TO FILE
17  CISCO SYSTEMS, INC., a California       SECOND AMENDED COMPLAINT**
    Corporation,
18
                            Defendant.      **Date:**        **3-12-2024**
19                                          **Time:**        9:00 AM
                                            **Department:**  16
20                                          **Judge:**       Hon. Amber Rosen
21
                                            **Action Filed:** October 16, 2020
22                                          **Trial Date:**  TBD

23          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that on [DATE] at [TIME] or as soon as the matter may be heard, in

25  Department 16 of the above entitled Court located at 191 North First Street, San Jose, CA 95113,

26  pursuant to California Code of Civil Procedure § 473, subdivision (a), Plaintiff Civil Rights Department

27

28
                                            -1-

(formerly the Department of Fair Employment and Housing) will move and hereby does move this

Court for an order allowing Plaintiff to amend the First Amended Complaint to reflect the following:

- Striking the sentence stating, " As a strict Hindu social and religious hierarchy, India's caste system defines a person's status based on their religion, ancestry, national origin/ethnicity, and race/color—or the caste into which they are born—and will remain until death" and accompany footnote from the First Amended Complaint.  (Pl. First Amended Compl. at 2:5-8.);

- Amending reference in the case caption and throughout the pleading to reflect that Plaintiff Department of Fair Employment and Housing's name has changed to Civil Rights Department pursuant effective June 30, 2022 (Stats. 2022, ch. 48, § 4.); and

- Amend the case caption and throughout the pleading to reflect the dismissal of the individual defendant Sundar Iyer and Romana Kompella pursuant to a mutual settlement agreement and release.

This motion shall be based on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Rumduol K. Vuong, accompany exhibit, all records on file in this case, and such evidence as may properly come before the Corut at the time of the hearing of this motion.

CIVIL RIGHTS DEPARTMENT (formerly
DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING

Dated: December 11, 2023

Rumduol Vuong, Assistant Chief Counsel
Attorney for Plaintiff CRD

1  JAMIE CROOK (#245757)
   Chief Counsel
2  RUMDUOL VUONG (#264392)
   Assistant Chief Counsel
3  ROYA MASSOUMI (#242697)
   Associate Chief Counsel
4  DYLAN COLBERT (#341424)
   Staff Counsel
5  CALIFORNIA DEPARTMENT OF FAIR
     EMPLOYMENT AND HOUSING
6  2218 Kausen Drive, Suite 100
   Elk Grove, CA  95758
7  Telephone:  (916) 478-7251
   Facsimile:  (888) 382-5293
8
9  Attorneys for Plaintiff,
   California Department of Fair Employment and Housing        (Fee Exempt, Gov. Code, § 6103)

10

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/11/2023 6:26 PM
Reviewed By: B. Roman-Antunez
Case #20CV372366
Envelope: 13833203**

11            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12              **IN AND FOR THE COUNTY OF SANTA CLARA**

13  CALIFORNIA DEPARTMENT OF FAIR          **Case No. 20CV372366**
    EMPLOYMENT AND HOUSING, an agency of
14  the State of California,                **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF PLAINTIFF**
15                            Plaintiff,    **CALIFORNIA CIVIL RIGHTS
                                            DEPARTMENT'S (formerly California**
16              v.                          **DEPARTMENT OF FAIR EMPLOYMENT
                                            AND HOUSING) MOTION FOR LEAVE TO**
17  CISCO SYSTEMS, INC., a California       **AMEND FIRST AMENDED COMPLAINT
    Corporation, SUNDAR IYER, an individual; AND TO FILE SECOND AMENDED**
18  RAMANA KOMPELLA, an individual         **COMPLAINT**

19                            Defendant.

20                                         **Date:**
                                           **Time:**        9:00 AM
21                                         **Department:**  16
                                           **Judge:**       Hon. Amber Rosen
22
23                                         **Action Filed:** October 16, 2020
                                           **Trial Date:**   TBD
24

25  / / /

26  / / /

27  / / /

28  / / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    <u>INTRODUCTION</u>

Plaintiff Civil Rights Department ("CRD" or "Plaintiff") (formerly Department of Fair Employment and Housing) seeks an order pursuant to California Code of Civil Procedure section 473, subdivision (a), for leave to file a Second Amended Complaint.  Specifically, CRD seeks leave to amend the pleadings to reflect the dismissal of individual defendants Sundar Iyer and Ramana Kompella from the matter pursuant to a settlement agreement/mutual release.  CRD further seeks to amend the pleading to reflect that the Department of Fair Employment and Housing is now the Civil Rights Department.  Lastly, CRD seeks leave from the court to remove the sentence stating, "[a]s a strict Hindu social and religious hierarchy, India's caste system defines a person's status based on their religion, ancestry, national origin/ethnicity, and race/color—or the caste into which they are born—and will remain until death" and accompany footnote from the First Amended Complaint as the Court itself noted that this sentence was unnecessary to the litigation.  (Pl. First Amended Compl. at p. 2:5-8.)  CRD has consulted with Defendant Cisco Systems, Inc. on these amendments and Cisco has not expressed any opposition to these amendments.

This motion shall be based on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Rumduol K. Vuong, accompany exhibit, all records on file in this case, and such evidence as may properly come before the Court at the time of the hearing of this motion.

### II.    <u>PROCEDURAL HISTORY</u>

On October 16, 2020, CRD, then the Department of Fair Employment and Housing ("DFEH"), filed the original complaint in the above-entitled matter against Defendants Cisco Systems, Inc. ("Cisco"), Sundar Iyer ("Iyer") and Ramana Kompella ("Kompella"), alleging caste discrimination, harassment and retaliation perpetrated against Complainant Narsude Chetan ("Complainant").  (See Pl. Compl.)  As pertinent here, the original complaint contained a sentence stating, "[a]s a strict Hindu social and religious hierarchy, India's caste system defines a person's status based on their religion, ancestry, national origin/ethnicity, and race/color—or the caste into which they are born—and will remain until death."  (Pl. Compl. at  p. 2:5-8.)

-2-

*Cal. Dept. Fair Empl. & Hous. v. Cisco Systems, Inc.* (20CV372366)
Memo of Points and Authorities ISO Plaintiff Motion for Leave to Amend FAC

On November 2, 2020, Plaintiff filed a motion to proceed using a fictitious name to enable Plaintiff to use a pseudonym for the Complainant.

Defendant Cisco filed a demurrer and motion to strike on November 3, 2020.

On January 7, 2021, the Hindu American Foundation sought intervention in this matter.

On June 30, 2022, Senate Bill 189 became law and changed the name of the Department of Fair Employment and Housing to the Civil Rights Department. (See Cal. Gov't Code § 12901. Legis. Counsel's Dig., Sen. Bill No. 189 (2021-2022 Reg. Sess).)

Pursuant to a settlement agreement/mutual release, Plaintiff requested dismissal of Iyer and Kompella as defendants from this matter on April 6, 2023 and the Court entered the dismissal on April 11, 2023.  (Vuong Decl. at ¶3.)

On November 6, 2023, the Court overruled the demurrer in its entirety and granted the motion to strike in part, ordering stricken footnotes 8, 9 and 10 as well as a sentence on page 4.  (Court Nov. 6, 2023 Order at p. 24:13-22.)

