# Exhibit E

Case 2:22-cv-01656-DAD-JDP   Document 56-6   Filed 09/10/24   Page 2 of 8

on 11/28/2023 3:49 PM
Reviewed By: V. Wong
20CV372366
Santa Clara – Civil
Envelope: 13705467
Case #20CV372366

EFS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 335469 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Mackenzie Anderson | | |
| FIRM NAME: Civil Rights Department | | |
| STREET ADDRESS: 2218 Kausen Drive, Suite 100 | | |
| CITY: Elk Grove   STATE: CA   ZIP CODE: 95758 | | |
| TELEPHONE NO.: (916) 478-7251   FAX NO.: (888) 382-5293 | | |
| E-MAIL ADDRESS: Mackenzie.Anderson@calcivilrights.ca.gov | | |
| ATTORNEY FOR (name): Plaintiff Civil Rights Department | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Civil Rights Department
DEFENDANT/RESPONDENT: Cisco Systems, Inc.
OTHER:

| PROPOSED ORDER (COVER SHEET) | CASE NUMBER: 20CV372366 |
|---|---|
| | JUDICIAL OFFICER: Hon. Amber Rosen |
| | DEPT: 16 |

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:
   Civil Rights Department (formerly Department of Fair Employment and Housing)

2. Title of the proposed order:
   [Proposed] Order on Hindu American Foundation's Motion for Leave to Intervene

3. The proceeding to which the proposed order relates is:
   a. Description of proceeding: Hindu American Foundation's Motion for Leave to Intervene
   b. Date and time: November 16, 2023, at 9:00 a.m.
   c. Place: 191 North First Street
      San Jose, CA 95113

4. The proposed order was served on the other parties in the case.

Mackenzie Anderson
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

**EFS-020**

| CASE NAME: DFEH v. Cisco Systems, Inc., et al | CASE NUMBER: 20CV372366 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
*PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*
      2218 Kausen Drive, Suite 100, Elk Grove, CA 95758

   b. My electronic service address is *(specify):*

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*

   b. To *(electronic service address of person served):*

   c. On *(date):*

[x] Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

---

EFS-020 [Rev. February 1, 2017] | **PROPOSED ORDER (COVER SHEET)** **(Electronic Filing)** | Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

JAMIE CROOK (#245757)
Chief Counsel
RUMIE VUONG (#264392)
Assistant Chief Counsel
ROYA MASSOUMI (#242697)
Associate Chief Counsel
DYLAN COLBERT
Staff Counsel (#341424)
California Civil Rights Department
2218 Kausen Drive, Suite 100
Elk Grove, CA  95758
Telephone:     (916) 478-7251
Facsimile:     (888) 382-5293

Attorneys for Plaintiff
California Civil Rights Department
(Fee Exempt, Gov. Code, § 6103)

Filed
February 1, 2024
Clerk of the Court
Superior Court of CA
County of Santa Clara
20CV372366
By:  crubio

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., a California Corporation; SUNDAR IYER, an individual; RAMANA KOMPELLA, an individual,<br><br>Defendants. | Case No.: 20CV372366<br><br>[~~PROPOSED~~] ORDER ON HINDU AMERICAN FOUNDATION'S MOTION FOR LEAVE TO INTERVENE<br><br>Dept.:  16<br>Judge:  Hon. Amber Rosen<br><br>Complaint Filed:     October 16, 2020 |

1  The Hindu American Foundation's ("HAF") Motion for Leave to Intervene came on for
2  hearing before the Honorable Amber Rosen on November 16, 2023 at 9:00 a.m. in Department
3  16. The matter having been submitted, after full consideration of the authorities and evidence
4  submitted by each party in their papers and at the hearing, and the arguments made by the parties
5  in their papers and at the hearing, the Court makes the following ruling:

6  The Hindu American Foundation has filed a motion to intervene in the case. Plaintiff,
7  California Department of Fair Employment and Housing, now Civil Rights Department (CRD),
8  opposes the intervention.

9  Plaintiff's request for judicial notice is granted. Evid. Code § 452.

10  Mandatory intervention is available if a non-party can establish: (1) the non-party has "an
11  interest relating to the property or transaction that is the subject of the action," (2) that the
12  "disposition of the action may impair or impede [the non-party's] ability to protect that interest,"
13  and (3) the interest is not "adequately represented by one or more of the existing parties." (§ 387
14  subd. (d)(1)(B).) "These criteria are virtually identical to those for compulsory joinder of an
15  indispensable party." (*Carlsbad Police Officers Association v. City of Carlsbad* (2020) 49
16  Cal.App.5th 135, 148.) Section 387, subdivision (d)(2) provides for permissive intervention
17  where a nonparty timely applies and "(1) the intervenor has a direct and immediate interest in the
18  litigation, (2) the intervention will not enlarge the issues in the case, and (3) the reasons for
19  intervention outweigh opposition by the existing parties." (*Hinton v. Beck* (2009) 176
20  Cal.App.4th 1378, 1382–1383.)" If these factors are met, permissive intervention is still
21  discretionary.