Oral arguments were held on both the intervention motion and the motion to proceed using a fictitious name on November 16, 2023.  At this hearing, the Court denied the intervention motion and noted that the sentence regarding Hindu social and religious hierarchy was unnecessary for this litigation.

The Court further denied the fictitious name motion and ordered Plaintiff to amend the original complaint to name Complainant within seven days. (Court Dec. 7 Order.)  Defendant Cisco has not yet filed its answer, which is due thirty days after the filing of the FAC.

Concurrent with this motion, Plaintiff has filed its First Amended Complaint ("FAC"), which was revised to comply with the Court's order on the motions to strike and for use of a fictitious name. Specifically, Plaintiff's FAC discloses Complainant's identity and remove two footnotes and a sentence regarding Cisco's use of the H1B visa that the Court ordered stricken.

Plaintiff files this motion for leave to amend the FAC as follows: to reflect the dismissal of the Iyer and Kompella; to change Plaintiff's name; and to remove the  sentence the Court characterized as unnecessary.  Plaintiff has informed Cisco of its intention to seek leave from the Court to amend the FAC for this purpose and Cisco has not raised any objections.  (Vuong Decl. at ¶5.)

-3-

*Cal. Dept. Fair Empl. & Hous. v. Cisco Systems, Inc.* (20CV372366)
Memo of Points and Authorities ISO Plaintiff Motion for Leave to Amend FAC

### III.    __ARGUMENT__

As the amendments sought by CRD are procedural (reflecting the name change of the Plaintiff and dismissal of Iyer and Kompella as defendants) and at the suggestion of the Court (removal of the sentence in the first paragraph of the First Amended Complaint (p. 2:5-8)), the Court should exercise its discretion to allow Plaintiff to amend the FAC, especially as no party would be prejudiced by this amendment.

California Code of Civil Procedure section 473, subdivision (a) gives a court discretion to allow a party to amend a pleading, including to correct a mistake in the name of a party.  (Cal. Civ. Pro. 473(a) [stating " [t]he court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect… The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars…"].)  While "[m]otions for leave to amend are directed to the sound discretion of the judge…the court's discretion will usually be exercised liberally to permit amendment of the pleadings. [Citation] The policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified." (*Howard v. County of San Diego* (2010) 184 Cal.App.4th 1422, 1428 [citing *Nestle v. Santa Monica* (1972) 6 Cal.3d 920, 939 and *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596.)

Indeed, California's public policy allows great liberality in amendments to pleadings at any stage of the proceeding where the authorization does not prejudice substantial rights of others. (*Hulsey v. Koehler* (1990) 218 Cal.App.3d 1150, 1159 ["Section 473 permits the trial court in its discretion to allow amendments to pleadings in the furtherance of justice. Ordinarily, courts should 'exercise liberality' in permitting amendments at any stage of the proceeding];  *Permalab–Metalab Equipment Corp. v. Maryland Cas. Co*. (1972) 25 Cal.App.3d 465, 472 [noting that courts are critical of proposed amendment to pleadings where it occurs on the eve of trial, there is unexplained delay, or prejudice to a party exists].).  It is an abuse of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment. (*Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 945-46.)

-4-

*Cal. Dept. Fair Empl. & Hous. v. Cisco Systems, Inc.* (20CV372366)
Memo of Points and Authorities ISO Plaintiff Motion for Leave to Amend FAC

1   Here, Plaintiff seeks to amend its FAC first for the purpose of correcting its own name and to

2   reflect the removal of Iyer and Kompella as defendants in the operative pleading. These changes are

3   administrative, not substantive, and will not prejudice the defendant because it does not change the

4   nature of the action or the parties. (*Hawkins v. Pacific Coast Bldg. Products, Inc*. (2004) 124

5   Cal.App.4th 1497, 1505.)

6   The additional amendment is to remove language that the Court indicated it found superfluous

7   and unnecessary. Plaintiff has informed Cisco of its intention to seek the above amendments and Cisco

8   has not objected to these proposed amendments.  The redlined version of the FAC with the proposed

9   changes is attached hereto as Exhibit A.

10   As there exists no prejudice to the Cisco from the filing of a Second Amended Complaint to

11   incorporate the proposed modifications, the Court should grant CRD's motion in accordance with the

12   great liberality in permitting amendments to the pleading at any stage of the proceeding.

13   **IV.   <u>CONCLUSION</u>**

14   For the forgoing reasons, Plaintiff CRD respectfully requests that the court grants Plaintiff's

15   request for leave to amend the FAC and file the Second Amended Complaint attached hereto as Exhibit

16   "A".

17

18   CIVIL RIGHTS DEPARTMENT (formerly
    DEPARTMENT OF FAIR EMPLOYMENT

19   AND HOUSING

20
    Dated: December 11, 2023

21   Rumduol Vuong, Assistant Chief Counsel

22   Attorney for Plaintiff CRD

23

24

25

26

27

28

*Cal. Dept. Fair Empl. & Hous. v. Cisco Systems, Inc.* (20CV372366)
Memo of Points and Authorities ISO Plaintiff Motion for Leave to Amend FAC

| | |
|---|---|
| 1 | JAMIE CROOK (#245757)<br>Chief Counsel |
| 2 | RUMDUOL VUONG (#264392)<br>Assistant Chief Counsel |
| 3 | ROYA MASSOUMI (#242697)<br>Associate Chief Counsel |
| 4 | DYLAN COLBERT (#341424)<br>Staff Counsel |
| 5 | CALIFORNIA DEPARTMENT OF FAIR<br>  EMPLOYMENT AND HOUSING |
| 6 | 2218 Kausen Drive, Suite 100<br>Elk Grove, CA  95758 |
| 7 | Telephone:  (916) 964-1925<br>Facsimile:   (888) 382-5293 |
| 8 | |
| 9 | Attorneys for Plaintiff,<br>California Department of Fair Employment and Housing     (Fee Exempt, Gov. Code, § 6103) |
| 10 | |

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/11/2023 6:26 PM
Reviewed By: B. Roman-Antunez
Case #20CV372366
Envelope: 13833203**

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>                                        Plaintiff,<br><br>            v.<br><br>CISCO SYSTEMS, INC., a California Corporation,<br><br>                                        Defendant. | **Case No. 20CV372366**<br><br>**DECLARATION OF RUMDUOL VUONG IN IN SUPPORT OF PLAINTIFF CALIFORNIA CIVIL RIGHTS DEPARTMENT'S (formerly California DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING) MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND TO FILE SECOND AMENDED COMPLAINT**<br><br>**Date:**<br>**Time:**          9:00 AM<br>**Department:**   16<br>**Judge:**         Hon. Amber Rosen<br><br>**Action Filed:** October 16, 2020<br>**Trial Date:**   TBD |

I, Rumduol K. Vuong, do hereby state as follows:

1.      I am an attorney at law duly licensed to practice in the courts of the State of California. I am employed as Assistant Chief Counsel by Plaintiff California Civil Rights Department (CRD), previously the Department of Fair Employment and Housing. In my official capacity, I represent CRD in this matter. I have personal knowledge of the above-captioned case and the matters in this declaration.