22  For intervention as a right, the interest must be legally "protectable." (*Accurso*, 94
23  Cal.App.5th at 1145.) HAF's motion raises a free exercise claim under the First Amendment. To
24  establish a viable free exercise claim a plaintiff must show that a government action substantially
25  burdened or had a coercive effect on their practice of religion. (See *Harris v. McRae* (1980) 448
26  U.S. 297, 321 [organizational plaintiff must demonstrate coercive effect against the practice of
27  individual member's religions]; *Jones v. Williams* (9th Cir. 2015) 791 F.3d 1023, 1031–1032
28  [plaintiff must show that the government action in question substantially burdens the person's

-2-

*Cal. Dept. of Fair Emp. and Hous. v. Cisco Systems, Inc., et al.* (Case No. 20CV372366)
[Proposed] Order on HAF's Motion for Leave to Intervene

practice of their religion].)[1] "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." (*Jones*, 791 F.3d at 1031-1032.) HAF has not demonstrated a viable Free Exercise Clause claim as required for mandatory intervention. HAF's complaint does not allege any facts showing that CRD coerced anyone into doing something inimical to their religious convictions or otherwise prevented them from being able to practice their religion. Seeking to end caste-based discrimination at Cisco (the goal of CRD's enforcement action) would not prevent or burden Hindu Americans from practicing their religion. HAF's motion erroneously characterizes CRD's enforcement action as seeking to define Hinduism, but erroneously defining or characterizing a religion in a pleading does not have an unlawful coercive effect on an adherent's ability to practice their religion.

      HAF's proposed complaint also contains a cause of action under the Unruh Act. This cause of action is legally insufficient as Unruh "prohibits arbitrary discrimination in California business establishments on the basis of specified classifications." (*Harrison v. City of Rancho Mirage* (2015) 243 Cal.App.4th 162, 172.) Government entities are only liable under Unruh when they act as business establishments. (*Ibid.* at p. 175-76.) Here, HAF argues that CRD's actions are legislative in nature--the type of actions courts have found is not liable under Unruh. (See *ibid.* at p. 175.) HAF does not have a legal interest under Unruh as CRD is not acting as a business establishment.

      The lack of interest is sufficient to deny mandatory intervention. It should be noted that it does not appear that HAF can meet the second criteria for mandatory intervention either-that the disposition of the action may impair HAF's ability to protect the free exercise of Hinduism. The point of the lawsuit is to prevent discrimination at Cisco based on caste. It is hard to see how

---

[1] Due to the similarities between Code of Civil Procedure section 387 and Federal Rules of Civil Procedure Rule 24, it is proper for California courts to "take guidance from federal law" in interpreting section 387. (Accurso, supra, 94 Cal.App.5th at 1138.)

1  such a case, even though it wrongfully ascribes the caste system to Hinduism, would result in the
2  inability of Hindus to freely practice their religion. The Court does not find HAF's papers
3  persuasive on this point. For these reasons, HAF is not entitled to mandatory intervention.
4        In deciding whether to permit discretionary intervention, the court must first consider
5  whether the HAF has a direct and immediate interest in the litigation. For the reasons outlined
6  above, the answer to this is no. HAF does not have a legally protectable interest in the case. The
7  court must also consider whether the intervention will enlarge the issues in the case. The answer
8  is it would, as it would introduce issues of First Amendment law and the Unruh Civil Rights
9  Law, neither of which are at issue in the underlying action. Finally, the reasons for intervention
10  do not outweigh the opposition and therefore, the court denies the HAF's motion to intervene.
11  ~~Plaintiff shall prepare the final order.~~

DATED: **1/31/2024 6:02:43 PM**

HON. AMBER ROSEN
SANTA CLARA SUPERIOR COURT JUDGE

# PROOF OF SERVICE

I, Mackenzie Anderson, the undersigned, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758. My electronic service address is mackenzie.anderson@calcivilrights.ca.gov.

On the date below, I served the following document(s) via Electronic Service:

- **[PROPOSED] ORDER ON HINDU AMERICAN FOUNDATION'S MOTION FOR LEAVE TO INTERVENE**

In the case DFEH v. Cisco Systems, Inc. et al, Santa Clara County Superior Court Case No.: 20CV372366, to the person(s) listed below at the following e-mail address(es):

| | |
|---|---|
| Jamie Crook<br>Jamie.Crook@calcivilrights.ca.gov<br>Rumduol Vuong<br>rumduol.vuong@calcivilrights.ca.gov<br>Dylan Colbert<br>Dylan.colbert@calcivilrights.ca.gov<br>Roya Massoumi<br>Roya.Massoumi@CalCivilRights.ca.gov<br>Attorneys for Plaintiff<br>California Department of Fair Employment and Housing | Lynne C. Hermle<br>lchermle@orrick.com<br>Joseph C. Liburt<br>jliburt@orrick.com<br>Nicholas J. Horton<br>nhorton@orrick.com<br>Attorneys for Defendant Cisco Systems, Inc. |
| Timothy Travelstead<br>t.travelstead@narayantravelstead.com<br>Scott Ku<br>s.ku@narayantravelstead.com<br>Attorneys for Hindu American Foundation | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 21, 2023**, at Los Angeles, CA.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Mackenzie Anderson*
　　　　　　　　　　　　　　　　　　　　　　Mackenzie Anderson, Staff Counsel
　　　　　　　　　　　　　　　　　　　　　　Civil Rights Department (formerly DFEH)