-1-

1  except those statements made upon information and belief. If called on to testify, I could do so

2  competently.

3      2.    I make this declaration in support of Plaintiff CRD's notice of motion and motion for

4  leave to amend the first amended complaint and memorandum of points and authorities in support

5  thereof.

6      3.    Pursuant to a settlement agreement, CRD requested dismissal of Sundar Iyer and

7  Ramama Kompella as defendants on April 6, 2023.  The settlement agreement required each party to

8  release all claims against the other party which relate to the CRD's action or the facts alleged therein.

9      4.    The name of the Department of Fair Employment and Housing was changed by statute

10  (SB 189) to the Civil Rights Department, effective June 20, 2022.

11      5.    Plaintiff informed Defendant Cisco of its intention to seek leave from the Court to revise

12  the FAC to reflect the dismissal of the Iyer and Kompella, the change in Plaintiff's name, and to remove

13  the above identified sentence. Cisco has not raised any objections.

14      6.    Attached as Exhibit "A" to the Memorandum of Points and Authorities in Support of the

15  Motion for Leave to Amend is redline version of the proposed First Amended Complaint with the

16  proposed changed that will constitute the Second Amended Complaint.

17      I declare under penalty of perjury that the forgoing is true and correct.

18      Executed on: December 11, 2023, at Los Angeles, CA.

19

20

21

22  Dated: December 11, 2023

23  Rumduol Vuong,
    Assistant Chief Counsel

24      Attorney for Plaintiff CRD

25

26

27

28

*Cal. Dept. Fair Empl. & Hous. v. Cisco Systems, Inc.* (20CV372366)
Decl. of Rumduol Vuong ISO Plaintiff Motion for Leave to Amend FAC

EXHIBIT  A

1  JAMIE CROOK (#245757)
   Chief Counsel
2  RUMDUOL VUONG (#264392)
   Assistant Chief Counsel
3  ROYA MASSOUMI (#242697)
   Associate Chief Counsel
4  DYLAN COLBERT (#341424)
   Staff Counsel
5  CALIFORNIA CIVIL RIGHTS DEPARTMENT
   2218 Kausen Drive, Suite 100
6  Elk Grove, CA  95758
   Telephone:  (916) 478-7251
7  Facsimile:   (888) 382-5293

8  Attorneys for Plaintiff,
   California Civil Rights Department   (Fee Exempt, Gov. Code, § 6103)
9

10          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              IN AND FOR THE COUNTY OF SANTA CLARA

12  CALIFORNIA CIVIL RIGHTS          Case No. 20CV372366
    DEPARTMENT, an agency of the State of
13  California,                       CIVIL RIGHTS – SECOND AMENDED
                                      COMPLAINT
14                        Plaintiff,

15         v.

16  CISCO SYSTEMS, INC., a California   DEMAND FOR JURY TRIAL
    Corporation,
17
                          Defendant.
18

19         The California Civil Rights Department (CRD) brings this action against Cisco Systems,

20  Inc. (Cisco) to remedy workplace discrimination, harassment, and retaliation violations at its San

21  Jose, California corporate headquarters under the California Fair Employment and Housing Act,

22  Cal. Gov't Code § 12900, *et seq.* (FEHA). Specifically, Cisco engaged in unlawful employment

23  practices on the bases of religion, ancestry, national origin/ethnicity, and race/color against.

24  Complainant Chetan Narsude ("Complainant"), and after Complainant opposed such unlawful

25  practices, Cisco retaliated against him. Cisco also failed to take all reasonable steps to prevent such

26  unlawful practices in its workplace, as required under FEHA.

27  / / /

28

                                      -1-
            *Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
                          Civil Rights-First Amended Complaint

---

**Deleted:** OF FAIR ¶
EMPLOYMENT AND HOUSING

**Deleted:** Department of Fair Employment and Housing

**Deleted:** DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING…

**Deleted: FIRST**

**Deleted:** SUNDAR IYER, an individual; RAMANA KOMPELLA, an individual,

**Deleted:** Department of Fair Employment and Housing

**Deleted:** DFEH

**Formatted:** Indent: First line:  0"

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

**INTRODUCTION**

1.      Complainant is Dalit Indian, a population once known as the "Untouchables," who are the most disadvantaged people under India's centuries-old caste system.[1] At the bottom of the Indian hierarchy is the Dalit, typically the darkest complexion caste, who were traditionally subject to untouchability practices which segregated them by social custom and legal mandate. Although *de jure* segregation ended in India, lower caste persons like Dalits continue to face *de facto* segregation and discrimination in all spheres.[3] Not only do Dalits endure the most severe inequality and unfair treatment in both the public and private sectors, they are often targets of hate violence and torture. Of India s approximately 1.3 billion people, about 200 million are Dalits.[4]

2.      Unlike Complainant, most Indian immigrants in the United States are from upper castes. For example, in 2003, only 1.5 percent of Indian immigrants in the United States were Dalits or members of lower castes.[5]  More than 90 percent were from high or dominant castes. Similarly, upon information and belief, the same is true of the Indian employees in Cisco's workforce in San Jose, California.

3.      As alleged below, at Cisco's San Jose headquarters, Complainant worked with a team of entirely Indian employees. The team members grew-up in India and immigrated as adults to the United States. Except for Complainant, the entire team are also from the high castes in India. As beneficiaries of the caste system, Complainant's higher caste supervisors and co-workers imported the discriminatory system's practices into their team and Cisco's workplace.

4.      Complainant's supervisors and co-workers, Sundar Iyer ("Iyer) and Ramana Kompella ("Kompella"), are from India's highest castes. Because both knew Complainant was Dalit,

---

[1] Complainant is Dalit because of his religion, ancestry, national origin/ethnicity, and race/color. The caste to which someone belongs is immutable and determines their social status in traditional Indian culture. Social stratification and discrimination based on caste persists in India and among those living outside India, including in America. Encyclopedia Britannica, *India: Caste* (June 24, 2020), https://www.britannica.com/place/India/Caste (last visited June 29, 2020).
[3] Human Rights Watch & Center for Human Rights and Global Justice at New York University School of Law, *Hidden Apartheid: Caste Discrimination against India's "Untouchables,"* at 45 (2007), https://www.hrw.org/reports/2007/india0207/india0207webwcover.pdf
[4] Office of the Registrar General & Census Commissioner, India, Ministry of Home Affairs, Government of India, *2011 Primary Census Abstract,* https://censusindia.gov.in/pca/default.aspx.
[5] Tinku Ray, *The US isn't safe from the trauma of caste bias,* The World (Mar. 08, 2019, 9:00 AM), https://www.pri.org/stories/2019-03-08/us-isn-t-safe-trauma-caste-bias.

**Deleted:** As a strict Hindu social and religious hierarchy, India's caste system defines a person status based on their religion, ancestry, national origin/ethnicity, and race/color or the caste into which they are born and will remain until death.[2]

**Deleted:** Defendants

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1   they had certain expectations for him at Cisco. Complainant was expected to accept a caste

2   hierarchy within the workplace where Complainant held the lowest status within the team and, as a

3   result, received less pay, fewer opportunities, and other inferior terms and conditions of

4   employment because of his religion, ancestry, national origin/ethnicity, and race/color. They also

5   expected him to endure a hostile work environment. When Complainant unexpectedly opposed the

6   unlawful practices, contrary to the traditional order between the Dalit and higher castes,

7   Defendants retaliated against him. Worse yet, Cisco failed to even acknowledge the unlawful

8   nature of the conduct, nor did it take any steps necessary to prevent such discrimination,

9   harassment, and retaliation from continuing in its workplace.

10         5.      Not only did Cisco disregard Complainant, but also its own workforce. For decades,

11   similar to Complainant's team, Cisco s technical workforce has been and continues to be

12   predominantly South Asian Indian. According to the 2017 EEO-1 Establishment Report (EEO-1

13   Report), for example, Cisco has a significant overrepresentation of Asian employees compared to

14   other companies in the communications, equipment and manufacturing industry (NAICS 3342) in

15   the same geographic area, which is statistically significant at nearly 30 standard deviations.[6] Such

16   overrepresentation is also present in management and professional job categories. In addition to

17   Cisco's direct workforce, Cisco also employs a significant number of South Asian Indian workers

18   through Indian-owned consulting firms. Outside of San Jose, Cisco's second largest workforce is in

19   India.

20         6.      Although Cisco has employed a predominantly South Asian Indian workforce for

21   decades, Cisco was and continues to be wholly unprepared to prevent, remedy, or deter the

22   unlawful conduct against Complainant or similarly situated lower caste workers. Cisco failed to

23   take any steps whatsoever to prevent " . . . inequalities associated with [c]aste status, ritual purity,

24   and social exclusion [from] becom[ing] embedded . . . " into its workplace, which is a documented

---

[6] 2017 EEO-1 Report for Cisco Systems, Inc. at 170 West Tasman Drive in San Jose, California. Because Cisco is a federal contractor and employs 50 or more employees in California and the United States, Cisco is required to file an Employer Information Report EEO-1, also known as the EEO-1 Report. The EEO-1 Report requires employers to report employment data for all employees categorized by sex, race/ethnicity, and job category. EEOC, *EEO-1 Instruction Booklet*, https://www.eeoc.gov/ employers/eeo-1-survey/eeo-1-instruction-booklet (last visited June 23, 2020).

Deleted: *Dept. Fair Empl. & Hous*

Deleted: .

1  problem for "… American mainstream institutions that have significant South Asian immigrant

2  populations."[7] A 2018 survey of South Asians in the U.S. found that 67% of Dalits reported being

3  treated unfairly at their American workplaces because of their caste and related characteristics.[8]

4  However, few South Asian employees raised concerns to their American employers, because they

5  believe "their concerns will not be given weight or will lead to negative consequences to their

6  career."[9] This is precisely what happened to Complainant at Cisco.

7  **JURISDICTION AND VENUE**

8      8.  This action is authorized and instituted pursuant to California Government Code

9  sections 12930 (f) and (h), and 12965(a).

10      9.  The employment practices alleged to be unlawful were and are now being

11  committed within the County of Santa Clara in the State of California, which is within the

12  jurisdiction of the Superior Court of the County of Santa Clara. (Cal. Gov't Code § 12965, subd.

13  (a).)

14      10.  Plaintiff has standing to bring this suit and has complied with all statutory

15  prerequisites to maintain FEHA claims.

16      11.  Complainant filed a pre-complaint inquiry with CRD on or about April 20, 2018,

17  and a verified administrative complaint against Defendant Cisco on or about July 30, 2018. The

18  charge was dually filed with the Equal Employment Opportunity Commission (EEOC). CRD

19  properly served the administrative complaint on Defendant Cisco on or about August 7, 2018. On

20  or around October 9, 2018, Complainant filed an amended administrative complaint against Cisco,

21  Iyer, and Kompella. The amended administrative complaint was properly served on all named

22  responding parties on or about October 9, 2018.

23      12.  CRD investigated Complainant's dually filed EEOC-CRD charge and complaint

24  pursuant to California Government Code sections 12930(f) and 12963.

25

26  [7] Maari Zwick-Maitreyi et al., Equality Labs, *Caste in the United States: A Survey of Caste Among*

27  *South Asian Americans*, 16 (2018) https://static1.squarespace.com/static/58347d04bebafbb1e66df84c/t/5d9b4f9afbaef569c0a5c132/1570459664518/Caste_report_2018.pdf.

28  [8] *Id.* at 20.

   [9] *Ibid.*

-4-

*Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
Civil Rights-First Amended Complaint

**Deleted:** DFEH

**Deleted:** DFEH

**Deleted:** Defendants

**Deleted:** DFEH
**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*
**Deleted:** .

13.     Pursuant to Cal. Gov't Code § 12965(a), the CRD convened a mandatory dispute resolution session on or about February 11, 2020. Settlement discussions were unsuccessful. The CRD and Defendants entered consecutive tolling agreements to toll the statutory deadline for CRD to file a civil action to June 30, 2020.

14.     On or about June 30, 2020, CRD filed a civil rights complaint in the United States District Court for the Northern District of California. On or about October 16, 2020, CRD voluntarily dismissed the federal civil rights action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

15.     CRD files this state court action pursuant to the FEHA, California Government Code sections 12930, subdivisions (f)(1), (h), and 12965, subdivision (a), and 28 U.S.C. section 1367, subdivision (d). All conditions precedent to the institution of this lawsuit have been fulfilled. The amount of damages sought by this complaint exceeds the minimum jurisdictional limits of this Court.

### PARTIES

**Plaintiff California Civil Rights Department**

16.     Plaintiff CRD is the agency of the State of California charged with the administration, interpretation, investigation, and enforcement of the FEHA, and is expressly authorized to bring this action by California Government Code sections 12930, subdivisions (f), (h), and 12965, subdivision (a).

17.     Complainant is the person claiming to be aggrieved on whose behalf the CRD files this civil action. (Cal. Gov't Code, §§ 12965, subd. (a), 12930, subd. (f), (h).)

18.     At all relevant times, Complainant was, and remains, an "employee" of Defendant Cisco within the meaning of FEHA. (Cal. Gov't Code, §§ 12926, subd. (c)-(d), 12940, subd. (a), (j), (k).) On or around October 2015 to November 2018, Complainant worked as a Principal Engineer with Cisco in Santa Clara County, California. Since on or about December 2018, Complainant has worked as a Principal Engineer with Cisco in Santa Clara County, California.

19.     At all relevant times, Complainant was, and remains, a "person" within the meaning of the FEHA. (Cal. Gov't Code, §§ 12925, subd. (d), 12940, subd. (h).)

**Defendant Cisco Systems, Inc.**

20. Defendant Cisco (EEO-1 reporting number N14137) is a leading global high-tech firm founded in 1984. The company designs, manufactures, sells, and supports equipment for internet-based networking. It has approximately 75,900 employees worldwide and is publicly traded on NASDAQ. The firm's EEO-1 reports places it in the communications equipment manufacturing industry (NAICS 3342). Within California, Cisco employs at least 18,281 employees at 19 establishments in 6 different metropolitan areas, including the corporate headquarters in San Jose.

21. At all relevant times, Defendant Cisco has continuously been and is now a California Corporation doing business in the State of California and the Cities of San Jose and Milpitas in Santa Clara County and has continuously had at least fifteen employees.

22. At all relevant times, Defendant Cisco has continuously been an employer engaged in an industry affecting commerce within the meaning of California Government Code, section 12926, subdivision (d).

23. At all relevant times, Cisco contracted with and received federal and state funds from the United States and California governments.

## STATEMENT OF CLAIMS

28. Beginning in the November 1, 2016, Defendant Cisco engaged in unlawful employment practices, in violation of California Government Code, section § 12940 subdivisions (a), (j), (h), and (k). These practices include but are not limited to the practices described below.

29. Complainant's ancestry, national origin/ethnicity, and race/color is Dalit Indian. Complainant has a darker complexion relative to other persons of non-Dalit Indian descent. Complainant's religion is Hindu. As a Dalit, he also is known as from the Untouchable or Scheduled Caste.

30. Complainant has over 20 years of experience in the software development lifecycle process at startups and established companies. In or around September 2015, Iyer recruited and hired Complainant as a Principal Engineer for Cisco because of his expertise and experience. As the head of the Cisco team, Iyer hired and supervised Complainant, having the authority to control

---

**Deleted: Defendant Sundar Iyer¶**
24. At all relevant times, Defendant Sundar Iyer was employed by Cisco as a "supervisor" within the meaning of FEHA. (Cal. Gov't Code, § 12926, subd. (t).) DFEH is informed and believes that Iyer was a Distinguished Engineer with Cisco. Public records indicate Iyer resided in Palo Alto, California at the time of the events alleged herein.¶
25. At all relevant times, Defendant Iyer was the agent of Defendant Cisco and was acting within the scope and authority of such agency, and Defendant Iyer is jointly and severally responsible and liable to Complainant for the damages alleged. ¶
**Defendant Ramana Kompella¶**
26. At all relevant times, Defendant Ramana Kompella was employed by Cisco as a "supervisor" within the meaning of the FEHA. (Cal. Gov't Code, § 12926, subd. (t).) DFEH is informed and believes that Kompella was a Principal Engineer with Cisco. Public records indicate Kompella resided in Cupertino, California at the time of the events alleged herein.¶
27. At all relevant times, Defendant Kompella was the agent of Defendant Cisco and was acting within the scope and authority of such agency, and Defendant Kompella is jointly and severally responsible and liable to Complainant for the damages alleged.¶

**Deleted: s**

**Deleted: , Iyer, and Kompella**

**Deleted: Dept. Fair Empl. & Hous**

**Deleted: .**

1  his day-to-day assignments, discipline, discharge, direct, and transfer Complainant. Upon

2  information and belief, Iyer is Brahmin.

3      31.    In or around October 2016, two of Complainant's colleagues told Complainant that

4  Iyer informed them that Complainant was from the "Scheduled Caste" (Dalit) and enrolled in the

5  Indian Institute of Technology (IIT) through affirmative action. Iyer was aware of Complainant's

6  caste because they attended IIT at the same time.

7      32.    In or around November 1, 2016, Complainant confronted Iyer about disclosing

8  Complainant's Caste to other Cisco employees. Iyer asked Complainant who claimed he made

9  such a comment. After Complainant shared the names of his colleagues, Iyer denied the comment

10  and stated Complainant's colleagues were not telling the truth.

11      33.    In or around November 21, 2016, Complainant contacted Cisco's human resources

12  (HR) and Employee Relations to file a discrimination complaint against Iyer.

13      34.    Six days after Complainant's first contact with Cisco's HR and employee relations, Iyer

14  told Complainant he was taking away Complainant's role as lead on two technologies.

15      35.    On or around November 28, 2016, Iyer promoted two of Complainant's colleagues to

16  head engineering roles, one of whom was Kompella. Kompella was made Head of Southbound

17  Engineering. Upon information and belief, Kompella is Brahmin or at least of a higher caste than

18  Dalit. With this new title, Kompella received a raise of approximately 15% or more. As the Head

19  of Southbound Engineering, Kompella had the ability to direct the day-to-day assignments and

20  recommend employment actions for those on his team, including Complainant.

21      36.    On or around November 28, 2016, Iyer also removed team members from the third

22  technology Complainant was working on and did not formally integrate the third technology into

23  either team headed by the two new Heads of Engineering. As a result of these changes,

24  Complainant's role was reduced to that of a system architect as an independent contributor, and he

25  was isolated from all his colleagues.

26      37.    On or around December 8, 2016, Complainant submitted a written complaint about

27  Iyer's disclosure of Complainant's caste, Complainant's complaint to Iyer, and Iyer's retaliatory

28  employment actions, including the sudden changes to Complainant's job duties. He also

**Deleted:** Defendant

**Deleted:** Defendant

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1   complained that Iyer made discriminatory comments to a colleague and about a job applicant

2   because of the applicant's religion (Muslim).

3        38.    Cisco's Employee Relations Manager, Brenda Davis, conducted the investigation

4   into Complainant's December 2016 complaint. Davis' internal investigation notes revealed that

5   Iyer admitted that he told Complainant's colleagues that Complainant was not on the "main list."

6   Among those from India, it is commonly known that students not on the main list are admitted to

7   IIT through an affirmative action program designed for those from the "Scheduled Castes" or those

8   outside the caste system. Therefore, stating that someone is not on the "main list" effectively

9   reveals their caste. Despite this, Davis took no further action and failed to even contact relevant

10  witnesses or Complainant.

11       39.    Cisco Employee Relations staff, including Davis, also indicated that caste

12  discrimination was not unlawful. As a result, Davis did not recommend any corrective action

13  against Iyer. Iyer also admitted that he made a joke about Complainant's co worker's religion and

14  talked about an applicant's Muslim-related appearance. Still, Davis did not recommend any

15  corrective action. On or around February 2, 2017, Davis closed her investigation finding all of

16  Complainant's complaints were unsubstantiated.

17       40.    Iyer's retaliatory efforts continued. He further isolated Complainant from the team

18  when he disparaged Complainant to other employees, misrepresented that Complainant did not

19  perform his job adequately, and told Complainant's team members that they should avoid working

20  with him.

21       41.    On or around March 2, 2017, Complainant sought review of Davis' investigation

22  findings. After repeated attempts to have Cisco review Davis' findings, HR official Tara Powell

23  finally reopened the investigation on or around April 25, 2017. Powell re-interviewed one of the

24  employees to whom Iyer made the comment about Complainant's caste in or around October 2015.

25  The employee stated that he learned about Complainant's caste but refused to tell Powell how he

26  knew, noting that he did not want to say anything about Iyer because they had known each other

27  for a long time. He also stated that he thought Complainant was being treated unfairly and that he

28  was very technically able but was being excluded at work. Powell did not attempt to contact for an

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

-8-

*Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
Civil Rights-First Amended Complaint

1  interview the other employee who witnessed Iyer's disclosure of Complainant's caste. Two

2  additional witnesses told Powell that they feared losing their jobs or otherwise being retaliated

3  against for speaking out against Iyer. One of those employees also told Powell that he thought

4  Complainant was very competent and asked appropriate questions, but that Iyer was setting

5  Complainant up to push him out of the company.

6       42.    Powell's investigation also uncovered a spreadsheet that showed anticipated yearly

7  raises, bonuses, and restricted stock unit awards that Iyer had promised Complainant. These raises,

8  bonuses, and awards never materialized when promised. But Powell also found that four out of the

9  eight other team members received raises in or around October 2016.

10       43.    In or around August 2017, Powell concluded she could not substantiate any caste-

11  based or related discrimination or retaliation against Complainant. Powell, however, determined

12  that Iyer mocked another employee's religion and thus violated Cisco's Code of Conduct. Still, no

13  immediate corrective action was taken.

14       44.    Despite Complainant's repeated attempts to bring the caste-based and related

15  discrimination, harassment, and retaliation to Defendant Cisco's attention in 2016 and 2017, Cisco

16  failed to recognize casteism as a form of unlawful religion-, ancestry-, national origin/ethnicity-,

17  and race/color-based discrimination or harassment under state or federal law and failed to conduct

18  a thorough investigation. While the investigation confirmed Complainant was increasingly isolated

19  and treated unfairly by Iyer and Kompella, Cisco failed to take timely and appropriate corrective

20  action. Moreover, Cisco's training was deficient in that it did not adequately train managerial

21  employees on workplace discrimination, harassment, and retaliation, nor did the company prevent,

22  deter, remedy, or monitor casteism in its workforce.

23       45.    On or around February 26, 2018, Kompella became the Interim Head of

24  Engineering for Cisco's team after Iyer stepped down. In his new role, Kompella supervised

25  Complainant and continued to discriminate, harass, and retaliate against Complainant by, for

26  example, giving him assignments that were impossible to complete under the circumstances.

27  Kompella also began requiring Complainant to submit weekly status reports to him and Senior

28  Vice President/General Manager Tom Edsall.

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1    46.    On or around May 21, 2018, Rajeev Gupta took over from Kompella and became

2    the Director of Engineering. In that role, Gupta supervised Complainant.

3    47.    Two months later, in or around July 2018, Complainant applied for the position of

4    Director of Research and Development Operations with Gupta. According to Gupta's interview

5    notes, he ranked Complainant as "below average" in six out of eight categories and as "meeting

6    requirements" in the remaining two categories. But Gupta's assessment of Complainant was

7    improperly influenced by Iyer's retaliatory employment actions. Gupta specifically cited

8    Complainant's lead role being taken away and his job reduced to that of an independent

9    contributor in November 2016. Gupta's notes also reflected Iyer's retaliatory criticisms about

10   Complainant's work product, social skills, and insubordination. Complainant did not get the

11   position.

12   48.    The effect of the unlawful employment practices complained of above was to

13   deprive Complainant of equal employment opportunities, and otherwise adversely affect his status

14   as employees, because of religion, ancestry, national origin/ethnicity, and race/color.

15   49.    The unlawful employment practices complained of above were intentional.

16   50.    The unlawful employment practices complained of above were done with malice or

17   with reckless indifference to Complainant's federally and state-protected civil rights.

18   <u>**FIRST CAUSE OF ACTION**</u>

19   **Violation of FEHA: Discrimination on the Basis of Religion, Ancestry,**
     **National Origin/Ethnicity, and Race/Color**

20   **(Cal. Gov't Code, § 12940, subd. (a))**
     **Against Defendant Cisco**

21

22   51.    The CRD incorporates and realleges all previous allegations as if fully set forth

23   herein.

24   52.    The FEHA guarantees all employees a workplace free from unlawful discrimination

25   and harassment based on the employee's religion, ancestry, national origin/ethnicity, and

26   race/color. (Cal. Gov't Code, § 12940, subd. (a).)

27   53.    As alleged above, Cisco discriminated against Complainant by subjecting him to

28   disparate terms and conditions of employment based on his religion, ancestry, national

-10-

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1   origin/ethnicity, and race/color. Among other actions, Cisco reassigned Complainant's job duties

2   and isolated him from his colleagues, denied him a raise, denied him work opportunities that

3   would have led to a raise, denied him a promotion to the Head of Engineering, and denied him a

4   promotion to the Director of Research and Development Operations.

5       54.    Cisco subjected Complainant to discriminatory comments and conduct because of

6   his religion, ancestry, national origin/ethnicity, and race/color

7       55.    The alleged discriminatory comments and conduct constitute unlawful

8   discrimination for which Defendant Cisco is liable under California Government Code section

9   12940, subdivision (a). 56. As a direct result of these unlawful employment practices, Complainant

10  suffered economic injuries including, but not limited to, lost wages and other compensation, in an

11  amount to be proven at trial.

12      57.    As a direct result of these unlawful employment practices, Complainant suffered

13  emotional distress including, but not limited to, emotional pain, suffering, mental anguish,

14  humiliation, and hopelessness, in an amount to be proven at trial.

15      58.    Defendant Cisco' s actions were willful, malicious, fraudulent, and oppressive, and

16  were committed with the wrongful intent to injure Complainant and in conscious disregard of his

17  rights.

18      59.    Defendant Cisco engaged in, and by its refusal to comply with the law,

19  demonstrated it will continue to engage in, the unlawful employment discrimination described

20  herein unless it is enjoined pursuant to the FEHA. Unless Defendant Cisco is enjoined from failing

21  or refusing to comply with the mandates of the FEHA, Complainant and other persons' rights to

22  seek or hold employment free of unlawful discrimination will continue to be violated.

23      60.    Plaintiff CRD lacks any plain, speedy, and adequate remedy at law to prevent such

24  harm, injury, and loss that is the subject of this complaint and will continue until this Court enjoins

25  the unlawful conduct and grants other injunctive relief as prayed for herein.

26  ///

27  ///

28  ///

-11-

Cal. Rights Department v. Cisco Systems, Inc., et al. (20CV372366)
Civil Rights-First Amended Complaint

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

**SECOND CAUSE OF ACTION**
**Violation of FEHA: Harassment on the Basis of Religion, Ancestry, National Origin/Ethnicity, and Race/Color**
**(Cal. Gov't Code, § 12940, subd. (j))**
**Against Defendant Cisco**

61.     The CRD incorporates and realleges all previous allegations as if fully set forth herein.

62.     The FEHA prohibits harassment based on the employee's protected characteristics including, but not limited to, their caste, which includes religion, ancestry, national origin/ethnicity, and race/color. (Cal. Gov't Code, § 12940, subd. (j).) Employers are liable for the harassment of their supervisors. (*Id.*, subd. (j)(1).) Employees and supervisors are liable for their own harassing conduct. (*Id.*, subd. (j)(3).)

63.     As alleged above, as supervisors for Cisco's team, Iyer and Kompella subjected Complainant to offensive comments and other misconduct based on his caste, which includes his religion, ancestry, national origin/ethnicity, and race/color, so severe or pervasive that it created a hostile work environment. Among other things, Iyer and Kompella's comments and conduct include revealing Complainant's caste to his colleagues, disparaging him to the team, isolating him from the rest of the team, reducing his role to that of an independent contributor, giving him assignments that were impossible to complete under the circumstances, and requiring him to submit weekly status reports. Such a work environment where a stigmatizing personal characteristic such as caste is publicized and used to subjugate an individual in order to maintain a centuries-old hierarchy is hostile, intimidating, offensive, oppressive, and abusive. Other employees corroborated that Complainant was isolated from the rest of the team and that Iyer and Kompella were responsible for it. These were observations Cisco was made aware of during its internal investigations. As evidenced by Complainant's repeated internal complaints, he in fact considered the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

64.     As supervisors for Cisco, Iyer and Kompella subjected Complainant to offensive comments and other misconduct based on his caste, which includes his religion, ancestry, national origin/ethnicity, and race/color, so severe or pervasive that it created a hostile work environment.

Deleted: / / ¶ / / ¶
Deleted: All
Deleted: s
Deleted: DFEH
Deleted: Defendants
Deleted: Defendants
Deleted: *Dept. Fair Empl. & Hous*
Deleted: .

65.     Because Iyer and Kompella were supervisors within the meaning of the FEHA, Defendant Cisco is liable for their harassing conduct. Defendant Cisco knew or should have known of the conduct as a result of Complainant's internal complaints and is liable for its failure to take immediate and appropriate corrective action.

67.     As a direct result of these unlawful employment practices, Complainant suffered economic injuries including, but not limited to, lost wages and other compensation, in an amount to be proven at trial.

68.     As a direct result of these unlawful employment practices, Complainant suffered emotional distress including, but not limited to, emotional pain, suffering, mental anguish, humiliation, and hopelessness, in an amount to be proven at trial.

69.     Defendant Cisco's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Complainant and in conscious disregard of his rights.

70.     Defendant Cisco engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the unlawful employment discrimination described herein unless it is enjoined pursuant to the FEHA. Unless Defendant Cisco is enjoined from failing or refusing to comply with the mandates of the FEHA, Complainant and other persons' rights to seek or hold employment free of unlawful discrimination will continue to be violated.

71.     Plaintiff CRD lacks any plain, speedy, and adequate remedy at law to prevent such harm, injury, and loss that is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other injunctive relief as prayed for herein.

**THIRD CAUSE OF ACTION**
**Violation of FEHA: Retaliation**
**(Cal. Gov't Code, § 12940, subd. (h))**
**Against Defendant Cisco**

72.     The CRD incorporates and realleges all previous allegations as if fully set forth herein.

73.     California law also guarantees each employees' right to a workplace and business environment free from unlawful retaliation because the employee opposed discriminatory or

-13-

*Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
Civil Rights-First Amended Complaint

---

**Deleted:** Defendants Iyer and Kompella are individually liable for their own harassing conduct in violation of the FEHA.¶
66.

**Deleted:** Defendants

**Deleted:** DFEH

**Deleted:** ///¶
///¶
///¶

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1   harassing practices that are unlawful under the FEHA. Employers are liable for the retaliatory

2   conduct of supervisors. (Cal. Gov. Code, § 12940, subd. (h).)

3       74.   As alleged above, as supervisors for Cisco, Iyer and Kompella retaliated against

4   Complainant for opposing their discriminatory and harassing conduct by confronting Iyer and

5   filing internal discrimination complaints. Among other things, Complainant engaged in protected

6   activity by confronting Iyer about disclosing his caste to colleagues and by repeatedly trying to

7   bring the caste-based and related discrimination and harassment to Cisco's attention. Immediately

8   afterwards, Iyer and Kompella subjected Complainant to adverse employment actions including

9   reassigning his job duties, isolating him from colleagues, giving him assignments that were

10   impossible to complete under the circumstances, denying him work opportunities that could have

11   led to a raise, denying him a raise, and denying him promotions. Cisco aided the retaliation.

12       75.   As supervisors for Cisco, Iyer and Kompella retaliated against Complainant for

13   opposing their discriminatory and harassing conduct by confronting Iyer and filing internal

14   discrimination complaints and Cisco aided the retaliation.

15       76.   Defendant Cisco is liable for the retaliatory conduct of Iyer and Kompella.

16       77.   As a direct result of these unlawful employment practices, Complainant suffered

17   economic injuries including, but not limited to, lost wages and other compensation, in an amount

18   to be proven at trial.

19       78.    As a direct result of these unlawful employment practices, Complainant suffered

20   emotional distress including, but not limited to, emotional pain, suffering, mental anguish,

21   humiliation, and hopelessness, in an amount to be proven at trial.

22       79.   Defendant Cisco's actions were willful, malicious, fraudulent, and oppressive, and

23   were committed with the wrongful intent to injure Complainant and in conscious disregard of his

24   rights.

25       80.   Defendant Cisco engaged in, and by its refusal to comply with the law,

26   demonstrated it will continue to engage in, the unlawful employment discrimination described

27   herein unless it is enjoined pursuant to the FEHA. Unless Defendant Cisco is enjoined from failing

28

-14-

**Deleted:** Defendants

**Deleted:** Defendants

**Deleted:** Defendants

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1  or refusing to comply with the mandates of the FEHA, Complainant and other persons' rights to

2  seek or hold employment free of unlawful discrimination will continue to be violated.

3  81.    Plaintiff CRD lacks any plain, speedy, and adequate remedy at law to prevent such

4  harm, injury, and loss that is the subject of this complaint and will continue until this Court enjoins

5  the unlawful conduct and grants other injunctive relief as prayed for herein.

6  **FOURTH CAUSE OF ACTION**
**Violation of FEHA: Failure to Take All Reasonable Steps to Prevent Discrimination,**

7  **Harassment, and Retaliation**

8  **(Cal. Gov't Code, § 12940, subd. (k))**
**Against Defendant Cisco**

9  82.    The CRD incorporates and realleges all previous allegations as if fully set forth

10  herein.

11  83.    California Government Code section 12940(k) provides that it is an unlawful

12  employment practice for an employer to fail to take all reasonable steps necessary to prevent

13  discrimination, harassment, and retaliation from occurring. Employers have the affirmative duty to

14  take all reasonable steps to prevent and promptly correct discriminatory, harassing, and retaliatory

15  conduct. (Cal. Code Regs. tit. 2, § 11023, subd. (a).) Cisco's conduct, as described above,

16  constitutes a failure to take all reasonable steps necessary to prevent discrimination, harassment,

17  and retaliation in violation of California Government Code section 12940, subdivision (k).

18  ///

19  84.    An actionable claim for violation of California Government Code section 12940(k)

20  on behalf of a complainant exists when an underlying claim of discrimination, harassment, or

21  retaliation is established. (Cal. Code Regs. tit. 2, § 11023, subd. (a)(2).)

22  85.    As alleged above, Defendant Cisco failed to take all reasonable steps necessary to

23  prevent discrimination, harassment, and retaliation from occurring within its South Asian Indian

24  workforce. Among other things, Defendant Cisco failed to develop anti-discrimination and anti-

25  harassment policies and practices that recognize and prohibit caste discrimination as a form of

26  unlawful discrimination under state and federal law. Defendant Cisco also failed to provide

27  appropriate training to managers, supervisors employees, human resources, and employee relations

28

-15-
*Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
Civil Rights-First Amended Complaint

**Deleted:** DFEH

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

1  personnel on how to identify, investigate, remediate, and prevent caste-based discrimination and

2  harassment, or retaliation against employees or persons who oppose discriminatory and harassing

3  practices that are unlawful under the FEHA.

4      86.    Defendant Cisco failed to prevent discrimination and harassment by its managers

5  and supervisors against Complainant because of his caste.

6      87.    Defendant Cisco failed to prevent retaliation by its managers and supervisors

7  against Complainant because he opposed discriminatory and harassing practices that are unlawful

8  under the FEHA.

9      88.    As a direct result of Cisco's failures, Complainant was subjected to unlawful

10  discrimination, harassment, and retaliation by Cisco's managers and supervisors, suffering

11  economic injuries including, but not limited to, lost wages and other compensation, in an amount

12  to be proven at trial.

13      89.    As a direct result of Cisco's failures, Complainant was subjected to unlawful

14  discrimination, harassment, and retaliation by Cisco's managers and supervisors, suffering

15  emotional distress including, but not limited to, emotional pain, suffering, mental anguish,

16  humiliation, and hopelessness, in an amount to be proven at trial.

17      90.    Defendant Cisco' s actions were willful, malicious, fraudulent, and oppressive, and

18  were committed with the wrongful intent to injure Complainant and in conscious disregard of his

19  rights.

20      91.    Defendant Cisco engaged in, and by its refusal to comply with the law,

21  demonstrated it will continue to engage in, the unlawful employment discrimination described

22  herein unless it is enjoined pursuant to the FEHA. Unless Defendant Cisco is enjoined from failing

23  or refusing to comply with the mandates of the FEHA, Complainant and other persons' rights to

24  seek or hold employment free of unlawful discrimination will continue to be violated.

25      92.    Plaintiff CRD lacks any plain, speedy, and adequate remedy at law to prevent such

26  harm, injury, and loss that is the subject of this complaint and will continue until this Court enjoins

27  the unlawful conduct and grants other injunctive relief as prayed for herein.

28

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

93.     Plaintiff CRD also seeks monetary relief for Cisco's failure to take all reasonable

steps to prevent harassment from occurring.

**FIFTH CAUSE OF ACTION**
**Violation of FEHA: Failure to Take All Reasonable Steps to Prevent Discrimination,**
**Harassment,**
**and Retaliation**
**(Cal. Gov't Code, § 12940, subd. (k); Cal. Code Regs. tit. 2, § 11023, subd. (a)(3))**
**On behalf of CRD; Against Defendant Cisco**

94.     The CRD incorporates and realleges all previous allegations as if fully set forth

herein.

95.     In an exercise of the CRD's police powers, the CRD may independently seek

additional remedies for a violation of Cal. Gov't Code § 12940(k). (Cal. Code Regs. tit. 2,

§ 11023, subd. (a)(3).) As the agency of the State of California charged with the administration,

interpretation, investigation, and enforcement of FEHA, the CRD brings this claim in the name of

the CRD on behalf of all Indian persons who are or are perceived to be Dalit, of lower castes, or

who fall outside the caste system, who are employed by or may seek employment with Cisco in the

future.

96.     As alleged above, Defendant Cisco failed to take all reasonable steps necessary to

prevent discrimination, harassment, and retaliation from occurring within its South Asian Indian

workforce. Among other things, Defendant Cisco failed to develop anti-discrimination and anti-

harassment policies and practices that recognize and prohibit caste discrimination as a form of

unlawful discrimination under state and federal law. Defendant Cisco also failed to provide

appropriate training to managers, supervisors employees, human resources, and employee relations

personnel on how to identify, investigate, remediate, and prevent caste-based discrimination and

harassment, or retaliation against employees or persons who oppose discriminatory and harassing

practices that are unlawful under the FEHA.

97.     Cisco's failure to take any reasonable steps to prevent, deter, remedy, or monitor

casteism and related violations in its workforce exposes a significant portion of its South Asian

Indian workforce to the risk of discrimination, harassment, and retaliation on the basis of their

caste and related characteristics.

-17-

---

Deleted: DFEH

Deleted: DFEH
Deleted: DFEH

Deleted: DFEH
Deleted: DFEH

Deleted: DFEH
Deleted: DFEH

Deleted: *Dept. Fair Empl. & Hous*
Deleted: .

1    98.    Defendant Cisco engaged in, and by its refusal to comply with the law,

2  demonstrated it will continue to engage in, the unlawful employment discrimination described

3  herein unless it is enjoined pursuant to the FEHA. Unless Defendant Cisco is enjoined from failing

4  or refusing to comply with the mandates of the FEHA, Complainant and other persons' rights to

5  seek or hold employment free of unlawful discrimination will continue to be violated.

6    99.    Plaintiff CRD lacks any plain, speedy, and adequate remedy at law to prevent such

7  harm, injury, and loss that is the subject of this complaint and will continue until this Court enjoins

8  the unlawful conduct and grants other injunctive relief as prayed for herein.

9                                **PRAYER FOR RELIEF**

10  WHEREFORE, the CRD respectfully requests that this Court:

11    1.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants,

12  employees, attorneys, and all persons in active concert or participation with them, from engaging

13  in discrimination and harassment based on religion, ancestry, national origin/ethnicity, and

14  race/color.

15    2.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants,

16  employees, attorneys, and all persons in active concert or participation with them, from engaging

17  in retaliation.

18    3.     Order Defendants to institute and carry out policies, practices, and programs that

19  provide equal employment opportunities for individuals regardless of their religion, ancestry,

20  national origin/ethnicity, and race/color, and that eradicate the effects of their past and present

21  unlawful employment practices.

22    4.     Order Defendants to make Complainant whole, by providing appropriate backpay

23  with prejudgment interest, in amounts to be determined at trial, and other injunctive relief

24  necessary to eradicate the effects of Defendants' unlawful employment practices.

25    5.     Order Defendants to make Complainant whole, by providing compensation for past

26  and future pecuniary losses resulting from the unlawful employment practices described herein, in

27  amounts to be determined at trial.

28

-18-

Cal. Rights Department v. Cisco Systems, Inc., et al. (20CV372366)
Civil Rights-First Amended Complaint

**Deleted:** DFEH

**Deleted:** DFEH

**Deleted:** *Dept. Fair Empl. & Hous*

**Deleted:** .

6.     Order Defendants to make Complainant whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including losses such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

7.     Order Defendants to pay Complainant punitive damages for their malicious and/or reckless conduct described herein, in amounts to be determined at trial.

8.     Grant such further relief as the Court deems necessary and proper in the public interest.

9.     Award the CRD its costs of this action, including reasonable attorneys' fees, as provided by statute.

## JURY TRIAL DEMAND

The CRD requests a jury on all questions of fact raised by its complaint.

Dated: December 11, 2023              CALIFORNIA CIVIL RIGHTS DEPARTMENT

By: _____
Assistant Chief Counsel
Counsel for Plaintiffs

-19-
*Cal. Rights Department v. Cisco Systems, Inc., et al.* (20CV372366)
Civil Rights–First Amended Complaint